FILED
Clerk
District Court

DEC – 5 2005

For The Northern Mariana Islands
By_____
(Deputy Clerk)

Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
## FOR THE
## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS AUGSTO SANTOS and NORMANDY SANTOS ) ) ) ) | CIVIL ACTION No. 05-  0042 |
| Plaintiffs ) ) | |
| v. ) | COMPLAINT |
| ) | |
| ANTONIO SABLAN, personally and in his official capacity, and RICHARD T. LIZAMA, personally and in his official capacity ) ) ) ) ) | |
| Defendants. ) ) | |

1.    The court has jurisdiction over this matter pursuant to 28 U.S.C.§ 1331 and 1343.

2.    Plaintiff Auto Marine, Inc., ("Auto Marine") is a corporation formed

1

under laws of the Commonwealth of the Northern Mariana Islands

("Commonwealth").

3. Plaintiffs Rolando Senoran ("Senoran"), Benjamin T.

Santos("Benjamin"), and Augusto Santos ("Augusto") and Normandy

Santos ("Normandy") are each citizens of the Philippines.

4. Defendant Antonio Sablan ("Sablan") is a CNMI citizen and resident.

5. Defendant Richard T. Lizama ("Lizama") is a CNMI citizen and

resident.

6. The Commonwealth ("CNMI") is the governmental entity established

pursuant to the Covenant to Establish a Commonwealth of the

Northern Mariana Islands In Political Union With The United States

of America ("Covenant").

7. Pursuant to the Covenant, the United States immigration laws do not

apply except for a few provisions relating to citizenship by birth and

citizenship arising from the implementation of the Covenant.

8. As a result of the Covenant provision relating to immigration, the

Commonwealth possesses its own control over the immigration of

aliens.

9. This local control over the immigration of aliens has resulted in the

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

2

Commonwealth establishing a system which allows employers to hire aliens to work within the Commonwealth.

10.    The Division of Immigration Services ("DIS")  is an agency or instrumentality of the Commonwealth government.

11.    DIS is responsible for the supervision, administration and enforcement of  the Commonwealth's immigration laws.

12.    Sablan, at all times relevant herein was and is the Acting Director of DIS.

13.    Sablan, as Acting Director of DIS, possesses the responsibility of supervising, administrating and enforcing the Commonwealth's immigration laws.

14.    Lizama is employed with DIS as an Immigration Investigator.

15.    Lizama, assists Sablan in the enforcement of the Commonwealth's immigration laws.

16.     Sablan, as Acting Director of DIS, possesses the authority and responsibility of supervising Lizama actions regarding immigration matters.

17.    Sablan, as Acting Director of DIS, possesses the authority and responsibility of training Lizama in connection with Lizama's

3

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

performance of his duties.

18. Auto Marine operates a business which engages in water sport activities which include but are not limited to parasailing, banana boat rides, scuba diving, and transporting passengers.

19. Senoran is currently employed by Auto Marine and has been employed with Auto Marine since 2002.

20. Senoran has been employed by Auto Marine as a Diving Manager since 2003.

21. In July, 2002 Senoran was licensed by the United States Coast Guard ("USCG") as a U.S. Merchant Marine Officer.

22. The expiration of Senoran's USCG license is July 17, 2007.

23. Senoran's USCG license, at all times relevant herein, was and is valid

24. Senoran's license from the USCG allowed him to operate uninspected undocumented passenger vessels as defined in 46 U.S.C. § 2101(42) upon coastal waters.

25. A copy of Senoran's USCG license is attached hereto as Exhibit 1.

26. Benjamin is currently employed by Auto Marine and has been employed by Auto Marine since 1999.

27. Each employment contract between Benjamin and Auto Marine was

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lam's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

4

approved by the Commonwealth Director of Labor as required by

Commonwealth law.

28.  At all times relevant herein, the employment contract between

Benjamin and Auto Marine expressly allowed Benjamin Santos  to

operate or drive a boat or boats and vehicles as necessary.

29.  Augusto is currently employed by Auto Marine and has been

employed by Auto Marine since2004.

30.  Each employment contract between Augusto Santos and Auto Marine

was approved by the Commonwealth Director of Labor as required by

Commonwealth law.

31.  At all times relevant herein, the employment contract between

Augusto Santos and Auto Marine expressly allowed Augusto Santos

to operate or drive a boat or boats as necessary.

32.  Normandy Santos is currently employed by Auto Marine and has

been employed by Auto Marine since 2001.

33.  Each employment contract between Benjamin Santos and Auto

Marine was approved by the Commonwealth Director of Labor as

required by Commonwealth law.

