Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Plaintiffs

IN THE UNITED STATES DISTRICT COURT
FOR THE
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS AUGSTO SANTOS and NORMANDY SANTOS<br><br>Plaintiffs<br><br>v.<br><br>MEL GREY, personally and in his official capacity, and RICHARD T. LIZAMA, personally and in his official capacity<br><br>Defendants. | CIVIL ACTION No. 05-0042<br><br>PLAINTIFFS MEMORANDUM OPPOSING DISMISSAL OF THE FIRST, SECOND AND THIRD CLAIMS FOR RELIEF<br><br>Date: May 11, 2006<br>Time: 9:00 a.m. |

**I.   DEFENDANTS MOTION ON THE FIRST CLAIM FOR RELIEF IS ONE FOR SUMMARY JUDGMENT NOT FOR DISMISSAL**

A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Bureerong v. Uvawas*, 922 F.Supp. 1450,

1462 (C.D.Cal. 1996). A Rule 12(b)(6) dismissal is proper only where there is a "lack of a cognizable legal theory" *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988) or where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle plaintiff to relief. *Yamaguchi v. Department of the Air Force*, 109 F.3d 1475, 1480 (9th Cir.1997); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In ruling on a Rule 12 (b)(6) motion, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir.1996).

In his dismissal motion, defendant Gray is not claiming the first claim does not allege a claim for relief or that an affirmative defense bars the claim. Instead, he contends that Auto Marine has not met its burden of proving that 3 CMC § 4434(e)(1) violates equal protection[1]. *See* Moving Memo at 4 - 7. This assertion

---

[1] Section 4434(e)(1) provides that:

The Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator.

concedes that the first claim alleges a claim for relief, but that Gray can proffer a rational basis for § 4434(e)(1). Gray, therefore, is not seeking dismissal of the first claim for relief, but instead is seeking summary judgment. *See Sagana,* 834 F.3d at 742[The Commonwealth entitled to summary judgment because plaintiff " has not carried his burden to show that the NWA is not closely related to the CNMI's important government goals."]. *Squaw Valley Development Co. v. Goldberg*, 375 F.3d 936, 945 - 946 (9th Cir. 2004)[Recognizing that in an equal protection lawsuit, when defendant articulates a rational basis, the plaintiff has the burden of showing the proffered articulation is pretextual]. *In re Lara*, 731 F.2d 1455, 1460 (9th Cir. 1984)[ To successfully challenge a legislative classification under the rational basis test, a party must **prove** that the facts on which the legislature may have relied in shaping the classification could not reasonably be conceived to be true by the governmental decisionmaker]. To address the motion in this case, Auto Marine must produce evidence to overcome the alleged rational basis for § 4434(e)(1). *Id.* This makes the motion one for summary judgment and not a Rule 12 dismissal. *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir 1982). If this court intends to treat defendants Rule 12 motion as one for summary judgment, then Auto Marine must be given advance notice as well as a reasonable opportunity to submit evidence in opposition to the summary judgment. *Id.*

## II. DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT ON THE FIRST CLAIM FOR RELIEF AS A MATTER OF LAW

The complaint does not seek to declare the entire Non-resident Workers Act ("NWA") unconstitutional. Instead, it challenges the constitutionality of a specific statute under the NWA. As held by *Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004):

> [i]n holding that the NWA as a whole passes both rational basis review and intermediate scrutiny, we take no position on whether individual sections of the NWA would satisfy a more focused Equal Protection challenge. **Our decision does not foreclose the possibility that discrete elements of the CNMI's temporary worker program could violate the equal protection rights of nonresident workers**.

384 F.3d at 741 - 742(emphasis added). The first claim for relief alleges that § 4434(e)(1) violates equal protection. Defendant Gray, in his official capacity, seeks to defeat this claim on grounds that the constitutionality of § 4434(e)(1) must be analyzed by the rational basis test. Auto Marine disputes application of the rational basis test.

