SENT BY: U.S. DISTRICT COURT ; 2-2-0 ; 3:38PM ; (670) 236-2910→ ANTHONY LONG;# 1/15



FAX IN
2/2/00

F I L E D
Clerk
District Court

FEB 02 2000

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

ARIEL GORROMEO,

    Plaintiff

v.

MARK D. ZACHARES and ROBERT GOLDBERG, in their personal capacities only,

    Defendants

Civil Action No. 99-0018

**ORDER DENYING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS OR, IN THE ALTERNATIVE, DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**
and
**DECLARING 3 N.MAR.I. CODE §§ 4381(a), 4381(d), and 4442 UNCONSTITUTIONAL**

AO 72
(Rev. 8/82)

THIS MATTER came before the court on December 23, 1999, for hearing of defendants' first amended motion for judgment on the pleadings or, in the alternative, for summary judgment. Plaintiff appeared by and through his attorney, G. Anthony Long; Commonwealth Assistant Attorney General Robert Goldberg appeared on behalf of himself and defendant Zachares.

THE COURT, having considered the written and oral arguments of counsel, as well as the supplemental submissions requested by the court, rules as follows:

Legal Standard

Defendants moved for Fed.R.Civ.P. 12(c) judgment on the pleadings on three grounds: 1) absolute immunity, 2) qualified immunity, and 3) plaintiff's failure to allege "individual capacity" liability against the defendants.

Rule 12(c) permits a party to move for judgment on the pleadings once the pleadings are closed. Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law. *See* Hal Roach Studios v. Richard Feiner and Co., 896 F.2d 1542, 1550 (9th Cir. 1990). For purposes of the motion, the allegations of the non-moving party must be accepted as true. *Id.* Defendants are not entitled to judgment on the pleadings if the complaint raises issues of fact which, if proved, would support recovery. General Conference Corp. of

AO 72
(Rev. 8/82)

*Seventh-Day Adventists v. Seventh-Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir. 1989). If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment. Fed.R.Civ.P. 12(c).

Absolute Immunity

Defendants in this 42 U.S.C. § 1983 lawsuit first argue that they are entitled to absolute immunity because Zachares as Secretary of Labor and Immigration and Goldberg as an Assistant Attorney General assigned to Labor and Immigration are the chief prosecutor and an assistant prosecutor, respectively, for Commonwealth immigration and labor matters.[1] Defendants have maintained in their filings and at oral argument that during the entire time of the alleged deprivation of plaintiff's constitutional rights they both acted only as "immigration prosecutors." *See e.g.* Defendants' "Notice and Motion to Dismiss," pp. 1, 5 (May 17, 1999). Defendants argue that they are cloaked with absolute immunity whether their role in arresting and seeking to have plaintiff deported is characterized as a criminal prosecution or a civil deportation proceeding. *See* Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 990-996

---

[1] By virtue of §§ 503(a) and 506 of the "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America," P.L. 94-241, 90 Stat. 263 (Mar. 24, 1976), the Commonwealth controls almost all aspects of its immigration.

AO 72
(Rev. 8/82)

(1976) (defendant prosecutor has absolute immunity in action brought pursuant to 42 U.S.C. § 1983); Butz v. Economou, 438 U.S. 520, 98 S.Ct. 2894, 2915-2916 (1978) (federal agency officials performing certain functions analogous to those of a judge or prosecutor have absolute immunity).

The recognition of immunity defenses under the civil rights statutes is a matter of federal law. Howlett v. Rose, 496 U.S. 356, 110 S.Ct. 2430 (1990). Although the civil rights statutes do not expressly provide for any immunities, the United States Supreme Court has held that the civil rights statutes do not abrogate common law immunities. See Imbler, 96 S.Ct. at 991-992; Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092, 1095-96 (1986). The principles of immunity are the same regardless of whether the action involves state or federal officials. See e.g. Graham v. Connor, 490 U.S. 386, 394 n.9 (1989); Malley v. Briggs, 106 S.Ct. at 1095; Supreme Court of Virginia v. Consumers Union of the United States, Inc., 446 U.S. 719, 100 S.Ct. 1967 (1980) (state legislators enjoy common law immunity from liability for their legislative acts, which immunity is similar in origin and rationale to that accorded Congressmen).

