Kristin St. Peter
Assistant Attorney General
Office of the Attorney General-Civil Division
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 664-2341
Fax: 664-2349
Attorney for Defendants

FILED
Clerk
District Court

APR 2 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS, AUGUSTO SANTOS and NORMANDY SANTOS<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO SABLAN, MEL GREY in his official capacity as Acting Director of Immigration, and RICHARD T. LIZAMA, personally and in his official capacity<br><br>Defendants. | CIVIL ACTION NO. 05-0042<br><br>**REPLY TO PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTIONS TO DISMISS**<br><br>Date: MAY 1 1 2006<br>Time: 9:00 a.m.<br>Judge: Hon. Alex R. Munson |

NOW COMES defendant Richard T. Lizama, personally and in his official capacity as an Immigration Inspector, Antonio Sablan in his personal capacity and Mel Grey in his official capacity as Acting Director of Immigration to reply to plaintiffs' opposition to their Motions to Dismiss.

FRCP 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief can be granted. On a motion to dismiss, the complaint is construed in favor of the plaintiff, but the court should not assume that "the [plaintiff] can prove facts which [he or she] has not alleged, or that the defendants have violated the…laws in ways that have not been alleged." *Associated*

*General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983).

I. <u>Plaintiffs' First Claim for Relief, for Declaratory and Injunctive Relief, Must be Dismissed as it Fails to State a Claim for which Relief may be Granted</u>

Plaintiffs begin their opposition to the instant motion by challenging the right of the defendants to bring a motion to dismiss the First Claim for Relief, seeking to invalidate 3 N. MAR I. CODE § 4434(e)(1)(which essentially prevents non-resident workers from working in a number of job categories). Specifically, they argue that a motion to dismiss is inappropriate and that a motion for summary judgment is necessary instead. Plaintiffs' then assert, against all reason and against all the relevant case law, that the Court should apply strict scrutiny to the law in question. Both of these arguments are meritless, but the reasons why are better understood by considering the second argument first.

A. *Plaintiffs Apply the Wrong Standard of Review*

The plaintiffs' first claim for relief is clearly based on the assumption that the Court would apply strict scrutiny. Plaintiffs argue that 3 N. MAR I. CODE § 4434(e)(1) lacks "any compelling reason or compelling justification." Complaint at ¶ 51. This is a classic formulation of the strict scrutiny standard, s*ee e.g., Grutter v. Bollinger*, 539 U.S. 306, 326, 123 S. Ct. 2325, 2337-2338, 156 L. Ed. 2d 304 (2003), and plaintiffs argue that it should apply here. In support of this argument they cite some of the voluminous case law applying strict scrutiny to state laws that discriminate based on alienage. However, they ignore the most relevant case law, that dealing specifically with CNMI immigration. This Court has already considered "whether the CNMI should be treated as a State when it comes to matters of immigration." *Sagana v. Tenorio*, Civ. Act. 01-0003 "Order Denying Plaintiff's Motion for Summary Judgment and Dismissing Case with Prejudice" at page 10 (April 9, 2003). The Court concluded: "Clearly it should not." *Id.* The reason for this treatment was clear, the

Commonwealth occupies the same position as the federal government with respect to immigration and the federal government, through Congress, "has plenary power to regulate immigration and naturalization." *Id* at 9.  Treating the CNMI as a state in analyzing its immigration laws makes no sense, because, unlike a state, the CNMI is allowed to *have* immigration laws.

