Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Plaintiffs

FILED
Clerk
District Court

MAY 0 3 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE**
**THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS AUGSTO SANTOS and NORMANDY SANTOS<br><br>Plaintiffs<br><br>v.<br><br>ANTONIO SABLAN, personally, RICHARD T. LIZAMA, personally and in his official capacity, and MEL GREY in his official capacity<br><br>Defendants. | ) CIVIL ACTION No. 05-0042<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) AMENDED COMPLAINT<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

1.    The court has jurisdiction over this matter pursuant to 28 U.S.C.§

1331 and 1343.

2.    Plaintiff Auto Marine, Inc., ("Auto Marine") is a corporation formed

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

under laws of the Commonwealth of the Northern Mariana Islands ("Commonwealth").

3. Plaintiffs Rolando Senoran ("Senoran"), Benjamin T. Santos("Benjamin"), and Augusto Santos ("Augusto") and Normandy Santos ("Normandy") are each citizens of the Philippines.

4. The Commonwealth ("CNMI") is the governmental entity established pursuant to the Covenant to Establish a Commonwealth of the Northern Mariana Islands In Political Union With The United States of America ("Covenant").

5. The Division of Immigration Services ("DIS") is an agency or instrumentality of the Commonwealth government.

6. Defendant Mel Grey is currently the Director of DIS.

7. Defendant Antonio Sablan ("Sablan") is a CNMI citizen and resident.

8. Defendant Richard T. Lizama ("Lizama") is a CNMI citizen and resident.

9. Pursuant to the Covenant, the United States immigration laws do not apply except for a few provisions relating to citizenship by birth and citizenship arising from the implementation of the Covenant.

10. As a result of the Covenant provision relating to immigration, the

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

2

Commonwealth possesses its own control over the immigration of aliens.

11. This local control over the immigration of aliens has resulted in the Commonwealth establishing a system which allows employers to hire aliens to work within the Commonwealth.

12. At all times relevant herein, Plaintiffs Senoran, Benjamin, Augusto and Normandy were lawfully present in the Commonwealth.

13. At all times relevant herein, Plaintiffs Senoran, Benjamin, Augusto and Normandy were lawfully employed with Auto Marine pursuant to an employment contract approved by the Commonwealth's Director of Labor.

14. DIS is responsible for the supervision, administration and enforcement of the Commonwealth's immigration laws.

15. Sablan, at all times relevant herein was the Acting Director of DIS.

16. Sablan, as Acting Director of DIS, possessed the responsibility of supervising, administrating and enforcing the Commonwealth's immigration laws.

17. Lizama is employed with DIS as an Immigration Investigator.

18. Lizama, assists the DIS Director in the enforcement of the

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

Commonwealth's immigration laws.

19.    Sablan, as Acting Director of DIS, possessed the authority and responsibility of supervising Lizama actions regarding immigration matters.

20.    Sablan, as Acting Director of DIS, possessed the authority and responsibility of training Lizama in connection with Lizama's performance of his duties.

21.    Auto Marine operates a business which engages in water sport activities which include but are not limited to parasailing, banana boat rides, scuba diving, and transporting passengers.

22.    Senoran is currently employed by Auto Marine and has been employed with Auto Marine since 2002.

23.    Senoran has been employed by Auto Marine as a Diving Manager since 2003.

24.    In July, 2002 Senoran was licensed by the United States Coast Guard ("USCG") as a U.S. Merchant Marine Officer.

25.    The expiration of Senoran's USCG license is July 17, 2007.

26.    Senoran's USCG license, at all times relevant herein, was and is valid

27.    Senoran's license from the USCG allows him to operate uninspected

4

undocumented passenger vessels as defined in 46 U.S.C. § 2101(42) upon near coastal waters not more than 100 miles offshore.

28. Benjamin is currently employed by Auto Marine and has been employed by Auto Marine since 1999.

29. Each employment contract between Benjamin and Auto Marine was approved by the Commonwealth Director of Labor as required by Commonwealth law.

