Kristin St. Peter & Benjamin L. Demoux
Assistant Attorneys General
Office of the Attorney General-Civil Division
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 664-2341
Fax: 664-2349
Attorneys for Defendants

FILED
Clerk
District Court

MAY 1 6 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS, AUGUSTO SANTOS and NORMANDY SANTOS<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO SABLAN, MEL GREY in his official capacity as Acting Director of Immigration, and RICHARD T. LIZAMA, personally and in his official capacity<br><br>Defendants. | CIVIL ACTION NO. 05-0042<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date: JUN 1 5 2006<br>Time: 9:00am.<br>Judge: Hon. Alex R. Munson |

NOW COMES defendants, Antonio Sablan, personally, Richard T. Lizama, personally and in his official capacity as an Immigration Inspector, and Mel Grey in his official capacity as Acting Director of Immigration and move this Court to dismiss plaintiffs' Third, Fourth, and Fifth Claims for Relief pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief may be granted. The following memorandum of points and authorities is submitted in support of the motion.

## FACTUAL ALLEGATIONS

According to the complaint, the corporate plaintiff in this matter, Auto Marine Inc., is engaged in water sport activities. The four individual plaintiffs are all employees of Auto

1  Marine and all citizens of the Philippines. The individual plaintiffs have various official job
2  titles, but all operate boats as part of their employment. Each of the individual plaintiffs were
3  working under an employment contract that was approved by the CNMI's Director of Labor. In
4  addition, plaintiffs Rolando Senoran, Benjamin Santos and Normandy Santos are all licensed by
5  the U.S. Coast Guard as U.S. Merchant Marine Officers.
6  According to the complaint, on or about February 15, 2005, the individual plaintiffs
7  were arrested pursuant to an arrest warrant obtained by defendant Richard T. Lizama for
8  violation of 3 CMC § 4434(e)(1), which prohibits the Director of Labor from approving
9  nonresident worker certificates for surface tour boat operators, among other job categories. The
10 Commonwealth has since instituted deportation proceedings against these individuals.
11 According to the complaint, the Commonwealth has also filed criminal charges against Auto
12 Marine's president, Adonis Santos, for employing the individual plaintiffs without proper
13 documentation and authority.

## LEGAL ARGUMENTS

15 FRCP 12(b)(6) authorizes dismissal for the failure to state a claim upon which relief
16 may be granted. On a motion to dismiss, the complaint is construed in favor of the plaintiff, but
17 the court should not assume that "the [plaintiff] can prove facts which [he or she] has not
18 alleged, or that the defendants have violated the…laws in ways that have not been alleged."
19 *Associated General Contractors of California, Inc. v. California State Council of Carpenters*,
20 459 U.S. 519, 526, 103 S. Ct. 897, 902 (1983).

21 I.  <u>Plaintiffs' Third Claim for Relief against Mr. Grey in his Official Capacity and
22      Plaintiffs' Fourth Claim for Relief against Mr. Lizama in his Official Capacity Must be
23      Dismissed as such Claims are Barred</u>

24 Plaintiffs' Third Claim for Relief alleges a claim under 42 U.S.C. § 1983 against Mr.
25 Grey in his official capacity as Acting Director of Immigration. Plaintiffs' Fourth Claim for

Relief alleges a claim under 42 U.S.C. § 1983 against Mr. Lizama in his official capacity as an Immigration Inspector. This is entirely improper, as "Neither the [Commonwealth] nor its officers acting in their official capacity can be sued under § 1983." *De Nieva v. Reyes*, 966 F. 2d 480, 483 (9th Cir. 1992). Therefore, plaintiffs have failed to state a claim under § 1983 for which relief may be granted against either Mr. Grey or Mr. Lizama in their official capacities and these claims must be dismissed.

III. <u>Plaintiffs' Third Claim for Relief against Mr. Sablan and Fourth Claim for Relief against Mr. Lizama Must be Dismissed as Plaintiffs have Applied the Wrong Standard</u>

Plaintiffs' Third Claim for Relief is for violation of their right to equal protection, made enforceable under 42 U.S.C. § 1983 and is alleged against Mr. Sablan personally. Plaintiffs' Fourth claim for relief is also brought under § 1983 and is alleged against Mr. Lizama. Both of these claims are clearly based on the assumption that the Court would apply strict scrutiny because both claims for relief allege that plaintiffs were discriminated against based on alienage "in absence of a compelling state interest." Complaint at ¶¶ 82 and 96. This is a classic formulation of the strict scrutiny standard, s*ee e.g., Grutter v. Bollinger*, 539 U.S. 306, 326, 123 S. Ct. 2325, 2337-2338 (2003). It is also entirely irrelevant because the plaintiffs do not possess the right not be discriminated against because of alienage absent a compelling state interest. Instead, all relevant decisional law has applied a lower standard in analyzing CNMI immigration law and its application, either intermediate scrutiny,[1] or more recently, rational basis. *Sagana v. Tenorio*, Civ. Act. 01-0003 "Order Denying Plaintiff's Motion for Summary Judgment and Dismissing Case with Prejudice" at page 17 (April 9, 2003)[2] (Opinion attached

