Kristin St. Peter & Benjamin L. DeMoux
Assistant Attorneys General
Office of the Attorney General-Civil Division
2nd Floor, Juan A. Sablan Memorial Bldg.
Caller Box 10007
Saipan, MP 96950
Telephone: 664-2341
Fax: 664-2349
Attorneys for Defendants

F I L E D
Clerk
District Court

MAY 17 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS, AUGUSTO SANTOS and NORMANDY SANTOS<br><br>Plaintiffs,<br><br>v.<br><br>ANTONIO SABLAN, MEL GREY in his official capacity as Acting Director of Immigration, and RICHARD T. LIZAMA, personally and in his official capacity<br><br>Defendants. | CIVIL ACTION NO. 05-0042<br><br>**SECOND ERRATA TO MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date: 06/15/2006<br>Time: 9 am<br>Judge: Hon. Alex R. Munson |

NOW COMES defendants and file with the Court page 4 and 8 of Court's "Order Denying Plaintiff's Motion for Summary Judgment and Dismissing Case with Prejudice," *Sagana v. Tenorio*, Civ. Act. 01-0003 (April 9, 2003).

Date: May 16, 2006.

Respectfully submitted,
OFFICE OF THE ATTORNEY GENERAL

By:_____
Benjamin L. DeMoux
Assistant Attorney General

ORIGINAL

-1-

## II. STANDARD FOR SUMMARY JUDGMENT

Rule 56 of the Federal Rules of Civil Procedure states, in part, that judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."

The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the matters on record which it believes demonstrates the absence of a genuine issue of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553 (1986).

The non-moving party must set forth by affidavit or as otherwise provided in Rule 56 specific facts showing that there is a genuine issue of material fact for trial. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103-1104 (9th Cir.), cert. denied, 107 S.Ct. 435 (1986).

## III. DISCUSSION

The court finds this case suitable for decision without oral argument and relies on the pleadings filed by both parties. See Local Rule 7.1.a. ("Oral argument is at the discretion of the court....").

Sagana moved the court for summary judgment on ¶ 52 of his complaint. The narrow issue presented to the court for resolution is whether or not DOLI may restrict Sagana's substantive due process and equal protection rights to freely market his labor in the common occupations of life to any prospective employer without restriction and on equal terms as any citizen for so long a period as he is lawfully admitted to the CNMI as a nonresident worker.

AO 72

rights due to alleged CNMI-sponsored discrimination based on alienage. Accordingly, Sagana's motion for summary judgment based on a violation of 42 U.S.C. § 1981 is DENIED.

### B. The Equal Protection and Substantive Due Process Clauses of the Fourteenth Amendment

Sagana next argued that pursuant to § 501(a) of the Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America (hereinafter "COVENANT"),[6] the Equal Protection Clause of the Fourteenth Amendment applies in the CNMI as if the CNMI were a State. Therefore, because the NWA discriminates against some and favors others based on alienage, the Act is subject to "strict scrutiny."[7] Sagana argued that, under this standard, the NWA cannot withstand constitutional muster because the

---

[6]
> § 501(a) of the COVENANT states:
>
> To the extent that they are not applicable of their own force, the following provisions of the Constitution of the United States will be applicable within the Northern Mariana Islands as if the Northern Mariana Islands were one of the several States: ... Amendment Fourteen, Section 1;.... Other provisions of or amendments to the Constitution of the United States, which do not apply of their own force within the Northern Mariana Islands, will be applicable within the Northern Mariana Islands only with the approval of the Government of the Northern Mariana Islands and of the Government of the United States.

See "Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America," Act of Mar. 24, 1976, Pub. L. No. 94-241, 90 Stat. 263 (codified as amended at 48 U.S.C. § 1681 (1988)).

[7]
A statute survives "strict scrutiny" review of its constitutionality if its application results in disparate treatment of a suspect class, but there is a compelling government interest and the law or regulation is narrowly tailored to achieve that interest. See Plyler v. Doe, 457 U.S. 202 (1987).

8

AO 72
(Rev. 8/82)