Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Plaintiffs

F I L E D
Clerk
District Court

JUN 1 9 2006

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE
THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS AUGSTO SANTOS and NORMANDY SANTOS<br><br>Plaintiffs<br><br>v.<br><br>ANTONIO SABLAN, personally, RICHARD T. LIZAMA, personally and in his official capacity, and MEL GREY in his official capacity<br><br>Defendants. | CIVIL ACTION No. 05-0042<br><br>OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT<br><br>Date: July 27, 2006<br>Time: 9:00 a.m. |

**DEFENDANTS ARE NOT ENTITLED TO DISMISSAL OF THE THIRD AND FOURTH CLAIMS FOR RELIEF**

**A.     The Third and Fourth Claims For Relief Are Proper Because They Do Not Seek Damages Against Grey and Lizama In Official Capacity**

Damages claims against Commonwealth officials in their official capacity are not allowed under 42 U.S.C. § 1983. *DeNieva v. Reyes*, 966 F.2d 480 (9th Cir. 1992). However, plaintiffs do not allege and are not seeking damage claims against Grey or Lizama in their official capacity. The third claim for relief clearly alleges a claim against Sablan and not Grey. Furthermore, with respect to Sablan, the caption does not allege he is being sued in his official capacity. The caption alleges he is being sued in his personal capacity.  But most importantly, the prayer for relief for the third claim expressly seeks damages against Sablan,

Page 1 of 7

personally. Thus, the third claim for relief is proper.

Regarding the fourth claim for relief, the allegations of the claim do not allege Lizama was acting in his official capacity and defendants do not point or otherwise identify any allegation in the claim which suggests the claim seeks damages against Lizama in his official capacity. Such an assertion cannot be made as the prayer for relief for the fourth claim expressly asserts it is seeking damages against Lizama, personally. Nevertheless, if the Court concludes this is unclear, then plaintiffs request leave to amend to clear up any confusion defendants may have concerning the capacity in which Lizama is being sued in the fourth claim for relief.

**B.     The Claims Do Not Allege The Wrong Standard of Review**

The amended complaint does not seek to declare the entire Non-resident Workers Act ("NWA") unconstitutional. Instead, it challenges the constitutionality of a specific statute under the NWA. As held by *Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004):

> [i]n holding that the NWA as a whole passes both rational basis review and intermediate scrutiny, we take no position on whether individual sections of the NWA would satisfy a more focused Equal Protection challenge. **Our decision does not foreclose the possibility that discrete elements of the CNMI's temporary worker program could violate the equal protection rights of nonresident workers.**

384 F.3d at 741 - 742(emphasis added). The first claim for relief alleges that § 4434(e)(1) violates equal protection. Sablan and Lizama assert dismissal is proper because the constitutionality of § 4434(e)(1) must be analyzed by the rational basis test. Auto Marine disputes application of the rational basis test.

In *Sagana* the Ninth Circuit noted that this court had previously applied the intermediate level of scrutiny in connection with the review of specific statutes

under the NWA but that rational basis was applied to Sagana's challenge to the entire NWA. 384 F.3d at 714. The Ninth Circuit held it was not necessary to decide which of the two contended levels applied because the outcome would be the same under either analysis. *Id.* 384 F.3d at 714. Since *Sagana* did not decide the applicable level of judicial scrutiny, it is an open issue as to the level of scrutiny applicable to statutes passed under the NWA. *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir.1985) [Questions not specifically ruled on are not of any precedential value or controlling authority]; *Sorenson v. Mink*, 239 F.3d 1140, 1143 (9th Cir. 2001)(same). Auto Marine contends strict scrutiny applies.

Sablan and Lizama asserts that rational basis applies because the Commonwealth, like the federal government, controls its own immigration. Moving Memo at 1- 7. *Sagana* precludes this argument. Although *Sagana* did not decide what level of scrutiny applied to the NWA, *Sagana* **does** expressly hold that "the Fourteenth Amendment applies to the CNMI 'as if the Northern Mariana Islands were one of the several states.'" 384 F.3d at 740. *See also Basiente v. Glickman*, 242 F.3d 1137, 1143 - 1144 (9th Cir. 2001). Indeed, even the Commonwealth Supreme Court recognizes that "[t]he Government of the Northern Mariana Islands is to be considered a State government for the purpose of applying the Equal Protection Clause." *Commonwealth of Northern Mariana Islands v. Attao*, 2005 MP 8 at n.9, 2005 WL 3776312 at 4 n. 9 (2005). This means the equal protection clause of the 14th Amendment applies to the Commonwealth as if it were a State, and not as if the Commonwealth was the federal government.

It is settled law that, when a state statute involves a classification such as alienage, the statute is subject to strict scrutiny. *Graham v. Richardson*, 403 U.S.

365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971). Accordingly, a state statute which discriminates in employment based on alienage violates equal protection if it does not satisfy the strict scrutiny analysis. *Bernal v. Fainter*, 467 U.S. 216, 104 S.Ct. 2312, 81 L.Ed.2d 175 (1984)[ state law denying alien the right to become a notary public struck down under strict scrutiny equal protection analysis]; *Examining Board v. Flores de Otero*, 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976)[ Puerto Rico statute that only permitted United States citizens to practice privately as civil engineers unconstitutional pursuant to strict scrutiny ]; *Sugarman v. Dougall*, 413 U.S. 634, 93 S. Ct. 2842, 37 L.Ed.2d 853 (1973)[State law barring aliens from permanent positions in state civil service violates equal protection clause of 14th Amendment as it does not satisfy strict scrutiny]; *In Re Griffins*, 413 U.S. 717, 93 S. Ct. 2851, 37 L.Ed.2d 910 (1973)[State rule precluding resident aliens from being admitted to State Bar stricken as rule did not satisfy strict scrutiny]. To withstand strict scrutiny a statute must meet a two prong test which is 1) the statute must serve a compelling state interest and 2) it must be precisely tailored to serve the compelling interest. *Pyler v. DOE*, 457 U.S. 202, 216, 217, 102 S.Ct. 2382, 2394, 2395, 72 L.Ed.2d 786 (1982). The "precisely tailored" requirement means that the method used to further the compelling state interest is the least restrictive way of doing so. *Goehring v. Brophy*, 94 F.3d 1294 (9th Cir. 1996).

