1   MATTHEW  T.  GREGORY  # F0205
    Attorney General
2   GREGORY  BAKA  # F0199
    Deputy Attorney General
3   Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
    Caller Box 10007, Capital Hill
4   Saipan, MP  96950-8907
    Telephone:     (670) 664-2341
5   Fax:              (670) 664-2349
    E-mail:          gbaka79@yahoo.com
6
    Attorneys for Defendants
7

8

9               UNITED  STATES  DISTRICT  COURT

10          FOR  THE  NORTHERN  MARIANA  ISLANDS

11  AUTOMARINE,  INC.,  ROLANDO        )   CIVIL  ACTION  NO.  05-0042
    SENORAN,  BENJAMIN  T.  SANTOS,    )
12  AUGUSTO  SANTOS,  and  NORMANDY    )
    SANTOS,                            )
13                                     )
                Plaintiffs,            )
14                                     )   **ANSWER  TO  AMENDED**
         vs.                           )   **COMPLAINT;  CERTIFICATE**
15                                     )   **OF  SERVICE**
    ANTONIO  SABLAN, personally;       )
16  RICHARD  T.  LIZAMA, personally and )
    in his official capacity; and MEL  GREY )
17  in his official capacity,          )
                                       )
18              Defendants.            )
                                       )
19  _____)

20
            **COME  NOW  DEFENDANTS**, who would now answer the Plaintiffs' Complaint
21
    as follows:
22

23

24

25

1      1.  Plaintiffs' averments of jurisdiction set forth conclusions of law to which
2  no response is required.  To the extent that an answer by Defendant is deemed required,
3  they are admitted.

4      2-8.  Admitted.

5      9-11.  Plaintiffs' summaries of certain Covenant and statutory provisions sets forth
6  conclusions of law to which no response is required.  To the extent that an answer by
7  Defendants is deemed required, they are admitted.

8      12-13.  Defendants lack knowledge or information sufficient to form a belief as to
9  the truth of these averments and they are, therefore, denied.

10      14.  This averment sets forth conclusions of law to which no response is required.
11  To the extent that an answer by Defendants is deemed required, they are denied.

12      15.  Admitted.

13      16.  This averment sets forth conclusions of law to which no response is required.
14  To the extent that an answer by Defendants is deemed required, they are denied.

15      17-18.  Admitted.

16      19-20.  These averments set forth conclusions of law to which no response is
17  required.  To the extent that an answer by Defendants is deemed required, they are denied.

18      21-28.  Defendants lack knowledge or information sufficient to form a belief as to
19  the truth of these averments and they are, therefore, denied.

20      29-30.  These averments set forth conclusions of law to which no response is
21  required.  To the extent that an answer by Defendants is deemed required, they are denied,
22  insofar as they are inconsistent with the documents, which speak for themselves.

23      31-35.  Defendants lack knowledge or information sufficient to form a belief as to
24  the truth of these averments and they are, therefore, denied.

25

36.  These averments set forth conclusions of law to which no response is required. To the extent that an answer by Defendants is deemed required, they are denied, insofar as they are inconsistent with the documents, which speak for themselves.

37-42.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are, therefore, denied.

43-44.  These averments set forth conclusions of law to which no response is required.  To the extent that an answer by Defendants is deemed required, they are denied, insofar as they are inconsistent with the documents, which speak for themselves.

45-46.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are, therefore, denied.

47-48.  Admitted.

49-52.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are, therefore, denied.

53-55.  Admitted.

56.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are, therefore, denied.

57.  Denied.

58-59.  Admitted.

60.  Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are, therefore, denied.

## FIRST CLAIM FOR RELIEF

61.  Plaintiffs' incorporation by reference requires no response.  Defendants incorporate by reference their answers to Paragraphs 1 to 60 above.

62.  Admitted.

63. Defendants lack knowledge or information sufficient to form a belief as to the truth of these averments and they are, therefore, denied.

64. These averments state a legal conclusion summarizing 3 CMC § 4434(e)(1), which serves as the best evidence of its own contents, to which no responsive pleading is required. To the extent that an answer by Defendant is deemed required, they are denied based on the oversimplification inherent in the word "simply," and in the lack of a definition of "alien," but otherwise admitted.

65-69. Denied.

