1   MATTHEW  T.  GREGORY  # F0205
    Attorney General
2   GREGORY  BAKA  # F0199
    Deputy Attorney General
3   OFFICE  OF  THE  ATTORNEY  GENERAL
    Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
4   Caller Box 10007, Capital Hill
    Saipan, MP  96950-8907
5   Telephone:     (670) 664-2341
    Fax:           (670) 664-2349
6   E-mail:        gbaka79@yahoo.com

7   Attorneys for Defendants Antonio Sablan,
    Mel Grey, and Richard T. Lizama
8

9
                 UNITED  STATES  DISTRICT  COURT
10
             FOR  THE  NORTHERN  MARIANA  ISLANDS
11

12
    AUTO MARINE, INC., ROLANDO          )   CIVIL  ACTION  NO.  05-0042
13  SENORAN, BENJAMIN T. SANTOS,        )
    AUGUSTO SANTOS and NORMANDY         )
14  SANTOS,                             )   **DEFENDANTS'  MOTION  TO**
                                        )   **DISMISS  FIRST  AND  SECOND**
15                 Plaintiffs,          )   **CLAIMS  FOR  RELIEF  OF**
                                        )   **AMENDED  COMPLAINT;**
16             vs.                      )   **CERTIFICATE  OF  SERVICE**
                                        )
17  ANTONIO SABLAN, MEL GREY in his     )
    official capacity as Acting Director of )
18  Immigration, and RICHARD T. LIZAMA, )   Hearing:    Thursday, 21 June 2007
    personally and in his official capacity, )   Time:       9:00 a.m.
19                                      )   Judge:      Hon. Alex R. Munson
                   Defendants.          )
20  ─────────────────────────────────  )

21

22      **PLEASE  TAKE  NOTICE**, pursuant to Local Rule 7.1.b., that Defendants move

23  to dismiss the First and Second Claims for Relief of the Amended Complaint, as set forth

24  below.

25

1  **COME  NOW**  the Defendants, through their counsel the Commonwealth of the

2  Northern Mariana Islands (CNMI) Office of the Attorney General, and move pursuant to

3  Federal Rule of Civil Procedure 12(b)(6) to dismiss the First and Second Claims for Relief

4  of the Amended Complaint.

5

6  ## I.  INTRODUCTION

7  The First and Second Claims for Relief contest the validity of Title 3,

8  Commonwealth Code, Subsection 4434(e)(1), which provides as follows:

9  **§ 4434.        Procedure and Requirements: Approval of Contract by Director.**

10      After entering into a nonresident employment agreement pursuant to 3 CMC
    § 4433, an employer may use a nonresident worker to fill the job vacancy covered
11   by this agreement, subject to the following procedures and conditions:

12   * * * *

13   (e)    (1)  The Director of Labor shall not approve nonresident worker certificates
    for the following job classifications: taxi cab driver, secretary, bookkeeper,
14   accounting clerk, messenger, receptionist, surface tour boat operator, bus driver,
    including tour bus driver, and telephone switchboard operator.
15

16  3 CMC § 4434(e)(1) (2004).  *See* Amended Complaint ¶ 48.

17      The challenge raised in the First Claim for Relief is based on the Equal Protection

18  Clause of the Fourteenth Amendment.  *See* Amended Complaint ¶¶ 64-69.  Plaintiffs assert

19  that the prohibition against non-immigrant aliens[1] working as surface tour boat operators

20  and commercial vehicle operators violates Equal Protection by restricting employment

21  solely on the basis of alienage.  Amended Complaint ¶ 65.  They argue that there is no

22  rational basis for this prohibition, that it "does not serve any compelling governmental

23

24      [1]  While commonly referred to in the CNMI as "nonresident aliens" even after their
    arrival, based on their status before they ever came to the CNMI, for clarity the term
    "non-immigrant alien" will be used.  *See Yang v. American Int'l Knitters Corp.*,
25  789 F. Supp. 1074, 1076-77 (D.N.M.I. 1992).

