Law Office of G. Anthony Long
P. O. Box 504970
Beach Road
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS AUGSTO SANTOS and NORMANDY SANTOS<br><br>        Plaintiffs<br><br>    v.<br><br>MEL GREY, personally and in his official capacity, and RICHARD T. LIZAMA, personally and in his official capacity<br><br>        Defendants.<br>_____ | ) CIVIL ACTION No. 05-0042<br>)<br>)<br>)<br>)<br>)<br>) PLAINTIFF'S MEMORANDUM<br>) OPPOSING DISMISSAL OF THE<br>) FIRST and SECOND CLAIMS<br>) FOR RELIEF<br>)<br>)<br>)<br>) Date: July 12, 2007<br>)<br>) Time: 9:00 a.m. |

**I.   DEFENDANT'S MOTION IS ONE FOR SUMMARY JUDGMENT NOT FOR DISMISSAL**

A motion to dismiss under FRCP Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint. *Bureerong v. Uvawas*, 922 F.Supp. 1450,

Page 1 of 10

1462 (C.D.Cal. 1996). A Rule 12(b)(6) dismissal is proper only where there is a "lack of a cognizable legal theory" *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir.1988) or where it appears beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle plaintiff to relief. *Yamaguchi v. Department of the Air Force*, 109 F.3d 1475, 1480 (9th Cir.1997); *Parks School of Business, Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir.1995). In ruling on a Rule 12 (b)(6) motion, all allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mutual Insurance Co.*, 80 F.3d 336, 337-38 (9th Cir.1996).

The federal pleading rules only require a plaintiff to give "fair notice" of the claim and its basis. *Sagana v. Tenorio*, 384 F.3d 731, 736 (9th Cir. 2004). To state a claim under § 1983, a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law. *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006). Defendant Grey, in his official capacity, ("Grey"), does not contest or challenge any of the elements of plaintiff's 1983 claims. Instead, he contends that Auto Marine cannot prove its claims. This makes the motion one for summary judgment and not a Rule 12 dismissal.

*Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir 1982). If this court intends to treat the Rule 12 motion as one for summary judgment, then Auto Marine must be given advance notice as well as a reasonable opportunity to submit evidence in opposition to the summary judgment. *Id*.

Nevertheless, dismissal is not appropriate for either claim for relief.

## II.    DEFENDANT IS  NOT ENTITLED TO DISMISSAL OR SUMMARY JUDGMENT ON THE FIRST CLAIM FOR RELIEF AS A MATTER OF LAW

The complaint does not seek to declare the entire Non-resident Workers Act ("NWA") unconstitutional. Instead, it challenges the constitutionality of a specific statute under the NWA. As held by *Sagana v. Tenorio*, 384 F.3d 731 (9th Cir. 2004):

> [i]n holding that the NWA as a whole passes both rational basis review and intermediate scrutiny, we take no position on whether individual sections of the NWA would satisfy a more focused Equal Protection challenge. **Our decision does not foreclose the possibility that discrete elements of the CNMI's temporary worker program could violate the equal protection rights of nonresident workers**.

384 F.3d at 741 - 742(emphasis added). The first claim for relief alleges that 3

CMC § 4434(e)(1) violates equal protection on its face or as applied[1]. Gray seeks to defeat this claim on grounds that the constitutionality of § 4434(e)(1) must be analyzed by the rational basis test and that a rational basis exists for the legislation. Auto Marine disputes application of the rational basis test.

*Sirilan v. Castro*, 1 C.R. 1082(D.N.M.I. App. Div 1984) holds that the immediate level of review applies to the Commonwealth's immigration powers. *Id* at 1118 - 1119, 1125, and 1130. *Chun Nam Kin v. Government of the Northern Mariana Islands*, 1989 WL 311391 at 4 (D.N.Mar.I. 1989), relying on *Sirilan,* applied the intermediate level of review. *Tran v. Commonwealth of Northern Mariana Islands* 780 F.Supp. 709 (D.N.M.I. 1991) and *Yang v. American Intern. Knitters Corporation*, 789 F.Supp. 1074, 1077 (D.N.M.I. 1992) declined to decide whether intermediate scrutiny or rational basis constituted the applicable analysis for a NWA statute. In *Sagana*, the parties disagreed on whether the intermediate or rational basis test applied to the challenge to the NWA. 384 F.3d at

---

[1] Section 4434(e)(1) provides that:

> The Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator.