34.  On or about February 14, 2005, Senoran, Benjamn, Augusto  and

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lum's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

Normandy were arrested for allegedly violating Commonwealth law by operating a boat owned by Auto Marine.

35.     Senoran, Benjamin, Augusto and Normandy were arrested for allegedly violating 3 CMC § 4434(e)(1) which provides that:

> [t]he Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator.

36.     At the time of his arrest, Senoran was employed by Auto Marine as a Diving Manager.

37.     At the time of his arrest, Benjamin was employed by Auto Marine as a Manager.

38.     At the time of his arrest, Augusto was employed by Auto Marine as a helper mechanic.

39.     At the time of his arrest, Normandy was employed by Auto Marine as a Water Transportation Engineer.

40.     Deportation proceedings have been instituted against Senoran, Benjamin, Augusto, and Normandy on the basis of the alleged violation of 3 CMC § 4434(e)(1).

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

41.   Additionally, on September 6, 2005 criminal charges were instituted

against Auto Marine's president, Adonis Santos, for employing

aliens, i.e., Senoran, Benjamin, Augusto, and Normandy, that between

on or about January 3, 2005 to February 14, 2005 when they did not

have "lawful documentation and authority to be so employed."

42.   A copy of the criminal information is attached hereto as Exhibit 2.

43.   At all times between January 3, 2005 and February 14, 2005,

Senoran, Benjamin, Augusto, and Normandy possessed valid

employment contracts with Auto Marine approved by the

Commonwealth Director of Labor.

44.   At all times between January 3, 2005 and February 14, 2005, the job

classifications held by Senoran, Benjamin, Augusto, and Normandy

in the employment contracts approved by the Director of Labor were

not prohibited job classifications under 3 CMC § 4434(e)(1).

45.   Although criminal charges were brought against Adonis, he was not

arrested.

46.   The Commonwealth obtained a penal summons instead of an arrest

warrant for his appearance.

47.   At all times relevant herein, Senoran, Benjamin, Augusto and

7

1    Normady were lawfully in the Commonwealth

2

3

4    **FIRST CLAIM FOR RELIEF**

5    48.    Auto Marine realleges and incorporates ¶¶ 1 - 47 of this complaint.

6    49.    The arrests of Senoran, Benjamin, Augusto and Normady and the

7
     criminal charges brought against Adonis has disrupted Auto Marine's
8
9    business and has caused it to suffer harm and injury.

10   50.    3 CMC § 4434(e)(1) purportedly prohibits  Senoran, Benjamin,

11
12   Augusto and Normady from being employed in certain job
13
     classifications simply because they are aliens.
14
15   51.    3 CMC § 4434(e)(1) deprives Auto Marine and its employees,

16   Senoran, Benjamin, Augusto and Normady, of equal protection of the
17
     law in that it restricts employment of persons solely on the basis of
18
19   alienage.

20   52.    There is not any compelling reason or compelling justification for
21
22   precluding aliens from being employed in any of the job
23   classifications identified in  3 CMC § 4434(e)(1).

24   53.    3 CMC § 4434(e)(1) is unenforceable on its face as it violates the
25
26   equal protection clause of the 14th Amendment of the United States

27                                          8
28

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

Constitution.

54.    3 CMC § 4434(e)(1) is unenforceable as it violates the equal protection clause of the 14th Amendment of the United States Constitution as interpreted and applied against Auto Marine employees.

## SECOND CLAIM FOR RELIEF

55.    Auto Marine, Senoran, Benjamin, Augusto, and Normandy each realleges and incorporates ¶¶ 1 - 53 of this complaint.

56.    At all times relevant herein Sablan was acting under color of Commonwealth law.

57.    At all times relevant herein, DIS had a policy, custom, pattern and practice of arresting and seeking deportation of aliens who were lawfully in the Commonwealth and lawfully employed in the Commonwealth but who allegedly were (1) operating a boat as part of their employment or (2) operating a motor vehicle as part of their employment ("DIS Policy").

58.    Sablan authorized, condoned, and acquiesced in this DIS policy.

59.    The DIS policy authorized, condoned, and acquiesced in by Sablan

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

ignores, disregards or otherwise tramples upon the equal protection rights and liberty interests of Auto Marine, Senoran, Benjamin, Augusto, and Normandy.

60. Auto Marine, Senoran, Benjamin, Augusto, and Normandy each possessed a right to be free from discrimination in employment based solely on alienage in absence of a compelling state interest.

61. Sablan knew or should have known that the DIS policy was discriminatory and in violation of the equal protection clause of the 14th Amendment.