*Sirilan v. Castro*, 1 C.R. 1082(D.N.M.I. App. Div 1984) holds that the immediate level of review applies to the Commonwealth's immigration powers. *Id* at 1118 - 1119, 1125, and 1130. *Chun Nam Kin v. Government of the Northern*

Page 4 of 11

*Mariana Islands,* 1989 WL 311391 at 4 (D.N.Mar.I. 1989), relying on *Sirilan,* applied the intermediate level of review. *Tran v. Commonwealth of Northern Mariana Islands* 780 F.Supp. 709 (D.N.M.I. 1991) and *Yang v. American Intern. Knitters Corporation*, 789 F.Supp. 1074, 1077 (D.N.M.I. 1992) declined to decide whether intermediate scrutiny or rational basis constituted the applicable analysis for a NWA statute. In *Sagana* the Ninth Circuit noted that this court had previously applied the intermediate level of scrutiny in connection with the review of specific statutes under the NWA but that rational basis was applied to Sagana's challenge to the entire NWA. 384 F.3d at 714. The Ninth Circuit held it was not necessary to decide which of the two contended levels applied because the outcome would be the same under either analysis. *Id.* 384 F.3d at 714. Since *Sagana* did not decide the applicable level of judicial scrutiny, it is an open issue as to the level of scrutiny applicable to statutes passed under the NWA. *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir.1985) [Questions not specifically ruled on are not of any precedential value or controlling authority]; *Sorenson v. Mink*, 239 F.3d 1140, 1143 (9th Cir. 2001)(same). Auto Marine contends strict scrutiny applies.

Grey asserts that rational basis applies because the Commonwealth, like the federal government, controls its own immigration. Moving Memo at 1- 7. *Sagana*

Page 5 of 11

precludes this argument. Although *Sagana* did not decide what level of scrutiny applied to the NWA, *Sagana* **does** expressly hold that "the Fourteenth Amendment applies to the CNMI 'as if the Northern Mariana Islands were one of the several states.'" 384 F.3d at 740. *See also Basiente v. Glickman*, 242 F.3d 1137, 1143 - 1144 (9th Cir. 2001). Indeed, even the Commonwealth Supreme Court recognizes that "[t]he Government of the Northern Mariana Islands is to be considered a State government for the purpose of applying the Equal Protection Clause." *Commonwealth of Northern Mariana Islands v. Attao*, 2005 MP 8 at n.9, 2005 WL 3776312 at 4 n. 9 (2005). This means the equal protection clause of the 14th Amendment applies to the Commonwealth as if it were a State, and not as if the Commonwealth was the federal government.

It is settled law that, when a state statute involves a classification such as alienage, the statute is subject to strict scrutiny. *Graham v. Richardson*, 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971). Accordingly, a state statute which discriminates in employment based on alienage violates equal protection if it does not satisfy the strict scrutiny analysis. *Bernal v. Fainter*, 467 U.S. 216, 104 S.Ct. 2312, 81 L.Ed.2d 175 (1984)[ state law denying alien the right to become a notary public struck down under strict scrutiny equal protection analysis]; *Examining Board v. Flores de Otero*, 426 U.S. 572, 96 S.Ct. 2264, 49

L.Ed.2d 65 (1976)[ Puerto Rico statute that only permitted United States citizens to practice privately as civil engineers unconstitutional pursuant to strict scrutiny ]; *Sugarman v. Dougall*, 413 U.S. 634, 93 S. Ct. 2842, 37 L.Ed.2d 853 (1973)[State law barring aliens from permanent positions in state civil service violates equal protection clause of 14th Amendment as it does not satisfy strict scrutiny]; *In Re Griffins*, 413 U.S. 717, 93 S. Ct. 2851, 37 L.Ed.2d 910 (1973)[State rule precluding resident aliens from being admitted to State Bar stricken as rule did not satisfy strict scrutiny]. To withstand strict scrutiny a statute must meet a two prong test which is 1) the statute must serve a compelling state interest and 2) it must be precisely tailored to serve the compelling interest. *Pyler v. DOE*, 457 U.S. 202, 216, 217, 102 S.Ct. 2382, 2394, 2395, 72 L.Ed.2d 786 (1982). The "precisely tailored" requirement means that the method used to further the compelling state interest is the least restrictive way of doing so. *Goehring v. Brophy*, 94 F.3d 1294 (9th Cir. 1996).

Section 4434(e)(1) bars employment in a particular job based solely on alienage. *Sagana* mandates applying the 14th Amendment to the Commonwealth as if it were as State. This means strict scrutiny applies to Commonwealth statutes, such as § 4434(e)(1), which discriminate on the basis of alienage. Defendants have not and can not identify any compelling governmental reason

justifying § 4434(e)(1).