The Supreme Court has mandated a "functional approach" to resolving questions of immunity. Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Cleavinger v. Saxner, 474 U.S. 193, 106 S.Ct. 496 (1985). Under this approach, immunity depends upon the nature of the official's responsibilities and not on the official's rank, title, or location within the government. Butz v. Economou, 98 S.Ct.

AO 72
(Rev. 8/82)

at 2913. Therefore, an executive official who normally possesses only qualified immunity may have absolute immunity when performing judicial or quasi-judicial functions, while a prosecutor who normally has absolute immunity may have only qualified immunity when performing an executive function. *See* Imbler, Harlow, *supra*; Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108 (1983) (although police officers are normally afforded only qualified immunity, the Court recognized that at common law witnesses had absolute immunity from damages in civil cases; accordingly, police officers committing perjury when testifying as witnesses have absolute immunity from civil damages, but may still face criminal prosecution).

However, prosecutors do not have absolute liability when they perform non-prosecutorial functions. A prosecutor's absolute immunity from damages exists only when the prosecutor is acting as an advocate for the state. Imbler, *supra*. "Advocacy" is the key to determining the presence or absence of absolute immunity because advocacy is the prosecutor's main function. Snell v. Tunnell, 920 F.2d 673, 686-687 (10th Cir. 1990), *cert. denied*, Swepston v. Snell, 499 U.S. 976, 111 S.Ct. 1622 (1991).

The bounds of a prosecutor's absolute immunity are determined on a case-by-case basis. Marx v. Gumbinner, 855 F.2d 783, 789 (11th Cir. 1988). The key question is the nature of the party's responsibilities. Butz v. Economou, 98 S.Ct. at 2915. Generally, absolute immunity does not apply when a prosecutor is acting as an investigator rather than an advocate. Gabbert v. Conn, 131 F.3d 793, 800 (9th Cir.

AO 72
(Rev. 8/82)

1997), *rev'd on other grounds*, 119 S.Ct. 1692 (1999); Gobel v. Maricopa Co., 867 F.2d 1201, 1203-1204 (9th Cir. 1989). Absolute immunity for a prosecutor has been found not to apply when prosecutors have assisted police in preparing for and participating in a raid or by using a wiretap to obtain evidence. *See e.g.* Jacobson v. Rose, 592 F.2d 515, 524 (9th Cir. 1978), *cert. denied*, 442 U.S. 930, 99 S.Ct. 2861 (1979). There is no absolute immunity for advising police officers. Burns v. Reed, 500 U.S. 479, 111 S.Ct. 1934, 1942-1945 (1991). One court has held that if a constitutional wrong based on a prosecutor's acts is complete before the prosecution begins, the prosecutor should not be protected by absolute immunity. Buckley v. Fitzsimmons, 919 F.2d 1230, 1241-1242 (7th Cir. 1990) ("If the immunity flows from the initiation or prosecution of the case, then the prosecutor is immune[.] If...a constitutional wrong is complete before the case begins, then the prosecutor should be treated as a police detective would be in like circumstances: qualified rather than absolute immunity.").

Here, plaintiff's complaint alleges claims for relief against defendants based not on their roles as prosecutors but, rather, in their roles as advisors to immigration officers, as supervisors, as administrators, as policy implementers, as investigators, and for directing that an unconstitutional warrantless search and arrest of plaintiff be made. *See* Complaint, ¶¶ 12-45. A review of the allegations in the complaint persuades the court that defendants have not at this time met their burden of showing that they are entitled to absolute immunity. Burns v. Reed, 111 S.Ct. at 1939 (official

AO 72
(Rev. 8/82)

seeking absolute immunity bears burden of showing that such immunity is justified for the function in question). Accordingly, judgment on the pleadings on grounds of defendants' absolute immunity is denied.