That the CNMI is treated differently than the states is clear from all the applicable case law.  There is no decision in any Federal or Commonwealth court at any level that applies strict scrutiny to CNMI immigration law.  A couple of older cases apply intermediate scrutiny.[1]  More recently, this Court applied rational basis scrutiny.  *Id* at 17.  The Ninth Circuit has as yet declined to decide which of these two standards apply.  *Sagana v. Tenorio*, 384 F.3d 731, 741 (9th Cir. 2004).[2]  If intermediate scrutiny applies, a well-pled complaint seeking to attack a CNMI immigration law must allege that the law discriminates on the basis of alienage and that it is not "substantially related to an important government objective." *Clark v. Jeter*, 486 U.S. 456, 461, 108 S. Ct. 1910, 1914 (1988).  If rational basis scrutiny applies, such a complaint must allege that the law is not rationally related to "some legitimate governmental purpose." *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 367, 121 S. Ct. 955, 964 (2001).  Plaintiffs have done neither.  Instead they have alleged that the law in question lacks "compelling reason or compelling justification."  Complaint at ¶ 52.  Even if this were proven, it would not entitle plaintiffs to relief because they have no right to be free from such laws.  Therefore, the plaintiffs have failed to "state a claim upon which relief can be granted," Fed R. Civ. Pro. 12(b)(6), and the claim should be dismissed.

---

[1] *Kin v. Mariana Islands,* 1989 WL 311391, 3 N. Mar. I. Commw. Rptr. 608, 612 (D.N. Mar. I.1989) and *Yang v. Amer. Int'l Knitters Corp.,* 789 F.Supp. 1074, 1078 (D.N.M.I.1992)

[2] Plaintiffs argue that this reluctance on the part of Ninth Circuit to choose between intermediate and rational basis scrutiny somehow means that strict scrutiny is still on the table.  This argument is nonsensical.  While the Ninth Circuit has never said that strict scrutiny does not apply, it could not have upheld a law under intermediate scrutiny, as it did in *Sagana,* unless it had already concluded that strict scrutiny did not apply.

B.   *The Motion is a Proper Motion to Dismiss*

Plaintiffs argue that the motion to dismiss the first claim for relief should be treated as a motion for summary judgment because the motion was essentially an argument that the defendants could provide a rational basis for the statute. As such, plaintiffs argue, the defendants would have to present evidence or other affidavits to prove this point, making a motion to dismiss inappropriate and instead requiring a motion for summary judgment. There is probably some truth to this characterization of the pleading. However, the basic point made both in that motion and this reply is that plaintiffs have simply not alleged any violation of the right to equal protection under the proper standard. Of course, plaintiffs could easily amend their complaint, using the proper legal language this time, so the Court might be tempted to allow them to skip this step and get on to the merits. Defendants hope the Court will not do this for two reasons.

First, dismissing the case will force plaintiffs to go back, review both the statute and the case law, and determine whether they really can, in good faith, argue that the law in question is not substantially related to an important government interest. As agents of the Commonwealth government charged with carrying-out policies central to the economic future of the Commonwealth, the defendants believe they are entitled to that much. Second, the Court's decision on the motion to dismiss could be used to set the parameters for a motion for summary judgment that might well follow an amended complaint, especially in regards to the standard of review to be used. In sum, plaintiffs' first claim for relief, even if proven, can not be granted and it should be dismissed.

II.   Plaintiffs' Second Claim for Relief Must be Dismissed

Plaintiffs' "Second Claim for Relief" alleges a claim under 42 U.S.C. § 1983 against Mr. Grey in his official capacity as Acting Director of Immigration and against Mr. Sablan in his personal capacity. Defendants pointed-out that, "Neither the [Commonwealth] nor its

officers acting in their official capacity can be sued under § 1983." *De Nieva v. Reyes*, 966 F. 2d 480, 483 (9th Cir. 1992). Therefore, defendants argued that plaintiffs had failed to state a claim under § 1983 for which relief may be granted against Mr. Grey in his official capacity. Plaintiffs apparently agree, as they did not address this argument in their opposition.

However, plaintiffs do argue that they are entitled to maintain their "Second Claim for Relief" against Mr. Sablan in his personal capacity. They correctly note that they can establish an equal protection claim, even for a "class of one," if they can show that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S. Ct. 1073, 1074 (2000). Defendants agree that plaintiffs could make out an equal protection claim against Mr. Sablan, if they had made that allegation, but plaintiffs have not made that allegation. All they have alleged is that they were discriminated against based on alienage "in absence of a compelling state interest." Complaint at ¶ 60. This is insufficient because plaintiffs do not possess the right not be discriminated against because of alienage absent a compelling state interest.[3] Therefore, plaintiffs have again failed to make a claim for which relief can be granted. As such, the claim should be dismissed.