30. At all times relevant herein, the employment contract between Benjamin and Auto Marine expressly allowed Benjamin to operate or drive a boat or boats and vehicles as necessary.

31. In February, 2003 Benjamin was licensed by the United States Coast Guard ("USCG") as a U.S. Merchant Marine Officer.

32. The expiration of Benjamin's USCG license is February 3, 2009.

33. Benjamin's USCG license, at all times relevant herein, was and is valid.

34. Benjamin's license from the USCG allows him to operate uninspected undocumented passenger vessels as defined in 46 U.S.C. § 2101(42) upon near coastal waters not more than 100 miles offshore.

35. Normandy is currently employed by Auto Marine and has been

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

employed by Auto Marine since 2001.

36. Each employment contract between Normandy and Auto Marine was approved by the Commonwealth Director of Labor as required by Commonwealth law.

37. In August, 2003 Normandy was licensed by the United States Coast Guard ("USCG") as a U.S. Merchant Marine Officer.

38. The expiration of Normandy's USCG license is August 7, 2008.

39. Normandy's USCG license, at all times relevant herein, was and is valid.

40. Normandy's license from the USCG allows him to operate uninspected undocumented passenger vessels as defined in 46 U.S.C. § 2101(42) upon near coastal waters not more than 100 miles offshore.

41. Attached hereto as Exhibit 1 are copies of the USCG licenses for Senoran, Benjamin, and Normandy.

42. Augusto is currently employed by Auto Marine and has been employed by Auto Marine since 2004.

43. Each employment contract between Augusto and Auto Marine was approved by the Commonwealth Director of Labor as required by

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

Commonwealth law.

44. At all times relevant herein, the employment contract between Augusto and Auto Marine expressly allowed Augusto to operate or drive a boat or boats as necessary.

45. The boats owned by Auto Marine fall within the definition of 46 U.S.C. § 2101(42)

46. The boats owned by Auto Marine do not weight more than 100 gross registered tons.

47. On or about February 14, 2005, Senoran, Benjamin, Augusto and Normandy were arrested for allegedly violating Commonwealth law by operating a boat owned by Auto Marine.

48. Senoran, Benjamin, Augusto and Normandy were arrested for allegedly violating 3 CMC § 4434(e)(1) which provides that:

> [t]he Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator.

49. At the time of his arrest, Senoran was employed by Auto Marine as a Diving Manager.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

50. At the time of his arrest, Benjamin was employed by Auto Marine as a Manager.

51. At the time of his arrest, Augusto was employed by Auto Marine as a helper mechanic.

52. At the time of his arrest, Normandy was employed by Auto Marine as a Water Transportation Engineer.

53. Deportation proceedings have been instituted against Senoran, Benjamin, Augusto, and Normandy on the basis of the alleged violation of 3 CMC § 4434(e)(1).

54. Additionally, on September 6, 2005 criminal charges were instituted against Auto Marine's president, Adonis Santos, for employing aliens, i.e., Senoran, Benjamin, Augusto, and Normandy, that between on or about January 3, 2005 to February 14, 2005 when they did not have "lawful documentation and authority to be so employed."

55. A copy of the criminal information is attached hereto as Exhibit 2.

56. At all times between January 3, 2005 and February 14, 2005, Senoran, Benjamin, Augusto, and Normandy possessed valid employment contracts with Auto Marine approved by the Commonwealth Director of Labor.

8

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel: No: (670) 235-4802   Fax No: (670) 235-4801

57.   At all times between January 3, 2005 and February 14, 2005, the job classifications held by Senoran, Benjamin, Augusto, and Normandy in the employment contracts approved by the Director of Labor were not prohibited job classifications under 3 CMC § 4434(e)(1).