---

[1] *Kin v. Mariana Islands*, 1989 WL 311391, 3 N. Mar. I. Commw. Rptr. 608, 612 (D.N. Mar. I.1989) and *Yang v. Amer. Int'l Knitters Corp.*, 789 F.Supp. 1074, 1078 (D.N.M.I.1992)

[2] On appeal, the Ninth Circuit declined to decide whether rational basis or intermediate scrutiny should apply to the Commonwealth's immigration laws. Instead, it declared that the Non-Resident Worker Act survived either level of

as Exhibit 1). Because plaintiffs have not alleged discrimination under either of the potentially proper standards, they have failed to "state a claim upon which relief may be granted," Fed R. Civ. Pro. 12(b)(6), and their Third and Fourth Claims for Relief should therefore be dismissed.

IV.   Mr. Lizama and Mr. Sablan are Protected by Qualified Immunity

Even if the Court were to find that plaintiffs had properly alleged a claim for which relief may be granted, the Third and Fourth claims for Relief should still be dismissed as Mr. Lizama and Mr. Sablan are entitled to qualified immunity. The U.S. Supreme Court created the doctrine of qualified immunity to reduce the burden of civil rights litigation on public officials and the federal court system. *See, Harlow v. Fitzgerald*, 457 U.S. 800, 816-817, 102 S. Ct. 2727, 2737-2738 (1982). It was designed to weed out frivolous lawsuits, such as this one, at an early stage. *See id.* Under *Harlow*, government officials like Mr. Sablan and Mr. Lizama are shielded from civil liability "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id*, 457 U.S. at 818, 102 S. Ct. at 2738. In determining whether a plaintiff may overcome qualified immunity and pursue a § 1983 cause of action against a government official in his personal capacity, the initial, threshold inquiry is two-fold: whether the facts show that a constitutional right was violated and, if so, whether that right was clearly established. *Knox v. Smith*, 342 F.3d 651, 657 (7th Cir. 2003). The first part of this inquiry is important because a finding in favor of the defendant on it cuts-off further inquiry. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S. Ct. 2151, 2156 (2001).

---

scrutiny. *Sagana v. Tenorio*, 384 F.3d 731, 742 (9th Cir. 2004). Notably, the Ninth Circuit placed the burden of proof on the plaintiff, regardless of which standard applied. *Id.*

A.   *Plaintiffs have not Shown any Constitutional Violation*

As is demonstrated above, plaintiffs have not shown a violation of their constitutional right to equal protection at the appropriate level of scrutiny. The plaintiffs have not alleged that they were "intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment," Thornton v. City of St. Helens, 425 F. 3d 1158, 1167 (9th Cir. 2005), as is required under rational basis scrutiny. They also have not alleged that Mr. Lizama's or Mr Sablan's actions were "not closely related to…important governmental goals…," Sagana v. Tenorio, 384 F.3d 731, 741 (9th Cir. 2004), as required under intermediate scrutiny. Failing to do so is fatal to plaintiffs' third claim for relief and this claim should be dismissed.

B.   *Even if a Constitutional Right was Violated, that Right is not Clearly Established*

In addition to demonstrating that a constitutional right was violated, the plaintiffs must also prove that the right they seek to enforce was clearly established. A right is clearly established, "when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right." *Camarillo v. McCarthy*, 998 F. 2d 638, 640 (9th Cir. 1993), *citing, Anderson v. Creighton*, 483 U.S. 635, 640, 107 S. Ct. 3034, 3039 (1987) (internal quotation marks omitted). In this case Mr. Lizama simply enforced a clear provision of a law that had recently been declared constitutional by the Ninth Circuit. *See Sagana* 384 F.3d at 740-742. Under these circumstances, only a very unreasonable official could conclude that enforcing that law would violate anyone's rights. If the Court concludes that Mr. Lizama's and Mr. Sablan's conduct in this case did violate a constitutional right, they are entitled to qualified immunity and the third and fourth claims for relief should still be dismissed.

V.   Plaintiffs' Fifth Claim for Relief alleging § 1985(3) Conspiracy Should be Dismissed

Plaintiff's fifth claim for relief arises under 42 U.S.C. § 1985(3), which allows a claim "against those who *conspire* to obstruct justice, or to deprive any person of equal protection or the privileges and immunities provided by the Constitution." *Jaco v. Bloechle*, 739 F. 2d 239, 245 (6th Cir. 1984) (emphasis in original). To prevail on such a claim, a plaintiff must first show a violation of some right protected by 42 U.S.C. § 1983. *Caldeira v. County of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989) ("the absence of a section 1983 deprivation of rights precludes a section 1985 conspiracy claim predicated on the same allegations"). A plaintiff must also show, "that some racial, or perhaps otherwise class-based, invidiously discriminatory animus lay behind the conspirators' action..." *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 268, 113 S. Ct. 753, 758 (1993) (citation and internal quotation marks omitted). Plaintiffs' § 1985(3) claim fails both of these tests. First, as is demonstrated amply above, plaintiffs have not shown that they have suffered any deprivation of rights protected by § 1983. Second, plaintiffs have not demonstrated that they have suffered from class-based, invidious discrimination because they have not demonstrated that they are part of a protected class.