      Section 4434(e)(1) bars employment in a particular job based solely on alienage. *Sagana* mandates applying the 14th Amendment to the Commonwealth as if it were as State. This means strict scrutiny applies to Commonwealth statutes, such as § 4434(e)(1), which discriminate on the basis of alienage. Defendants have not and can not identify any compelling governmental reason justifying § 4434(e)(1).

Page 4 of 7

If, for some reason, this Court determines that strict scrutiny does not apply, then it should allow plaintiffs to amend their complaint to allege intermediate basis or alternatively, rational basis.

### C.  Sablan and Lizama Are Not Entitled To Qualified Immunity

The Supreme Court has established a two-part analysis for determining whether qualified immunity is appropriate in a suit against an officer for an alleged violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). Saucier requires courts to first examine whether the conduct violated the plaintiffs constitutional rights on the facts alleged and, second, if there was a violation, whether the constitutional right was clearly established *Id*, 533 U.S. at 201, 121 S.Ct. 2151; *Desyllas v. Bernstine*, 351 F.3d 934, 939 (9th Cir.2003). Both prongs are satisfied in this case.

The third claim and fourth claims for relief allege violation of the fourth amendment by omitting material facts from a warrant. The claims, therefore, allege a constitutional violation. *See Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1122 (9th Cir.1997); *United States v. Stanert*, 762 F.2d 775 (9th Cir.1985), amended by 769 F.2d 1410 (9th Cir.1985), This then leads to the examination of whether the constitution right was clearly established.

For the law to be clearly established, it is not necessary that the specific wrong at issue has been previously declared unconstitutional or unlawful. *Newell*, 79 F.3d at 117 (9th Cir.1996). Specific precedent is not required in order for a law to be deemed clearly established. *Chew v. Gates,* 27 F.3d 1432, 1447 (9th Cir.1994). Likewise, the absence of precedent addressing an identical factual scenario does not mean that the right is not clearly established. *Id.* However, the

unlawfulness of the action in question must be apparent in light of some pre-existing law. *Mendoza v. Block*, 27 F.3d 1357, 1361-62 (9th Cir.1994). See *Gorromeo v. Zachares*, No. CV-99-00018-ARM, Order (D.N.M.I. 2000 ) aff'd 2001 WL 884711(2001). This entails an examination of objective knowledge as opposed to subjective knowledge or belief. *See Seed v. Hudson*, 1994 WL 229096 at 2 (D.N.M.I. 1994).

Prior to 2005, Supreme Court authority clearly held that state law discriminating in the area of employment on the basis of alienage violate equal protection. *Bernal, supra; Flores de Otero, supra*; *Sugarman, supra*; *In Re Griffins, supra*. Also, prior to 2005, it was settled that the 14th Amendment applies to the Commonwealth like it does to the States. *Sagana* 384 F.3d at 740. Even more so, it has previously been held that CNMI labor or immigration statutes are subject to the 14th Amendment equal protection clause. *Sagana, supra*; *Yang*, 789 F.Supp. at 1075-1079. On this basis, qualified immunity is not proper. *See Gorromeo, supra.*

*Sagana* does not assist Sablan and Lizama as it clearly holds that the 14th Amendment applies to the Commonwealth as it applies to the states. Sagana does not hold that a different 14th amendment standard applies to the Commonwealth in the context of employment by lawful aliens. Nevertheless, to the extent Sablan and Lizama claim *Sagana* assists them, *Sagana* does not justify qualified immunity in light of the controlling Supreme Court authority that state statutes discriminating against employment of lawful aliens violate equal protection. *See Hallstrom v. City of Garden City*, 991 F.2d 1473, 1483 (9th Cir. 1993)[ "A judicial officer's misjudgment will not obviate or excuse another official's obligation to act with objective reasonableness" in light of controlling federal law.]. *See also Gorromeo, supra* [ Commonwealth immigration officials cannot rely on local statutes to

disregard constitutional requirements].

## II. THE CONSPIRACY CLAIM IS PROPER

Aliens are a protected class for purposes of 42 U.S.C. § 1985(3). *Carchman v. Korman Corporation,* 456 F.Supp. 730, 737 (D.C.Pa.,1978). See*Vietnamese Fishermen's Association v. Knights of Ku Klux Klan*, 518 F.Supp. 993,1006 (S.D.Tex.1981). Indeed, the Ninth Circuit considers aliens as a class in need of protection under the civil rights laws. *Sagana,* 384 F.3d at 736 - 738.

The fifth claim states a claim for relief for conspiracy in violation of 42 U.S.C. § 1985(3).

## CONCLUSION

The third, fourth and fifth claims allege a claim for relief. If it is determined that any of the claims do not state a claim for relief as currently plead, plaintiff's request leave to amend any such claim. Lastly, Sablan and Lizama are not entitled to qualified immunity.

Law Office of G. Anthony Long

By: _G. Anthony Long_
    G. Anthony Long