## SECOND CLAIM FOR RELIEF

70. Plaintiffs' incorporation by reference requires no response. Defendants incorporate by reference their answers to Paragraphs 1 to 67 above.

71-72. Admitted.

73. Denied. U.S. Coast Guard licenses issued to individuals are insufficient in and of themselves to authorize operation of a vessel. There are numerous other federal and Commonwealth statutory and regulatory provisions applicable, inter alia, based on the type of vessel, location of the vessel's operation, and the origin or destination (or both) of the voyage.

74. Denied. Comparing one law to another as "superior" assumes facts not averred nor in evidence, namely, that there is a conflict between them or that preemption applies. Defendants contend that the various laws each apply according to their proper substantive enactments.

75-76. Denied.

1

## THIRD THROUGH SIXTH CLAIMS FOR RELIEF

77-124.  These averments have been resolved through a settlement agreement between the parties and thus no response is required.  To the extent that an answer by Defendants is deemed required, they are denied.

## PRAYER FOR RELIEF
## FIRST CLAIM FOR RELIEF

125-128 (1-4).  The statements set forth in Paragraphs 1-4 of the Amended Complaint's Prayer for Relief (First Claim for Relief), are not allegations of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, Defendants deny these statements contained in these Paragraphs.  Further, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

## PRAYER FOR RELIEF
## SECOND CLAIM FOR RELIEF

129-132 (1-4).  The statements set forth in Paragraphs 1-4 of the Amended Complaint's Prayer for Relief (Second Claim for Relief), are not allegations of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, Defendants deny these statements contained in these Paragraphs.  Further, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**PRAYER FOR RELIEF**
**THIRD THROUGH SIXTH CLAIMS FOR RELIEF**

133-148 (1-4) (each, for Claims 3 through 6).  These averments have been resolved through a settlement agreement between the parties and thus no response is required.  To the extent that an answer by Defendants is deemed required, the statements set forth in Paragraphs 1-4 of the Amended Complaint's Prayer for Relief (Third through Sixth Claims for Relief), are not allegations of fact but legal conclusions and requests in the form of a prayer for relief, which require no response.  To the extent that a response is deemed required, Defendants deny these statements contained in these Paragraphs.  Further, Defendants deny that Plaintiffs are entitled to any relief whatsoever.

**GENERAL DENIALS**

149.  All averments that Defendants have not specifically admitted are denied.

150.  The headings are used for reference purposes only and do not constitute admissions.

**DEFENSES**

151.  Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

152.  Plaintiffs have failed to name indispensable parties — United States Citizenship and Immigration Services, the United States Coast Guard, the United States Department of Homeland Security, and the United States of America.

153.  Plaintiffs lack standing to assert preemption arguments on behalf of the federal government.

154.  Defendants reserve the right to assert additional defenses that are discovered during these proceedings as the facts warrant.

1       WHEREFORE, PREMISES CONSIDERED, Defendants pray that, upon hearing,

2  Plaintiffs be denied all relief sought, and for such other and further relief as the Court may

3  deem just and equitable.

4       Respectfully submitted,

5                     MATTHEW  T.  GREGORY  # F0205
                           Attorney General

6

7  Dated:  Friday, 22 December 2006.         *Gregory  Baka*

8                     GREGORY  BAKA  # F0199
                      Deputy Attorney General

9                     Attorneys for Defendants

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25  n:\ . . . \gbaka\civil\personnel law\Auto Marine v. Sablan\answer.to.AC.pld.wpd

## CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

1.    I am eighteen years of age or older, and I certify that I caused to be served the following document(s) to the last known address(es) listed below on the date(s) indicated.

**ANSWER  TO  AMENDED  COMPLAINT;  CERTIFICATE OF SERVICE**

2.    As set forth below, this service was accomplished either by personal delivery; U.S. Mail; deposit with the Clerk of Court (in attorney's box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

| | |
|---|---|
| G. Anthony Long, Esq. #F0162 | Attorney for Plaintiff |
| Beach Road, San Jose | Telephone:   (670) 235-4802 |
| P. O. Box 504970 | Fax:            (670) 235-4801 |
| Saipan, MP  96950-4970 | E-mail:       gal@nmilaw.com |

**Via Electronic Service**

3.    I declare under penalty of perjury that the foregoing is true and correct.  Executed on Friday, 22 December 2006.

_____Gregory Baka_____
Deputy Attorney General
Attorney for Defendants

8