2

1    reason, is not substantially related to any important governmental objective and does not

2    have any rational relationship to any legitimate governmental objective."  Amended

3    Complaint ¶ 66.  Plaintiffs allege that Subsection 4434(e)(1) is invalid on its face and as

4    applied.  Amended Complaint ¶¶ 67-68.

5         The Second Claim for Relief advances the theory that Title 3, Commonwealth Code,

6    Subsection 4434(e)(1), barring non-immigrant aliens from surface tour boat operator work,

7    is preempted by federal jurisdiction over the coastal submerged lands and by U.S. Coast

8    Guard licensing authority over vessel operators.  Amended Complaint ¶¶ 72-75.

9         Both these claims fail to state a cognizable legal theory as a matter of law.  With

10   respect to Equal Protection, the statutory preference for U.S. citizens and immigrant aliens

11   over non-immigrant aliens not only has a rational basis but is substantially related to

12   important CNMI governmental interests.  As to preemption, criminal immigration law

13   applies extraterritorially, federal jurisdiction over the CNMI's coastal waters is not

14   exclusive, and Coast Guard licensure to ensure maritime safety does not preempt

15   CNMI employment or immigration law that is in no way inconsistent with federal law.

16

17              **II. STANDARD  FOR  MOTION  TO  DISMISS**

18        A Rule 12(b)(6) dismissal is proper only where there is either a "lack of
          a cognizable legal theory" or "the absence of sufficient facts alleged under
19        a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696,
          699 (9th Cir.1988).  In considering a motion to dismiss for failure to state a
20        claim, a court must accept as true all material allegations in the complaint, as
          well as reasonable inferences to be drawn from them. However, a court need
21        not accept as true unreasonable inferences, unwarranted deductions of fact, or
          conclusory legal allegations cast in the form of factual allegations.  *See, e.g.,*
22        *Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994)
          (internal quotation omitted).
23

24   *Doe I v. The Gap, Inc.*, 2001 WL 1842389 * 1 (D.N.M.I. 2001).

25

### III.  ARGUMENT

**A.  The CNMI immigration scheme does not violate Equal Protection.**

At the heart of this dispute is an immigration provision, Title 3, Commonwealth Code, Subsection 4434(e)(1), prohibiting non-immigrant aliens from moving to the CNMI to take certain jobs set aside for U.S. citizens and immigrant aliens (permanent residents), including work as a surface tour boat operator or commercial vehicle operator.

"[O]ver no conceivable subject is the legislative power of Congress more complete than it is over" the admission of aliens.  *Oceanic Steam Navigation Co. v. Stranahan*, 214 U.S. 320, 339 (1909) (upholding civil fine for transporting immigrants with contagious disease).  While the CNMI does not have the full panoply of powers related to foreign affairs and national defense, this Court has recognized the important governmental interests at stake in deciding who may enter the CNMI and what they can do once they arrive.

The Nonresident Workers Act, 4 CMC §§ 4411-52, as with deportation of overstaying tourists or visitors, is "substantially related to important CNMI governmental interests in controlling immigration to preserve the local culture and maintaining economic opportunity for indigenous residents while at the same time promoting tourism, a mainstay of the local economy."  *Tran v. Northern Mariana Islands*, 780 F.Supp. 709, 714 (D.N.M.I. 1991) (deportee has no right to work in NMI), *aff'd*, 933 F.2d 884 (9th Cir. 1993) (mem).  In fact, the very first sentence of the Act sets forth the policy reasons for its enactment, which clearly apply to reserving jobs as a surface tour boat operator or commercial vehicle operator for U.S. citizens and permanent residents.  "The legislature finds and declares that it is essential to a balanced and stable economy in the Commonwealth that residents be given preference in employment and that any necessary

1  employment of nonresident workers in the Commonwealth not impair the wages and

2  working conditions of resident workers."  4 CMC § 4411(a).