740 - 741.  Sagana, did not decide what standard of review applied to the NWA because the entire Act survived scrutiny regardless of what standard was applied. *Id*.  Since *Sagana* did not decide the applicable level of judicial scrutiny, it is an open issue as to  the level of scrutiny applicable to statutes passed under the NWA.  *See Sakamoto v. Duty Free Shoppers, Ltd.*, 764 F.2d 1285, 1288 (9th Cir.1985) [Questions not specifically ruled on are not of any precedential value or controlling authority]; *Sorenson v. Mink*, 239 F.3d 1140, 1143 (9th Cir. 2001)(same). Auto Marine contends strict scrutiny applies.

Grey seems to assert that rational basis applies because the Commonwealth, like the federal government, controls its own immigration. *Sagana* precludes this argument. Although *Sagana* did not decide what level of scrutiny applied to the NWA, *Sagana* **does** expressly hold that "the Fourteenth Amendment applies to the CNMI 'as if the Northern Mariana Islands were one of the several states.'" 384 F.3d at 740. *See also Basiente v. Glickman*, 242 F.3d 1137, 1143 - 1144 (9th Cir. 2001). Indeed, even the Commonwealth Supreme Court recognizes that "[t]he Government of the Northern Mariana Islands is to be considered a State government for the purpose of applying the Equal  Protection Clause." *Commonwealth of Northern Mariana Islands v. Attao*,  2005 MP 8 at n.9, 2005 WL 3776312 at 4 n. 9 (2005). This means the equal protection clause of the 14th

Amendment applies to the Commonwealth as if it were a State, and not as if the Commonwealth was the federal government.

It is settled law that, when a state statute involves a classification such as alienage, the statute is subject to strict scrutiny. *Graham v. Richardson*, 403 U.S. 365, 372, 91 S.Ct. 1848, 1852, 29 L.Ed.2d 534 (1971). Accordingly, a state statute which discriminates in employment based on alienage violates equal protection if it does not satisfy the strict scrutiny analysis. *Bernal v. Fainter*, 467 U.S. 216, 104 S.Ct. 2312, 81 L.Ed.2d 175 (1984)[ state law denying alien the right to become a notary public struck down under strict scrutiny equal protection analysis]; *Examining Board v. Flores de Otero*, 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976)[ Puerto Rico statute that only permitted United States citizens to practice privately as civil engineers unconstitutional pursuant to strict scrutiny ]; *Sugarman v. Dougall*, 413 U.S. 634, 93 S. Ct. 2842, 37 L.Ed.2d 853 (1973)[State law barring aliens from permanent positions in state civil service violates equal protection clause of 14th Amendment as it does not satisfy strict scrutiny]; *In Re Griffins*, 413 U.S. 717, 93 S. Ct. 2851, 37 L.Ed.2d 910 (1973)[State rule precluding resident aliens from being admitted to State Bar stricken as rule did not satisfy strict scrutiny]. To withstand strict scrutiny a statute must meet a two prong test which is 1) the statute must serve a compelling state

interest and 2) it must be precisely tailored to serve the compelling interest. *Pyler v. DOE*, 457 U.S. 202, 216, 217, 102 S.Ct. 2382, 2394, 2395, 72 L.Ed.2d 786 (1982). The "precisely tailored" requirement means that the method used to further the compelling state interest is the least restrictive way of doing so. *Goehring v. Brophy*, 94 F.3d 1294 (9th Cir. 1996).

Section 4434(e)(1) bars employment in a particular job based solely on alienage. *Sagana* mandates applying the 14th Amendment to the Commonwealth as if it were as State. This means strict scrutiny applies to Commonwealth statutes, such as § 4434(e)(1), which discriminate on the basis of alienage. Defendants have not and can not identify any compelling governmental reason justifying § 4434(e)(1).