62. Sablan knew or should have known that enforcing the DIS Policy would cause harm and injury to alien employees lawfully with in the Commonwealth as well as the employers of aliens lawfully allowed to work in the Commonwealth.

63. Enforcement of the DIS Policy against Auto Marine and its alien employees has caused and continues to cause Auto Marine to suffer injury and damage.

64. Enforcement of the DIS Policy against Senoran has caused and continues to cause Senoran to suffer injury and damage.

65. Enforcement of the DIS Policy against Benjamin has caused and

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802 Fax No: (670) 235-4801

continues to cause Benjamin to suffer injury and damage.

66. Enforcement of the DIS Policy against Augusto has caused and continues to cause Augusto to suffer injury and damage.

67. Enforcement of the DIS Policy against Normandy has caused and continues to cause Normandy to suffer injury and damage.

68. The damages and injuries suffered by Auto Marine, Senoran, Benjamin, Augusto, and Normandy, individually, as a direct and proximate result of Sablan's acts, actions and omission in connection with the DIS Policy are recoverable pursuant to 42 U.S.C. § 1983.

69. Sablan's acts, actions, and omissions in connection with the DIS Policy were willful, intentional, or in reckless disregard for the equal protection rights of Auto Marine, Senoran, Benjamin, Augusto, and Normandy thereby entitling each plaintiff to punitive damages.

**THIRD CLAIM FOR RELIEF**

70. Auto Marine, Senoran, Benjamin, Augusto, and Normandy each hereby alleges and incorporates ¶¶ 1- 69.

71. At all times relevant herein, Lizama was acting under color of

11

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

Commonwealth law.

72. Lizama authorized, condoned, and acquiesced in this DIS policy.

73. The DIS policy authorized, condoned, and acquiesced in by Lizama ignores, disregards or otherwise tramples upon the equal protection rights and liberty interests of Auto Marine, Senoran, Benjamin, Augusto, and Normandy.

74. Auto Marine, Senoran, Benjamin, Augusto, and Normandy each possessed a right to be free from discrimination in employment based solely on alienage in absence of a compelling state interest.

75. Lizama knew or should have known that the DIS policy was discriminatory and in violation of the equal protection clause of the 14th Amendment.

76. Lizama knew or should have known that enforcing the DIS Policy would cause harm and injury to alien employees lawfully with in the Commonwealth as well as the employers of aliens lawfully allowed to work in the Commonwealth.

77. Lizama's conduct of enforcing the DIS Policy against Auto Marine and its alien employees has caused and continues to cause Auto Marine to suffer injury and damage.

12

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2ⁿᵈ Floor Lum's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

78.   Lizama's enforcement of the DIS Policy against Senoran has caused and continues to cause Senoran to suffer injury and damage.

79.   Lizama's enforcement of the DIS Policy against Benjamin has caused and continues to cause Benjamin to suffer injury and damage

80.   Lizama's enforcement of the DIS Policy against Augusto has caused and continues to cause Augusto to suffer injury and damage

81.   Lizama's enforcement of the DIS Policy against Normandy has caused and continues to cause Normandy to suffer injury and damage

82.   The damages and injuries suffered by Auto Marine, Senoran, Benjamin, Augusto, and Normandy, individually, as a direct and proximate result of Lizama's enforcement of the DIS Policy are recoverable pursuant to 42 U.S.C. § 1983.

83.   Lizama's acts, actions, and omissions in connection with the DIS Policy were willful, intentional, or in reckless disregard for the 14th Amendment equal protection rights of Auto Marine, Senoran, Benjamin, Augusto, and Normandy thereby entitling each plaintiff to punitive damages.

# FOURTH CLAIM FOR RELIEF

84.   Auto Marine hereby alleges and incorporates paragraphs 1- 83 of this complaint.

85.   Lizama, at all times relevant herein, was acting under color of Commonwealth law.

86.   Lizama, together with others unknown, conspired between and among themselves to directly or indirectly use Lizama's position with DIS to disrupt Auto Marine's business.

87.   As part of this conspiracy, Lizama would target Auto Marine's alien employees and bring or cause deportation and/or criminal proceedings being brought against Auto Marine's president as well as its alien employees.

88.   In furtherance of this conspiracy, Lizama committed overt acts which include but are not limited to:

    A.   Arresting Senoran

    B.   Arresting Benjamin

    C.   Arresting Augusto

    D.   Arresting Normandy,

    E.   Causing the institution of deportation

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

14

proceedings against Senoran;

F.  Causing the institution of deportation

proceedings against Benjamin;

G.  Causing the institution of deportation proceeding

against Augusto;

H.  Causing the institution of deportation

proceedings against Normandy; and

I.  Causing the institution of criminal prosecution

against Adonis.