If, for some reason, this Court determines that strict scrutiny does not apply, then it should follow *Sirilan* and apply the intermediate level of scrutiny. Section 4434(e)(1) can not survive the intermediate level of scrutiny. *See Truax v. Raich*, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915)[Invalidating, on equal protection grounds, a state law requiring companies to employ 80% United States citizens]. Lastly, even if the rational basis test applies, summary judgment is not proper as Grey does not shown how § 4434(e)(1) is rationally related to a legitimate governmental function. Reliance on *Sagana* is insufficient. *Sagana* concerns the NWA as a whole and it acknowledges that its ruling on the NWA as a whole does not preclude a determination that particular provisions of the NWA violating equal protection. 384 F.3d at 741 - 742.

## II.     THE SECOND CLAIM FOR RELIEF IS ADEQUATE

The equal protection guarantee protects not only groups, but individuals who would constitute a "class of one." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Thus, when state action does not implicate a fundamental right or a suspect classification, a plaintiff can establish a "class of one" equal protection claim by demonstrating that it "has been

intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id*, 528 U.S. at 564, 120 S.Ct. 1073. Even more so, the 9th Circuit recognizes that an equal protection claim can be premised on selective enforcement of valid laws, if a plaintiff can show that the defendants' basis for selectively enforcing the law is a pretext for personal animosity, or to drive a company out of business or for some other arbitrary or improper basis. *Squaw Valley Development Co.*, 375 F.3d at 944 - 947. *See Patel v. Penman*, 103 F.3d 868, 876 (9th Cir. 1996)[If the local government was in fact using its code enforcement process not to enforce compliance with the codes but rather to drive certain company's out of business, then the alleged basis for code-enforcement the would be the type of pretextual rationale supporting an equal-protection violation].

Auto Marine adequately alleges a claim for relief in the second claim for relief.

### III. DISMISSAL OF THE THIRD CLAIM FOR RELIEF ON GROUNDS OF QUALIFIED IMMUNITY IS IMPROPER[2]

A defendant is entitled to a Rule 12 dismissal of a claim on the basis of

qualified immunity only if the complaint fails to allege a violation of a clearly established law. *Butler v. San Diego Dist. Attorney's Office*, 370 F.3d 956, 964 (9th Cir. 2004). If the complaint alleges the violation of a clearly established law, then dismissal is improper and the issue of qualified immunity is determined on summary judgment after plaintiff has had the opportunity to conduct discovery. *Id.*

For the law to be clearly established, it is not necessary that the specific wrong at issue has been previously declared unconstitutional or unlawful. *Newell*, 79 F.3d at 117 (9th Cir.1996). Specific precedent is not required in order for a law to be deemed clearly established. *Chew v. Gates*, 27 F.3d 1432, 1447 (9th Cir.1994). Likewise, the absence of precedent addressing an identical factual scenario does not mean that the right is not clearly established. *Id.* However, the unlawfulness of the action in question must be apparent in light of some pre-existing law. *Mendoza v. Block*, 27 F.3d 1357, 1361-62 (9th Cir.1994). *See Gorromeo v. Zachares*, No. CV-99-00018-ARM, Order (D.N.M.I. 2000 ) aff'd 2001 WL 884711(2001).

In this case, the third claim for relief alleges discrimination on the basis of alienage. *See* Complaint at ¶¶ 70 - 83. Prior to 2005, the law was clearly established that a state law discriminating in the area of employment on the basis of alienage violated equal protection. *Bernal, supra; Flores de Otero, supra;*

*Sugarman, supra*; *In Re Griffins, supra*. Also, prior to 2005, it was settled that the 14th Amendment applies to the Commonwealth like it does to the States. *Sagana* 384 F.3d at 740. Even more so, it has previously been held that CNMI labor or immigration statutes are subject to the 14th Amendment equal protection clause. *Sagana, supra*; *Yang*, 789 F.Supp. at 1075-1079. The third claim for relief, therefore, alleges the violation of a clearly established right.

## CONCLUSION

The first and second claims allege a claim for relief and are not subject to dismissal pursuant to Rule 12. The third claim for relief alleges the violation of a clearly established right, discrimination on the basis of alienage, and is not subject to dismissal on the basis of qualified immunity.

Law Office of G. Anthony Long

By: _____
G. Anthony Long