Qualified Immunity

Defendants will still be entitled to qualified immunity if they can show that their "conduct [did] not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). That is, "the contours of the right must [have been] sufficiently clear that a reasonable official would understand that what he [was] doing violate[d] the right." Anderson v. Creighton, 483 U.S. 635, 640, 107 S.Ct. 3034, 3039 (1987); California Attorneys for Criminal Justice v. Butts, 195 F.3d 1039, 1047 (9th Cir. 1999), *as amended on denial of rehearing and rehearing en banc*, (9th Cir. Jan. 8, 2000). In regards to a warrantless search, the officer's subjective beliefs as to the law's constitutionality is irrelevant and specific binding precedent is not required to show that a right is clearly established for qualified immunity purposes. Calabretta v. Floyd, 189 F.3d 808, 813 (9th Cir. 1999) ("Any government official can be held to know that their office does not give them an unrestricted right to enter peoples' homes at will. * * * The principle that government officials cannot coerce entry into peoples' houses without a search warrant or applicability of an established exception to the

7

requirement of a search warrant is so well established that any reasonable officer would know it."). The Ninth Circuit has phrased the enquiry this way: (1) Was the law governing the official's conduct clearly established? (2) Under that law, could a reasonable official have believed the conduct was lawful? Act Up!/Portland v. Bagley, 988 F.2d 868, 871-872 (9th Cir. 1993).

The Fourth Amendment to the United States Constitution provides in full:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Article I, section 3 of the Commonwealth Constitution provides protections at least as broad as those guaranteed by the United States Constitution:

> Searches and Seizures. The right of the people to be secure in their persons, houses, papers, and belongings against unreasonable searches and seizures shall not be violated.
>
> (a) No warrants shall issue except upon probable cause supported by oath or affirmation and particularly describing the place to be searched and the persons or things to be seized.
>
> (b) No wiretapping, electronic eavesdropping or other comparable means of surveillance shall be used except pursuant to a warrant.
>
> (c) A person adversely affected by an illegal search or seizure has a cause of action against the government within the limits provided by law.

Generally, defendants argue that they were acting in accordance with Commonwealth law at all times. Specifically, they rely on the provisions of Title 3

AO 72
(Rev. 8/82)

Northern Marianas Code §§ 4381(a), 4381(d), and 4382(b). Section 4381, <u>Detection of Illegal Aliens</u>, subsection (a), <u>Interrogation Power</u>, provides that:

> Any officer of the immigration office shall have power without warrant to interrogate any alien or person believed to be an alien as to his right to be or remain in the Commonwealth. An interrogation conducted pursuant to this section shall be brief, shall be restricted to the subject of the person's right to be or remain in the Commonwealth, and shall not constitute an arrest. The person interrogated may refuse to answer; however, the officer may take such refusal into account when determining whether to make an arrest pursuant to 3 [N.Mar.I. Code] § 4382(b).

Subsection (d), <u>Warrantless Searches of Places Where Nonresident Workers are Employed</u>, provides in full:

> Any officer of the immigration office shall have the same powers of search and entry granted to the Chief of Labor or his designee under 3

AO 72
(Rev. 8/82)

[N.Mar.I. Code] § 4442,[2] except that such powers shall be exercised solely to enforce the immigration laws of the Commonwealth. As a condition of and in consideration of any approval to employ nonresident workers, any employer is deemed to agree to entry and search pursuant to this section.

Section 4382, <u>Apprehension of Illegal Aliens</u>, subsection (b), <u>Warrantless Arrests</u>, provides that:

> An officer of the immigration office may arrest any person, without a warrant, provided that:
>
> (1) The officer has probable cause to believe that the person is an alien, and is in the Commonwealth in violation of any law or regulation made pursuant to law regulating the admission, exclusion, or expulsion of aliens; and
>
> (2) The officer reasonably believes that the person is likely to escape before a warrant can be obtained for his arrest.