III.   <u>Plaintiffs' Third Claim for Relief Must be Dismissed</u>

Plaintiffs' third claim for relief is for violation of their right to equal protection, made enforceable under 42 U.S.C. § 1983. The allegations are similar to those in the second claim for relief except that they are directed at Mr. Lizama in both his official and personal capacities. As was noted above, a § 1983 claim against Mr. Lizama in his official capacity is barred and must be dismissed. In addition, the third claim for relief suffers the same basic deficiency as the

---

[3] Plaintiffs would have the right not be discriminated against absent some compelling state interest if the discrimination were based on some suspect classification, but alienage is not a suspect classification where immigration law is concerned. Defendants pointed this out in their motions and plaintiffs offer no response in the opposition.

second. It alleges that plaintiffs were discriminated against based on alienage "in the absence of a compelling state interest." Complaint at ¶ 74. As plaintiffs have no right against such discrimination, they have not made out a claim upon which relief can be granted and the claim should be dismissed.

IV.   Mr. Sablan and Mr. Lizama are Protected by Qualified Immunity against the Second and Third Claims for Relief

Mr. Sablan and Mr. Lizama, in their individual motions to dismiss, both asserted their right to qualified immunity against the second and third claims for relief respectively. They are entitled to qualified immunity for two reasons. First, plaintiffs have not established any violation of their rights because they have not alleged that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," *Thornton v. City of St. Helens*, 425 F. 3d 1158, 1167 (9th Cir. 2005), as is required under rational basis scrutiny. They also have not alleged that Mr. Lizama's actions were "not closely related to...important governmental goals...," *Sagana*, 384 F.3d at 741, as required under intermediate scrutiny.

Second, even if plaintiffs had properly pled a violation of their rights, they have not shown that the right they seek to enforce was clearly established. A right is clearly established, "when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Camarillo v. McCarthy*, 998 F. 2d 638, 640 (9th Cir. 1993), *citing, Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039, 97 L. Ed. 2d 523 (1987) (internal quotation marks omitted). In this case, Mr. Sablan and Mr. Lizama simply enforced a clear provision of a law that had been recently upheld by the Ninth Circuit. *See Sagana*, 384 F.3d at 740-742. Against this clear indication that the provision in question here did not violate equal protection, plaintiffs can only point feebly to the general proposition that states may not discriminate on the basis of alienage without a compelling reason. Of course,

none of that case law applies to the Commonwealth. Therefore, even if the Court concludes that a right was violated here, that right was not clearly established. Mr. Sablan and Mr. Lizama are entitled to qualified immunity in their personal capacity against the second and third claims for relief and those claims should be dismissed.

V.      Plaintiffs' Fourth Claim for Relief alleging § 1985(3) Conspiracy is Improperly Pled

Plaintiffs' fourth claim for relief arises under 42 U.S.C. § 1985(3), which allows a claim "against those who *conspire* to obstruct justice, or to deprive any person of equal protection or the privileges and immunities provided by the Constitution." *Jaco v. Bloechle*, 739 F. 2d 239, 245 (6th Cir. 1984) (emphasis in original). As Mr. Lizama noted in his motion, to properly plead such a claim, a plaintiff must allege a violation of some right protected by 42 U.S.C. § 1983. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"). A plaintiff must also allege, "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action..." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S. Ct. 753, 758 (1993) (citation and internal quotation marks omitted). Mr. Lizama argued that plaintiffs alleged neither violation of a protected right nor the necessary animus. Apparently plaintiffs agree, as they made no effort to defend their fourth claim for relief in their opposition. This claim is improperly pled and should be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiffs' First, Second, Third and Fourth Claims for Relief should be dismissed for failure to state a claim upon which relief may be granted.

Date: April 26, 2006.

Respectfully submitted,
OFFICE OF THE ATTORNEY GENERAL

By: /s/ *signature* for
Kristin St. Peter
Assistant Attorney General