58.   Although criminal charges were brought against Adonis, he was not arrested.

59.   The Commonwealth obtained a penal summons instead of an arrest warrant for his appearance.

60.   At all times relevant herein, Senoran, Benjamin, Augusto and Normandy were lawfully in the Commonwealth

## FIRST CLAIM FOR RELIEF

61.   Auto Marine realleges and incorporates ¶¶ 1 - 60 of this complaint.

62.   At all times relevant herein Sablan, in his official capacity, and Grey and as his successor were and are acting under color of Commonwealth law in exercising the authority and powers as Director of DIS.

63.   The arrests of Senoran, Benjamin, Augusto and Normandy and the criminal charges brought against Adonis has disrupted Auto Marine's

9

business and has caused it to suffer harm and injury.

64.  3 CMC § 4434(e)(1) purportedly prohibits  Senoran, Benjamin,

Augusto and Normandy from being employed in certain job

classifications simply because they are aliens.

65.  3 CMC § 4434(e)(1) deprives Auto Marine and its employees,

Senoran, Benjamin, Augusto and Normandy, of equal protection of

the law in that it restricts employment of persons solely on the basis

of alienage.

66.  There is not any, or rational basis for precluding aliens from operating

a surface tour boat or driving a commercial vehicle as precluded by 3

CMC § 4434(e)(1) does not serve any compelling governmental

reason, is not substantially related to any important governmental

objective and does not have any rational relationship to any legitimate

governmental objective.

67.  3 CMC § 4434(e)(1) is unenforceable on its face as it violates the

equal protection clause of the 14th Amendment of the United States

Constitution.

68.  3 CMC § 4434(e)(1) is unenforceable as it violates the equal

protection clause of the 14th Amendment of the United States

Law Office of G. Anthony Long
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

10

Constitution as interpreted and applied against Auto Marine and its employees.

69.   Auto Marine is entitled to declaratory and injunctive relief under 42 U.S.C. § 1983 to preclude enforcement of 3CMC § 4434(e)(1).

## SECOND CLAIM FOR RELIEF

70.   Auto Marine realleges and incorporates ¶¶ 1 - 67 of this amended complaint.

71.   At all times relevant herein Sablan, in his official capacity, and Grey and as his successor, were and are acting under color of Commonwealth law in exercising the authority and powers as Director of DIS.

72.   The United States has sovereignly over the coastal waters of the Commonwealth.

73.   The USCG licenses of Senoran, Benjamin, and Normandy authorizes them to operate certain vessels in the near coastal waters of the United States which includes the coastal waters of the Commonwealth.

74.   The United States laws governing the coastal waters are superior to

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

the Commonwealth laws concerning the coastal waters.

75.    3 CMC § 4434(e)(1) is unenforceable as  interpreted and applied

against Auto Marine and its  employees as federal law is Supreme to

Commonwealth law in connection with regulating the activities on

the near coastal waters.

76.    Auto Marine is entitled to declaratory and injunctive relief under 42

U.S.C. § 1983 to preclude enforcement of 3CMC § 4434(e)(1).


**THIRD CLAIM FOR RELIEF**

77.    Auto Marine, Senoran, Benjamin, Augusto, and Normandy each

realleges and incorporates ¶¶ 1 - 76 of this amended complaint.

78.    At all times relevant herein Sablan was acting under color of

Commonwealth law.

79.    At all times relevant herein, DIS had a policy, custom, pattern and

practice of arresting and seeking deportation of aliens who were

lawfully in the Commonwealth and lawfully employed in the

Commonwealth but who allegedly were (1) operating a boat as part of

their employment or (2) operating a motor vehicle as part of their

employment ("DIS Policy").

12

80. Sablan authorized, condoned, and acquiesced in this DIS policy.

81. The DIS policy authorized, condoned, and acquiesced in by Sablan ignores, disregards or otherwise tramples upon the equal protection rights and liberty interests of Auto Marine, Senoran, Benjamin, Augusto, and Normandy.