The protection of § 1985(e) against class-based animus should not "be extended to every class which the artful pleader can contrive..." *McLean v. International Harvester Co.*, 817 F.2d 1214, 1219 (5th Cir. 1987). Instead, "the Supreme Court's evident concern...over the broad literal sweep of [§ 1985(3)]...dictates the exercise of restraint when a court is confronted with class-based discrimination grounded in a non-racial animus." *Id.* As a result, one court has restricted the scope of § 1985(3) to "classes having common characteristics of an inherent nature--i.e., those kinds of classes offered special protection under the equal protection clause, and...classes that Congress was trying to protect when it enacted the Ku Klux Klan Act."

*Childree v. UAP/GA AG Chem, Inc.*, 92 F. 3d. 1140, 1147 (11th Cir. 1996).[3] Another has chosen a slightly different formulation, stating that § 1985(3) applies only to classes "characterized by some inherited or immutable characteristic; and...those characterized by political beliefs or associations. *McLean*, 817 F.2d at 1219 (citation and internal quotation marks omitted). The Ninth Circuit does not have such a clear-cut standard, but does require that "the plaintiff must be a member of a class that requires special federal assistance in protecting its civil rights." *McCalden v. California Library Ass'n*, 955 F.2d 1214, 1223 (9th Cir. 1990).

In trying to apply these various standards to the complaint, the first difficulty is determining what "class" the plaintiffs are alleging to which they belong. This question is especially tricky considering that one of the plaintiffs is a corporation and the others are natural persons. The closest the complaint comes is the allegation that the plaintiffs were discriminated against because Mr. Adonis (the alleged owner of Auto Marine) and all the individual plaintiffs "were each aliens within the Commonwealth employed by Auto Marine." Complaint at ¶ 111. If the class is "Auto Marine employees" it seems clear that plaintiffs are not part of a class offered special protection under the equal protection clause, nor one characterized by inherent or immutable characteristic or by political belief, nor one requiring special federal protection, nor, especially, a class of persons meant to be protected by Congress when they passed the original Ku Klux Klan Act in 1861.[4]

On the other hand, the class might be "aliens within the Commonwealth." This class is certainly more plausible, but it still does not meet the standard. First, being an alien in the Commonwealth is neither an inherited nor an immutable, nor an inherent characteristic (unlike

---

[3] Of course, this restriction applies only to class-based, but not race-based discrimination. There is no question that § 1985(3) can be applied where the alleged discrimination is race-based.

[4] Section 1985(3) originated in the Ku Klux Klan Act of 1861.

race or ethnicity). Rather it is merely the status the individual plaintiffs currently have and one that they can shed anytime by leaving the Commonwealth. Second, the class is clearly not based in political belief or association. Third, it clearly was not intended to be protected by the Ku Klux Klan Act, whose predominant purpose "was to combat the prevalent animus against Negroes and their supporters." *United Brotherhood of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 835, 103 S. Ct. 3353, 3360 (1983). Fourth and finally, "aliens in the Commonwealth" are not a class offered special protection of its civil rights under federal law, at least where immigration laws are concerned. Instead, aliens are regularly subjected to rules in the immigration context that "would be unacceptable if applied to citizens." *Fiallo v. Bell*, 430 U.S. 787, 792, 97 S. Ct. 1473, 1478 (1977). In other words, in the immigration context, aliens do not have special protection under federal law. Instead, they suffer special and unique disabilities. Plaintiffs have failed to meet the most basic requirements to sustain a § 1985(3) claim – they have not shown violation of any constitutional right enforceable through § 1983 and they have not shown that they are part of a class that is entitled to bring a § 1985(3) claim. Therefore, their "Fifth Claim for Relief" must be dismissed.

## CONCLUSION

For the foregoing reasons, plaintiffs' Third, Fourth, and Fifth Claims for Relief should be dismissed for failure to state a claim upon which relief may be granted.

Date: May 16, 2006.

                        Respectfully submitted,
                        OFFICE OF THE ATTORNEY GENERAL

                        By: _____
                        Benjamin L. DeMoux
                        Assistant Attorney General

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. Pro. 5(d), I certify that a copy of the foregoing NOTICE OF MOTION AND MOTION TO DISMISS and MEMORANDUM OF POINTS AND AUTHORITIES in support thereof was by me or at my direction served on May 16, 2006 by hand on:

    G. Anthony Long
    PO Box 504970
    Second Floor, Lim's Bldg
    San Jose
    Saipan, MP 96950
    Counsel for Plaintiffs

                              Benjamin L. DeMoux
                              Assistant Attorney General
                              Counsel for Defendants