3      And of course employment-based visas are common in the federal immigration

4  system under Title 8 of the U.S. Code, such as the H-1 and H-2 visa, where the immigrant

5  is limited to a particular employment such as nurse.  If there is no Equal Protection

6  violation in conditioning entry upon employment in a certain category, perforce there is no

7  violation in limiting these non-immigrants to all but a narrow class of jobs that have been

8  reserved for  U.S. citizens and permanent residents, "to preserve the local culture and

9  maintain[ ] economic opportunity for indigenous residents while at the same time

10  promoting tourism, a mainstay of the local economy." *Tran* at 714.

11      At this late date, the power of the CNMI to condition entry upon certain limitations

12  on permissible employment is well established, so a constitutional challenge on to the

13  statute on its face does not lie.  Nor have the Plaintiffs alleged any facts with respect to

14  them particularly that would show that Subsection 4434(e)(1) denies them Equal

15  Protection as applied.  The Equal Protection challenge should be dismissed.

16

17  **B.  Current federal law does not preempt CNMI immigration law.**

18      The more novel of Plaintiffs' theories is that CNMI immigration law, in particular

19  the provisions reserving surface tour boat operator employment for locals (as opposed to

20  non-immigrant aliens), 3 CMC § 4434(e)(1) (2004), is preempted by federal jurisdiction

21  over the coastal submerged lands and by U.S. Coast Guard licensing authority over vessel

22  operators.  Amended Complaint ¶¶ 72-75.  However, criminal immigration law applies

23  extraterritorially, federal jurisdiction over the CNMI's coastal waters is not exclusive, and

24  Coast Guard licensure to ensure maritime safety is not inconsistent with and does not

25  preempt CNMI employment or immigration law.

1        **1.  Extraterritorial immigration jurisdiction.**

2        With respect to federal law, there is no doubt that the United States has

3    extraterritorial jurisdiction to prosecute immigration offenses perpetrated against the

4    sovereignty of the United States.  *See, e.g., United States v. Chen*, 2 F.3d 330, 333-34

5    (9th Cir. 1993); *United States v. Aguilar*, 883 F.2d 662, 692 (9th Cir. 1989).  For instance,

6    by its very nature "attempted illegal entry" must occur outside the immigration boundaries,

7    otherwise it would be a consummated smuggling offense rather than an attempt.  The same

8    principles apply to CNMI immigration law, or any criminal offense.  As long as there is a

9    nexus with the forum, it is not required that the acts occur within the CNMI.

10        In this case, the individual Plaintiffs entered the Commonwealth under CNMI

11    immigration law, to work at specific jobs.  They lived in the CNMI, were paid in the

12    CNMI, and employed in the CNMI, by a business established under CNMI law.  When

13    they undertook tasks prohibited by CNMI law, they took the place of someone residing in

14    the CNMI who could operate, or be trained to operate, a boat legally.

15

16        **2.  Concurrent jurisdiction over waters above submerged lands.**

17        The fact that the federal government has title to certain submerged lands

18    surrounding the Commonwealth does not divest the CNMI of police powers in the waters

19    above it.

20        For example, the Commonwealth may regulate the local fishery and fishermen to the

21    extent of the federal exclusive economic zone.  *Hughes v. Oklahoma*, 441 U.S. 322 (1979)

22    (states' interests in conservation and protection of wild animals are legitimate local

23    purposes similar to states' interests in protecting health and safety of their citizens, and

24    state's interest in maintaining ecological balance in state water).  The CNMI's police

25    power to regulate the local fishery is not preempted by federal law.  *Anderson Seafoods,*

1   *Inc. v. Graham*, 529 F. Supp. 512 (N.D. Fla. 1982) (Congress's reservation of state

2   authority to regulate fishing indicates it did not intend complete preemption).  *See also*

3   *People v. Weeren*, 26 Cal.3d 654, 163 Cal.Rptr. 255, 607 P.2d 1279 (Cal. 1980),

4   *cert. denied*, 449 U.S. 839 (1980).