If, for some reason, this Court determines that strict scrutiny does not apply, then it should follow *Sirilan* and apply the intermediate level of scrutiny. Section 4434(e)(1) can not survive the intermediate level of scrutiny. *See Truax v. Raich*, 239 U.S. 33, 36 S.Ct. 7, 60 L.Ed. 131 (1915)[Invalidating, on equal protection grounds, a state law requiring companies to employ 80% United States citizens].

Similarly, if the rational basis test applies, Grey is still not entitled to dismissal of the first claim for relief. First, Grey does not show or demonstrate how § 4434(e)(1) or more specifically, restricting employment of aliens who

possess US Coast Guard boat captains license, furthers any rational or legitimate goal of the Commonwealth. Furthermore, the allegations regarding hte motivation for enforcing the statute in this case precludes dismissal.

The equal protection guarantee protects not only groups, but individuals who would constitute a "class of one." *Village of Willowbrook v. Olech*, 528 U.S. 562, 564, 120 S.Ct. 1073, 145 L.Ed.2d 1060 (2000). Thus, when state action does not implicate a fundamental right or a suspect classification, a plaintiff can establish a "class of one" equal protection claim by demonstrating that it "has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *Id*, 528 U.S. at 564, 120 S.Ct. 1073. Even more so, the 9th Circuit recognizes that an equal protection claim can be premised on selective enforcement of valid laws, if a plaintiff can show that the defendants' basis for selectively enforcing the law is a pretext for personal animosity, or to drive a company out of business or for some other arbitrary or improper basis. *Squaw Valley Development Co.*, 375 F.3d at 944 - 947. *See Patel v. Penman*, 103 F.3d 868, 876 (9th Cir. 1996)[If the local government was in fact using its code enforcement process not to enforce compliance with the codes but rather to drive certain company's out of business, then the alleged basis for code-enforcement the would be the type of pretextual rationale supporting an

equal-protection violation].

### III. DEFENDANT IS NOT ENTITLED TO DISMISSAL OR SUMMARY JUDGMENT ON THE FIRST CLAIM FOR RELIEF AS A MATTER OF LAW

The paramountcy doctrine vests the United States with sovereign control over the submerged lands under the waters adjacent to the Commonwealth. *Northern Mariana Islands v. United States*, 399 F.3d 1057 (9th Cir. 2005). Grey contends that despite the paramountcy doctrine, the Commonwealth maintains control over the waters above the submerged lands and hence, can regulate who can be employed as a boat captain. This contention is foreclosed by *Native Village of Eyak v. Trawler Diane Marie, Inc.*, 154 F.3d 1090 (9th Cir. 1998)("*Eyak I*").

In *Eyak I,* an Indian tribe contended that while the United States controlled the submerged lands, the tribe possessed exclusive rights over hunting and fishing over portions of the submerged lands. The Ninth Circuit rejected the argument concluding that it was barred by the paramountcy doctrine. 1094 - 1097. *Eyak I's* rational and holding apply to this case wherein the Commonwealth claims its right or authority to regulate navigation and boating on the waters above the submerged land is not subordinate to the United States law.

Moreover, it should be noted that Coast Guard regulations are given pre-

emptive effect over conflicting state law. *United States v. Massachusetts*, --- F.3d ----, 2007 WL 1775913 at 4 (1st Cir. 2007).

## CONCLUSION

Auto Marine's alien employees possessed valid boat captain licenses issued by the United States Coast Guard. The Commonwealth claims that it can deny these persons the right to work as a boat captain on the basis of their alienage is a fundamental breach of equal protection. Furthermore, the United States, and not the Commonwealth, owns and controls the submerged lands adjacent to the Commonwealth. This paramountcy doctrine also vests the United States with authority over the use and control over the waters above the submerged lands. Lastly, since § 4434(e)(1), at least as it is applied int his case, conflicts with the federal law and Coast Guard regulations concerning who may work as a boat captain. This conflict results in the federal law controlling the issue.

Law Office of G. Anthony Long

By:_____/s/_____
G. Anthony Long