88.  The above acts resulted in Auto Marine, Senoran, Benjamin, Augusto,

and Normandy being deprived of equal protection of the law in

violation of the 14th Amendment and the denial of equal privileges

and immunities.

89.  Auto Marine, Senoran, Benjamin, Augusto, and Normandy would not

have been subject to such deprivation of equal protection, equal

privileges and immunities, unreasonable seizure and deprivation of

property interests except for the fact that Adonis, Senoran, Benjamin,

Augusto, and Normandy were each aliens within the Commonwealth

employed by Auto Marine.

15

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

90. The conspiracy between Lizama and others unknown violated's Auto Marine's, Senoran's, Benjamin's, Augusto's, and Normandy's rights secured by 42 U.S.C. § 1985(3).

91. The conspiracy has caused and continues to cause Auto Marine, Senoran, Benjamin, Augusto, and Normandy to suffer injury and damage.

92. Lizama's acts and conduct in connection with the conspiracy and the violation of plaintiffs right to equal protection, and right to equal privileges and immunities were willful, deliberate, and intentional thereby entitling Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally, to punitive damages.

**FIFTH CLAIM FOR RELIEF**

93. At all times relevant herein, Lizama acted under color of Commonwealth law.

94. The forth amendment to the United States Constitution prohibits unreasonable seizure of a person.

95. Lizama omitted material information in submitting his declaration of the arrest warrants for Senoran, Benjamin, Augusto and Normandy.

16

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

96. If Lizama had included the material information he omitted, his declaration would not have established probable cause for issuance of a warrant for the arrest of Senoran, Benjamin, and Augusto.

97. The omitted information includes but is not limited to the following:

    A. Advising that Senoran possessed a USCG license which allowed him to operate boats owed by Auto Marine;

    B. Benjamin's employment contract as approved by the Director of Labor allowed him to operate or drive a boat;

    C. Augusto's employment contract as approved by the Director of Labor allowed him to operate or drive a boat and vehicles as necessary;

    D. Respondent did not make any effort to ascertain or determine the identity of any person who allegedly was a passenger on any boat claimed to have been driven or operated by Senoran, Benjamin, Augusto, or Normandy.

    E. In not ascertaining the identity of any alleged

17

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

passenger, Lizama did not know and had no way

of knowing whether such person was, in fact, a

tourist.

F.     Upon information and belief, he had ulterior

motives in seeking the arrest warrants for

Senoran, Benjamin, Augusto and Normandy.

98.  Omitting material information from each arrest warrant render the

seizure of Senoran, Benjamin, Augusto and Normandy unreasonable

and a violation of the Fourth Amendment.

99.  The unreasonable seizure of has caused and continues to cause Auto

Marine, Senoran, Benjamin, Augusto and Normandy to suffer injury

and damage

100.  The damages and injuries suffered by Auto Marine, Senoran,

Benjamin, Augusto, and Normandy, individually,  as  a direct and

proximate result of the unreasonable seizures resulting

from Lizama omitting material information are recoverable  pursuant

to 42 U.S.C. § 1983.

101.  Lizama's acts, actions, and omissions in connection with the issuancE

of the arrest warrants were willful, intentional, or in reckless

18

disregard for the 4th Amendment rights of Auto Marine, Senoran, Benjamin, Augusto, and Normandy thereby entitling each plaintiff to punitive damages.

## PRAYER OF RELIEF

Wherefore, plaintiffs pray for relief as follows:

### FIRST CLAIM FOR RELIEF

1.    Declaratory relief in favor of Auto Marine declaring 3 CMC § 4434(e)(1) unconstitutional and unenforceable.

2.    Injunctive relief enjoining Sablan, in his official capacity, from enforcing 3 CMC § 4434(e)(1)

3.    Cost of suit including reasonable attorneys fees; and

4.    Such other and further relief as the court deems just and proper.


### SECOND CLAIM FOR RELIEF

1.    Compensatory damages in an amount to be proved at trial against Sablan, personally, in favor of Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally;

2.    Punitive Damages of at least $50,000.00 each Auto Marine, Senoran,

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

Benjamin, Augusto, and Normandy against Sablan, personally;

3.    Cost of suit including reasonable attorneys fees; and

4.    Such other and further relief as the court deems just and proper.

### THIRD CLAIM FOR RELIEF

1.    Compensatory damages in an amount to be proved at trial against

Lizama, personally, in favor of Auto Marine, Senoran, Benjamin,

Augusto, and Normandy, severally;