---

[2] 3 N.Mar.I. Code § 4442 provides in full:

<u>Enforcement Authority to Enter</u>. In order to enforce the labor laws of the Commonwealth, the chief or his designee may enter and search any worksite where nonresident workers are employed, or any nonresident worker employer-provided facility; provided only, that if the search is of a residential facility, only those rooms or portions of the facility where the nonresident workers are actually residing may be searched. Such entry and search may be at any time work is in progress, or any other reasonable time, and may be for general inspection purposes or in furtherance of a specific investigation. As a condition of and in consideration of any approval to employ nonresident workers pursuant to this chapter, any employer is deemed to agree to entry and search pursuant to this section, and no warrant shall be required. Refusal to permit such entry, or refusal to allow a search, or deliberate obstruction of an entry or search, shall be in a (*sic*) violation of this chapter, and may result in sanctions against the employer and/or the revocation of the nonresident worker's work certificate.

AO 72
(Rev. 8/82)

An officer of the immigration office may also arrest, without a warrant, any person who (sic) he observes in the act of entering the Commonwealth unlawfully, or attempting to enter the Commonwealth unlawfully.[3]

---

[3] By way of comparison with federal law, Title 8 United States Code § 1357, <u>Powers of immigration officers and employees</u>, provides in relevant part:

(a) <u>Powers without warrant</u>. Any officer of employee of the [Immigration and Naturalization] Service authorized under regulations prescribed by the Attorney General shall have power without a warrant—
    (1) to interrogate any alien or person believed to be an alien as to his right to be or to remain in the United States;
    (2) to arrest any alien who in his presence or view is entering or attempting to enter the United States in violation of any law or regulation made in pursuance of law regulating the admission, exclusion, expulsion, or removal of aliens, or to arrest any alien in the United States if he has reason to believe that the alien so arrested is in the United States in violation of any such law or regulation and is likely to escape before a warrant can be obtained for his arrest, but the alien arrested shall be taken without unnecessary delay for examination before an officer of the Service having authority to examine aliens as to their right to enter or remain in the United States;
    (3) within a reasonable distance from any external boundary of the United States...to have access to private lands, but not dwellings, for the purpose of patrolling the border to prevent the illegal entry of aliens into the United States;
    (4) to make arrests for felonies which have been committed and which are cognizable under any law of the United States regulating the admission, exclusion, expulsion, or removal of aliens, if he has reason to believe that the person so arrested is guilty of such felony and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest, but the person arrested shall be taken without unnecessary delay before the nearest

(continued...)

AO 72
(Rev. 8/82)

Title 3 N.Mar.I. Code § 4382(c) requires that any person arrested without a warrant must be brought before a judge of the Commonwealth Superior Court no later than 48 hours after his or her arrest.

The court's qualified immunity enquiry is as stated above: (1) Was the law governing defendants' conduct clearly established?, and (2) under that law, could a reasonable official have believed the conduct was lawful? Act Up!/Portland v. Bagley, 988 F.2d at 871-872. Before addressing these two questions, the court must determine if a plaintiff has alleged the deprivation of a constitutional right. Wilson v.

---

[3](...continued)
      available officer empowered to commit persons charged with offense against the laws of the United States; and,
      (5) to make arrests —
      (A) for any offense against the United States, if the offense is committed in the officer's or employee's presence, or
      (B) for any felony cognizable under the laws of the United States, if the officer or employee has reasonable grounds to believe that the person to be arrested has committed or is committing such felony,
if the officer or employee is performing duties relating to the enforcement of the immigration laws at the time of the arrest and if there is a likelihood of the person escaping before a warrant can be obtained for his arrest.

      \*   \*   \*

(c) <u>Search without a warrant</u>. Any officer or employee of the Service authorized and designated under regulations prescribed by the Attorney General, whether individually or as one of a class, shall have power to conduct a search, without a warrant, of the person, and of the personal effects in the possession of any person seeking admission to the United States, concerning whom such officer or employee may have reasonable cause to suspect that grounds for denial of admission to the United States under this Act would be disclosed by such search.