82. Auto Marine, Senoran, Benjamin, Augusto, and Normandy each possessed a right to be free from discrimination in employment based solely on alienage in absence of a compelling state interest.

83. Sablan knew or should have known that the DIS policy was discriminatory and in violation of the equal protection clause of the 14th Amendment.

84. Sablan knew or should have known that enforcing the DIS Policy would cause harm and injury to alien employees lawfully with in the Commonwealth as well as the employers of aliens lawfully allowed to work in the Commonwealth.

85. Enforcement of the DIS Policy against Auto Marine and its alien employees has caused and continues to cause Auto Marine to suffer injury and damage.

86. Enforcement of the DIS Policy against Senoran has caused and

13

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802   Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

continues to cause Senoran to suffer injury and damage.

87. Enforcement of the DIS Policy against Benjamin has caused and continues to cause Benjamin to suffer injury and damage.

88. Enforcement of the DIS Policy against Augusto  has caused and continues to cause Augusto to suffer injury and damage.

89. Enforcement of the DIS Policy against Normandy  has caused and continues to cause Normandy to suffer injury and damage.

90. The damages and injuries suffered by Auto Marine, Senoran, Benjamin, Augusto, and Normandy, individually,  as  a direct and proximate result of Sablan's acts, actions and omission in connection with the DIS Policy are recoverable  pursuant to 42 U.S.C. § 1983.

91. Sablan's acts, actions, and omissions in connection with the DIS Policy were willful, intentional, or in reckless disregard for the equal protection rights of Auto Marine,  Senoran, Benjamin, Augusto, and Normandy thereby entitling each plaintiff to punitive damages.

## FOURTH CLAIM FOR RELIEF

92. Auto Marine, Senoran, Benjamin, Augusto, and Normandy each

hereby alleges and incorporates ¶¶ 1- 91.

93.   At all times relevant herein, Lizama was acting under color of Commonwealth law.

94.   Lizama authorized, condoned, and acquiesced in this DIS policy.

95.   The DIS policy authorized, condoned, and acquiesced in by Lizama ignores, disregards or otherwise tramples upon the equal protection rights and liberty interests of Auto Marine, Senoran, Benjamin, Augusto, and Normandy.

96.   Auto Marine, Senoran, Benjamin, Augusto, and Normandy each possessed a right to be free from discrimination in employment based solely on alienage in absence of a compelling state interest.

97.   Lizama knew or should have known that the DIS policy was discriminatory and in violation of the equal protection clause of the 14th Amendment.

98.   Lizama knew or should have known that enforcing the DIS Policy would cause harm and injury to alien employees lawfully with in the Commonwealth as well as the employers of aliens lawfully allowed to work in the Commonwealth.

99.   Lizama's conduct of enforcing the DIS Policy against Auto Marine

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

15

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

and its alien employees has caused and continues to cause Auto Marine to suffer injury and damage.

100.   Lizama's enforcement of the DIS Policy against Senoran has caused and continues to cause Senoran to suffer injury and damage.

101.   Lizama's enforcement  of the DIS Policy against Benjamin has caused and continues to cause Benjamin to suffer injury and damage

102.   Lizama's enforcement  of the DIS Policy against Augusto  has caused and continues to cause Augusto to suffer injury and damage

103.   Lizama's enforcement  of the DIS Policy against Normandy  has caused and continues to cause Normandy to suffer injury and damage

104.   The damages and injuries suffered by Auto Marine, Senoran, Benjamin, Augusto, and Normandy, individually,  as  a direct and proximate result of Lizama's enforcement of the DIS Policy are recoverable  pursuant to 42 U.S.C. § 1983.