5        Likewise, the exact boundaries of the CNMI's "internal waters" have yet to be

6   definitively resolved.  *See* N.M.I. Att'y Gen. Op. 07-01 (draft) (attached).

7        The assertion that *Northern Mariana Islands v. United States*, 399 F.3d 1057

8   (9th Cir. 2005), somehow divests the Commonwealth of jurisdiction to enforce its

9   immigration laws in the Saipan lagoon or other internal waters of the CNMI, or even in

10  adjacent federal waters, is unsupportable.

11       The CNMI retains concurrent jurisdiction to enforce its immigration laws in these

12  waters.

13

14  **3.  Maritime safety legislation does not preempt employment and immigration**

15  **law.**

16       The final creative argument imagined by Plaintiffs is the notion that U.S. Coast

17  Guard licensure divests the CNMI of the ability to enforce its immigration and alien

18  employment laws.  Under this concept, because the individual Plaintiffs have their vessel

19  operator licenses, they should then be equally entitled to go to Los Angeles and drive boats

20  there, regardless of federal immigration law.  Of course, this is nonsense.

21       Preemption is a vast field of law, but suffice it to say that the Supreme Court has

22  cautioned that "inflexible application of [preemption] doctrine is to be avoided, especially

23  where the State has a substantial interest in regulation of the conduct at issue and the

24  State's interest is one that does not threaten undue interference with the federal regulatory

25  scheme." *Farmer v. United Bhd. of Carpenters*, 430 U.S. 290, 302 (1977).  Here, the

1   enforcement of CNMI immigration law creates no interference with U.S. Coast Guard

2   maritime safety concerns.  The U.S. citizens or permanent residents whom Plaintiff Auto

3   Marine, Inc. **should** have hired to operate the boats are still required by federal law to

4   obtain U.S. Coast Guard licenses, and CNMI immigration law does not even attempt to

5   contravene this.

6          In sum, the The Second Claim for Relief, asserting U.S. Coast Guard preemption,

7   holds no water.

8

9                              **IV.  CONCLUSION**

10         Neither the Equal Protection nor the federal preemption Claims for Relief state a

11  valid cause of action.  These first two should be dismissed.

12         Respectfully submitted,

                                        OFFICE  OF  THE  ATTORNEY  GENERAL
13
                                        MATTHEW  T.  GREGORY  # F0205
14                                      Attorney General

15
                                        _____
16  Dated:  Thursday, 24 May 2007.      GREGORY  BAKA  # F0199
                                        Deputy Attorney General
17
                                        Attorneys for Defendants
18

19

20  n:\ . . . \gbaka\civil\immigration\Auto Marine v. Lizama\MTD.1st.&.2nd.claims.for.relief.of.AC.pld.wpd

21

22

23

24

25

1

**CERTIFICATE OF SERVICE**

2        Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

3    1.        I am eighteen years of age or older, and I certify that I caused to be served the following

4    documents to the last known address(es) listed below on the date(s) indicated.

5        **DEFENDANTS' MOTION TO DISMISS FIRST AND SECOND CLAIMS FOR
         RELIEF OF AMENDED COMPLAINT; CERTIFICATE OF SERVICE**

6

7    2.        As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with

8    Clerk of Court (in attorney box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

9    G. Anthony Long, Esq.  # F0162              Attorney for Plaintiffs
     Beach Road, Oleai                           Tel:  (670) 235-4802
     P. O. Box 504970                            Fax:  (670) 235-4801
10   Saipan, MP  96950-4970                      E-mail:  logalaw@gmail.com, gal@nmilaw.com
                                                 **Via Electronic Service**
11

12   3.        I declare under penalty of perjury that the foregoing is true and correct.  Executed on

13   Thursday, 24 May 2007.

14                                         _Gregory Baka_
                                           Deputy Attorney General
15                                         Attorney for Defendants

16

17

18

19

20

21

22

23

24

25