2.    Punitive Damages of at least $50,000.00 each for Auto Marine,

Senoran, Benjamin, Augusto, and Normandy against Lizama,

personally;

3.    Cost of suit including reasonable attorneys fees; and

4.    Such other and further relief as the court deems just and proper.

### FOURTH CLAIM FOR RELIEF

1.    Compensatory damages in an amount to be proved at trial against

Sablan, personally, in favor of Auto Marine, Senoran, Benjamin,

Augusto, and Normandy, severally;

2.    Punitive Damages of at least $50,000.00 each for Auto Marine,

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No. (670) 235-4802  Fax No. (670) 235-4801

20

Senoran, Benjamin, Augusto, and Normandy against Sablan, personally;

3.    Cost of suit including reasonable attorneys fees; and

4.    Such other and further relief as the court deems just and proper.


FIFTH CLAIM FOR RELIEF

1.    Compensatory damages in an amount to be proved at trial against Lizama, personally, in favor of Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally;

2.    Punitive Damages of at least $50,000.00 each for Auto Marine, Senoran, Benjamin, Augusto, and Normandy against Lizama, personally;

3.    Cost of suit including reasonable attorneys fees; and

4.    Such other and further relief as the court deems just and proper.


Law Office of G. Anthony Long

By:

G. Anthony Long


21

# EXHIBIT 1

DEPT. OF TRANSP. U.S. COAST GUARD, CG-2849 (REV. 6-01)

SERIAL NUMBER
1 001 826

ISSUE NUMBER 3

# UNITED STATES COAST GUARD

# U.S. MERCHANT MARINE OFFICER



**LICENSE**

*This is to certify that*

*** **ROLAND ELVIS ALVARAN SENORAN** ***

*having been duly examined and found competent by the undersigned is licensed to serve*
*for the term of five years from the below issue date as:*

OPERATOR OF UNINSPECTED UNDOCUMENTED PASSENGER VESSELS AS DEFINED IN 46 U.S.C.
2101 (42) UPON NEAR COASTAL WATERS. **(SEE REVERSE)**

*Given under my hand this* 17TH *day of* July   2002 .

ISSUE PORT: HONOLULU, HI
EXPIRATION DATE: JULY 17, 2007

_____
G. E. JOY, JR., ASIP, BY DIRECTION
OFFICER IN CHARGE, MARINE INSPECTION

# EXHIBIT 2

IAN M. CATLETT, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL, Criminal Division
Commonwealth Of The No. Mariana Islands
Susupe, Saipan, MP 96950
Telephone (670) 664-2367\2368\2365
Fax (670) 234-7016
Attorneys for the Plaintiff

## IN THE SUPERIOR COURT
## FOR THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

COMMONWEALTH OF THE          )      CRIMINAL CASE NO. 05- *0283E*
NORTHERN MARIANA ISLANDS,    )      AGIU Case No. 05-0084
             Plaintiff,   )
                      )
   vs.                       )      **INFORMATION**
                      )
ADONIS SANTOS                )
D.O.B.  10/29/63             )
           Defendant,_____)

## COUNT I: <u>EMPLOYMENT OF ILLEGAL ALIENS</u>

On or about January 3, 2005 to February 14, 2005, on Saipan, Commonwealth of the Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien, Rolando Senoran, within the Commonwealth, while knowing that the alien does not have lawful documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made punishable by 3 CMC § 4361.

## COUNT II: <u>EMPLOYMENT OF ILLEGAL ALIENS</u>

On or about January 3, 2005 to February 14, 2005, on Saipan, Commonwealth of the Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien, Augusto Santos, within the Commonwealth, while knowing that the alien does not have lawful documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made punishable by 3 CMC § 4361.

**COUNT III: <u>EMPLOYMENT OF ILLEGAL ALIENS</u>**

On or about January 3, 2005, to February 14, 2005, on Saipan, Commonwealth of the Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien, Normandy Santos, within the Commonwealth, while knowing that the alien does not have lawful documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made punishable by 3 CMC § 4361.

**COUNT IV: <u>EMPLOYMENT OF ILLEGAL ALIENS</u>**

On or about January 3, 2005, to February 14, 2005, on Saipan, Commonwealth of the Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien, Benjamin Santos, within the Commonwealth, while knowing that the alien does not have lawful documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made punishable by 3 CMC § 4361.

Dated this _____ day of September, 2005.

RESPECTFULLY SUBMITTED,

OFFICE OF THE ATTORNEY GENERAL
PAMELA BROWN, ATTORNEY GENERAL

By: _____
        IAN M. CATLETT
        Assistant Attorney General
        Attorney for the Plaintiff

2