12

Layne, 526 U.S. ___, 119 S.Ct. 1692, 1696-1697, *quoting* Conn v. Gabbert, 526 U.S. ___, 119 S.Ct. 1292, 1295 (1999). Plaintiff in his compliant has clearly alleged a violation of his constitutional rights to be free of warrantless search and warrantless arrest.

Defendants rely exclusively on the Commonwealth statutes identified above and argue essentially that they are entitled to qualified immunity based on their adherence to existing Commonwealth law. This argument does not carry the day:

> This court has held that, when a public official acts in reliance on a duly enacted statute, that official ordinarily is entitled to qualified immunity. *See Grossman v. City of Portland*, 33 F.3d 1200, 1210 (9th Cir. 1994) (holding that "an officer who reasonably relies on the legislature's determination that a statute is constitutional should be shielded from personal liability.") The existence of an authorizing statute is not dispositive, however. Qualified immunity does not extend to a public official who enforces a statute that is "patently violative of fundamental constitutional principles." *Id.* at 1209.

Dittman v. California, 191 F.3d 1020, 1027 (9th Cir. 1999).

Fourth Amendment law is clearly established that warrantless searches and arrests are prohibited except in narrowly-defined circumstances. The court on a motion for judgment on the pleadings must draw all reasonable inferences in favor of plaintiff as non-movant. *See* Hal Roach Studios, *supra*. Plaintiff has adequately alleged violation of his Fourth Amendment rights. Genuine issues of material fact remain regarding plaintiff's allegations of the events surrounding his search, arrest, and detention and defendants' respective roles in developing, supervising, and

13

AO 72
(Rev. 8/82)

implementing policies which led to those events, and any other alleged action by defendants which led to this lawsuit.[4]

Because defendants have raised the issue of qualified immunity at this early stage of the proceedings, the court must address their alleged conduct in light of Harlow and Anderson, *supra*. The court finds that no reasonable official—and particularly no attorney—could have believed that 3 N.Mar.I. Code §§ 4381(a), 4381(d), and 4442 are constitutional. These statutes establish as the law of the Commonwealth the wholesale disregard of rights explicitly guaranteed by both the United States Constitution and the Constitution of the Commonwealth of the Northern Mariana Islands. Sections 4381(a) and 4381(d), though generally mimicking their federal immigration statute counterparts, are vague, lack explicit probable cause,[5] reasonableness, and exigent circumstances protections (the latter in regards to the threat of escape prior to obtaining a warrant), and lack the time and geography limits found in the federal statutes. Section 4442 purportedly creates a third-party derived "implied consent to search" which is wholly outside the bounds of both the United States and Commonwealth Constitutions. The Commonwealth's zeal to retain

---

[4] Defendants' alternative motion for summary judgment is thus also denied.

[5] For example, 8 C.F.R. § 287.8(b)(2) requires that, before briefly detaining and questioning a person, a U.S. Immigration officer must have "a reasonable suspicion, based on specific articulable facts" that the person to be questioned is an alien illegally in the United States.

AO 72
(Rev. 8/82)

control of its own immigration cannot be the basis for a disregard of fundamental constitutional principles. Accordingly, 3 N.Mar.I. Code §§ 4381(a), 4381(d), and 4442 are declared unconstitutional and defendants have no basis on which to assert qualified immunity in reliance on these statutes.

"Individual Capacity" Liability

For the reasons stated above and accepting as true the allegations of the non-moving party, defendants' motion for judgment on the pleadings for plaintiff's alleged failure to plead "individual capacity" liability is also denied. A fair reading of the complaint makes it clear that plaintiff seeks to impose personal liability on defendants Zachares and Goldberg for the alleged violations of his constitutional rights.

Defendants' motion for judgment on the pleadings or, alternatively, for summary judgment, is denied.

IT IS SO ORDERED.

DATED this 2nd day of February, 2000.

                                        *Alex R. Munson*
                                        ALEX R. MUNSON
                                                 Judge

AO 72
(Rev. 8/82)