105.   Lizama's acts, actions, and omissions in connection with the DIS Policy were willful, intentional, or in reckless disregard for the 14th Amendment equal protection rights of Auto Marine,  Senoran, Benjamin, Augusto, and Normandy thereby entitling each plaintiff to punitive damages.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## FIFTH CLAIM FOR RELIEF

106.   Auto Marine hereby alleges and incorporates paragraphs 1- 105 of this amended complaint.

107.   Lizama, at all times relevant herein, was  acting under color of Commonwealth law.

108.   Lizama, together with others unknown,  conspired between and among themselves to directly or indirectly use Lizama's position with DIS to disrupt Auto Marine's business.

109.   As part of this conspiracy, Lizama would target Auto Marine's alien employees and bring or cause deportation and/or criminal proceedings being brought against Auto Marine's president as well as its alien employees.

110.   In furtherance of this conspiracy, Lizama committed overt acts which include but are not limited to:

    A.    Arresting Senoran

    B.    Arresting Benjamin

    C.    Arresting Augusto

17

D.    Arresting Normandy,.

E.    Causing the institution of deportation

proceedings against Senoran;

F.    Causing the institution of deportation

proceedings against Benjamin;

G.    Causing the institution of deportation proceeding

against Augusto;

H.    Causing the institution of deportation

proceedings against Normandy; and

I.    Causing the institution of criminal prosecution

against Adonis.

88.    The above acts resulted in Auto Marine, Senoran, Benjamin, Augusto,

and Normandy being deprived of equal protection of the law in

violation of the 14th Amendment and the denial of equal privileges

and immunities.

111.    Auto Marine, Senoran, Benjamin, Augusto, and Normandy would not

have been subject to such deprivation of equal protection, equal

privileges and immunities, unreasonable seizure and deprivation of

property interests except for the fact that Adonis, Senoran, Benjamin,

18

117.  The forth amendment to the United States Constitution prohibits

unreasonable seizure of a person.

118.  Lizama omitted material information in submitting his declaration of

the arrest warrants for Senoran, Benjamin, Augusto and Normandy.

119.  If Lizama had included the material information he omitted, his

declaration would not have established probable cause for issuance of

a warrant for the arrest of Senoran, Benjamin, and Augusto.

120.  The omitted information includes but is not limited to the following:

     A.  Advising that Senoran possessed a USCG license

which allowed him to operate boats owed by

Auto Marine;

     B.  Benjamin's employment contract as approved by

the Director of Labor allowed him to operate or

drive a boat;

     C.  Augusto's employment contract as approved by

the Director of Labor allowed him to operate or

drive a boat and vehicles as necessary;

     D.  Respondent did not make any effort to ascertain

or determine the identity of any person who

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

20

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

Augusto, and Normandy were each aliens within the Commonwealth employed by Auto Marine.

112.  The conspiracy between Lizama and others unknown violated's Auto Marine's, Senoran's, Benjamin's, Augusto's, and Normandy's rights secured by 42 U.S.C. § 1985(3).

113.  The conspiracy has caused and continues to cause Auto Marine, Senoran, Benjamin, Augusto, and Normandy to suffer injury and damage.

114.  Lizama's acts and conduct in connection with the conspiracy and the violation of plaintiffs right to equal protection,  and right to equal privileges and immunities were willful, deliberate, and intentional thereby entitling Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally,  to punitive damages.

## SIXTH CLAIM FOR RELIEF

115.  Senoran, Benjamin, Augusto and Normandy hereby allege and incorporate paragraphs 1- 110 of this amended complaint.

116.  At all times relevant herein, Lizama acted under color of Commonwealth law.

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802   Fax No: (670) 235-4801

allegedly was a passenger on any boat claimed to

have been driven or operated by Senoran,

Benjamin, Augusto, or Normandy.

E.    In not ascertaining the identity of any alleged

passenger, Lizama did not know and had no way

of knowing whether such person was, in fact, a

tourist.

F.    Upon information and belief, he had ulterior

motives in seeking the arrest warrants for

Senoran, Benjamin, Augusto and Normandy.

121.  Omitting material information from each arrest warrant render the

seizure of Senoran, Benjamin, Augusto and Normandy unreasonable

and a violation of the Fourth Amendment.

122.  The unreasonable seizure of has caused and continues to cause Auto

Marine, Senoran, Benjamin, Augusto and Normandy to suffer injury

and damage

123.  The damages and injuries suffered by Auto Marine, Senoran,

Benjamin, Augusto, and Normandy, individually,  as  a direct and

proximate result of the unreasonable seizures resulting from Lizama

21

omitting material information are recoverable  pursuant to 42 U.S.C.
§ 1983.

124.   Lizama's acts, actions, and omissions in connection with the issuance
of the arrest warrants were willful, intentional, or in reckless
disregard for the 4th Amendment rights of Auto Marine,  Senoran,
Benjamin, Augusto, and Normandy thereby entitling each plaintiff to
punitive damages.

## PRAYER OF RELIEF

Wherefore, plaintiffs pray for relief as follows:

### FIRST CLAIM FOR RELIEF

1.   Declaratory relief in favor of Auto Marine declaring 3 CMC §
4434(e)(1) unconstitutional and unenforceable.

2.   Injunctive relief enjoining Grey, in his official capacity, from
enforcing 3 CMC § 4434(e)(1)

3.   Cost of suit including reasonable attorneys fees; and

4.   Such other and further relief as the court deems just and proper.

## SECOND CLAIM FOR RELIEF

1. Declaratory relief in favor of Auto Marine declaring 3 CMC §
   4434(e)(1) unconstitutional and unenforceable.

2. Injunctive relief enjoining Grey, in his official capacity, from
   enforcing 3 CMC § 4434(e)(1)

3. Cost of suit including reasonable attorneys fees; and

4. Such other and further relief as the court deems just and proper.

## THIRD CLAIM FOR RELIEF

1. Compensatory damages in an amount to be proved at trial against
   Sablan, personally, in favor of Auto Marine, Senoran, Benjamin,
   Augusto, and Normandy, severally;

2. Punitive Damages of at least $50,000.00 each  Auto Marine, Senoran,
   Benjamin, Augusto, and Normandy against Sablan, personally;

3. Cost of suit including reasonable attorneys fees; and

4. Such other and further relief as the court deems just and proper.

## FOURTH CLAIM FOR RELIEF

1. Compensatory damages in an amount to be proved at trial against

23

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel No: (670) 235-4802  Fax No: (670) 235-4801

Lizama, personally, in favor of Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally;

2.   Punitive Damages of at least $50,000.00 each for Auto Marine, Senoran, Benjamin, Augusto, and Normandy against Lizama, personally;

3.   Cost of suit including reasonable attorneys fees; and

4.   Such other and further relief as the court deems just and proper.

## FIFTH CLAIM FOR RELIEF

1.   Compensatory damages in an amount to be proved at trial against Sablan, personally, in favor of Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally;

2.   Punitive Damages of at least $50,000.00 each for Auto Marine, Senoran, Benjamin, Augusto, and Normandy against Sablan, personally;

3.   Cost of suit including reasonable attorneys fees; and

4.   Such other and further relief as the court deems just and proper.

## SIXTH CLAIM FOR RELIEF

1. Compensatory damages in an amount to be proved at trial against Lizama, personally, in favor of Auto Marine, Senoran, Benjamin, Augusto, and Normandy, severally;

2. Punitive Damages of at least $50,000.00 each for Auto Marine, Senoran, Benjamin, Augusto, and Normandy against Lizama, personally;

3. Cost of suit including reasonable attorneys fees; and

4. Such other and further relief as the court deems just and proper.


Law Office of G. Anthony Long


By: _____
        G. Anthony Long

LAW OFFICE OF G. ANTHONY LONG
P.O. Box 504970, 2nd Floor Lim's Building
San Jose, Saipan, MP 96950
Tel. No: (670) 235-4802  Fax No: (670) 235-4801

25