MATTHEW T. GREGORY  # F0205
Attorney General
GREGORY BAKA  # F0199
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP  96950-8907
Telephone:   (670) 664-2341
Fax:              (670) 664-2349
E-mail:         gbaka79@yahoo.com

Attorneys for Defendants Antonio Sablan,
Mel Grey, and Richard T. Lizama

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS, AUGUSTO SANTOS and NORMANDY SANTOS,<br><br>        Plaintiffs,<br><br>    vs.<br><br>ANTONIO SABLAN, MEL GREY in his official capacity as Acting Director of Immigration, and RICHARD T. LIZAMA, personally and in his official capacity,<br><br>        Defendants. | CIVIL ACTION NO. 05-0042<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AND SECOND CLAIMS FOR RELIEF OF AMENDED COMPLAINT; CERTIFICATE OF SERVICE**<br><br>Hearing:  Thursday, 12 July 2007<br>Time:      9:00 a.m.<br>Judge:    Hon. Alex R. Munson |

**COME NOW** the Defendants, through their counsel the Commonwealth of the Northern Mariana Islands (CNMI) Office of the Attorney General, and submit this Reply in support of their Motion to Dismiss (MTD) the First and Second Claims for Relief of the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

# I. THIS IS NOT A MOTION FOR SUMMARY JUDGMENT

Contrary to Plaintiffs' suggestion, Pls.' Opp. at 3, lines 9-10, Defendants have made no argument that Plaintiffs seek to declare the entire Nonresident Workers Act (NWA) unconstitutional.[1]  The parties are clear that it is only the validity of a portion of the NWA, specifically Title 3, Commonwealth Code, Subsection 4434(e)(1), which is at stake.  Pls.' Opp. at 3, lines 10-11; Defs.' MTD at 2, lines 7-18 and at 3, lines 5-8.

In arguing that Defendants' Partial Motion to Dismiss is actually a disguised Motion for Summary Judgment, Pls.' Opp. at 1, line 16 and at 2, lines 18-19, thus entitling Plaintiffs to an opportunity to submit evidence in opposition to Defendants' putative factual assertions, Pls.' Opp. at 3, lines 1-4, the Plaintiffs rely upon a flatly incorrect statement that Defendant Grey, CNMI Director of Immigration, "contends that Auto Marine cannot prove its claims."  Pls.' Opp. at 2, line 18 (with no citation to MTD).  He contends no such thing.

To the contrary, Defendants are clear throughout their partial MTD that the defect of the first two claims for relief in the Amended Complaint is that those claims fail to state a cognizable legal theory as a matter of law.  Defs.' MTD at 3, lines 9-15 (overview); at page 5, lines 5-8 (legality of conditioning entry upon employment); at page 5, lines 22-25 (preemption overview); at page 6, lines 7-9 (extraterritorial immigration jurisdiction); at page 7, lines 7-12 (concurrent jurisdiction over waters); at page 8, lines 1-2 (Maritime safety legislation not preemptive of immigration law); and at page 8, lines 10-11 (conclusion).

---

[1] Defendants' argument that "[a]t this late date, . . . a constitutional challenge [ ] to the statute on its face does not lie," Defs.' MTD at 5, lines 11-13, refers to the statute at issue in this case, Title 3, Commonwealth Code, Subsection 4434(e)(1), rather than exclusively the entire NWA.  Defs.' MTD at 4, lines 3-6 and at 5, lines 13-15.

1   Indeed, Plaintiffs correctly acknowledge that Director Grey "does not contest or
2   challenge any of the elements of plaintiff's 1983 claims." Pls.' Opp. at 2, line 16-18.
3   Moreover, the parties rely on the same law.

> A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).

Defs.' MTD at 3, lines 18-19 (quoting *Doe I v. The Gap, Inc.*, 2001 WL 1842389 *1 (D.N.M.I. 2001)); Pls.' Opp. at 3, lines 1-3 (omitting second quote). Likewise, the parties agree that the Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them, Defs.' MTD at 3, lines 20-11; Pls.' Opp. at 3, lines 7-8, construed in the light most favorable to the nonmoving party. Pls.' Opp. at 3, lines 8-9.

The Plaintiffs' challenge to Title 3, Commonwealth Code, Subsection 4434(e)(1) raised in the First Claim for Relief is based on the Equal Protection Clause of the Fourteenth Amendment. *See* Amended Complaint ¶¶ 64-69. The Second Claim for Relief advances the theory that Title 3, Commonwealth Code, Subsection 4434(e)(1), barring non-immigrant aliens from surface tour boat operator work, is preempted by federal jurisdiction over the coastal submerged lands and by U.S. Coast Guard licensing authority over vessel operators. Amended Complaint ¶¶ 72-75.

While not stated in their Opposition, the Plaintiffs' request that the Court treat the motion as one for summary judgment, Pls.' Opp. at 2, line 16 to page 3, line 4, is actually based on Federal Rule of Civil Procedure 12(b)(6), final sentence, which provides:

> If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56,

and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12(b)(6), final sent.  Yet significantly, in their partial MTD Defendants introduce no new facts that would transform their Motion to Dismiss into a Motion for Summary Judgment.  In discussing the judicially recognized legislative antecedents and findings with respect to the Nonresident Workers Act, which applies equally to the subsection at issue, or in providing an example (nurse) of a position subject to a federal occupational employment visa, Defendants raise no questions of material fact as to the First Claim for Relief.  *See generally* Defs.' MTD at 4-5.

Likewise, the reference to hypothetical facts in Defendants' non-preemption argument as to the Second Claim for Relief, *see* Defs.' MTD at 5-8, does not transform their motion into one for summary judgment.  For instance, this language from the MTD might be asserted as evidence that it is really a motion for summary judgment

> In this case, the individual Plaintiffs entered the Commonwealth under CNMI immigration law, to work at specific jobs.  They lived in the CNMI, were paid in the CNMI, and employed in the CNMI, by a business established under CNMI law.  When they undertook tasks prohibited by CNMI law, they took the place of someone residing in the CNMI who could operate, or be trained to operate, a boat legally.

Defs.' MTD at 6, lines 10-14.  It is alleged that the individual Plaintiffs are citizens of the Philippines.  Amended Complaint ¶ 3.  Their employer is a corporation formed under CNMI law.  Amended Complaint ¶ 2.  The former Division of Immigration Services is alleged to administer CNMI immigration laws allowing employers to hire aliens to work within the CNMI.  Amended Complaint ¶¶ 11, 14.  The individual Plaintiffs have been hired by their employers, under alien labor contracts approved by the CNMI.  Amended Complaint ¶¶ 22-23, 28-30, 35-36, 42-44, 49-52, 56-57, 60.  The first two quoted

1 sentences are thus either taken from the Amended Complaint, or are reasonable inferences
2 therefrom.

3      As to the final sentence about Plaintiffs taking the place of others legally authorized
4 to perform such work, this is an argument based on the aspirational legislative policy in
5 enacting the NWA, not a factual statement requiring an affidavit, statistics, and
6 depositions.  The argument could be countered, for instance, because it is hypothetically
7 possible that Auto Marine is a family-operated business with no intention to hire outsiders,
8 and if the individual Plaintiffs could not lawfully be hired, the owners would prefer to shut
9 down the company.  Or maybe no qualified U.S. citizens, permanent residents, or
10 immediate relatives are available.  But the point of Defendants' quoted MTD argument is
11 not to establish a material fact, but to emphasize the rational basis, or even important state
12 interest, in Title 3, Commonwealth Code, Subsection 4434(e)(1).

13      Similarly, the argument that "[t]he U.S. citizens or permanent residents whom
14 Plaintiff Auto Marine, Inc. ***should*** have hired to operate the boats are still required by
15 federal law to obtain U.S. Coast Guard licenses," Defs.' MTD at 8, lines 2-4, is one about
16 the recognized purposes of the legislation, not the actual availability of willing employees
17 at a particular moment in time.

18      In sum, no facts have been introduced by Defendants that would transform their
19 Motion to Dismiss into a motion for summary judgment under Federal Rule of Civil
20 Procedure 12(b)(6), final sentence.

21

22      **II. STRICT SCRUTINY IS BARRED BY CIRCUIT PRECEDENT**
23      There are three standards of scrutiny that theoretically could be applied in analyzing
24 the constitutionality of immigration laws based upon alienage.  Deferential scrutiny applies
25 the rational basis test.  Intermediate scrutiny applies an important state interest

examination, and is used for gender. Strict scrutiny requires a compelling state interest. Whether the rational basis test or intermediate scrutiny applies to CNMI immigration laws remains an open question, both in the District and in the Circuit. *Tran v. Northern Mariana Islands*, 780 F.Supp. 709, 713-14 (D.N.M.I. 1991); *Yang v. Amer. Int'l Knitters Corp.*, 789 F.Supp. 1074, 1078 (D.N.M.I. 1992); *Sagana v. Tenorio*, 384 F.3d 731, 740-42 (9th Cir. 2004). *See also* Pls.' Opp. at 4-5.

*Sirilan v. Castro*, 1 C.R. 1082, 1118-19, 1125, 1130 (D.N.M.I. App. Div. 1984), relied upon by Plaintiffs, applied CNMI immigration laws to intermediate scrutiny under the **CNMI** Constitution, not the federal one. *Id. Chun Nam Kin v. Northern Mariana Islands,* 3 C.R. 608, 612, 1989 WL 311391 (D.N.M.I. 1989) was cited but not followed in *Tran* and *Yang*.

One thing is clear, however, and that is that strict scrutiny does not apply. The Ninth Circuit's "holding that the NWA as a whole passes both rational basis review and intermediate scrutiny" *Sagana*, 384 F.3d at 741, necessarily means that strict scrutiny is absolutely not warranted. The argument that the CNMI is to be treated as a state provides no assistance, because not one of the fifty states controls its own immigration. Therefore, there is not a single case interpreting the standard of scrutiny to be applied to state immigration laws. Cases interpreting whether a state ***as an employer*** may discriminate against aliens lawfully admitted by the federal government, Pls.' Opp. at 6-7, are not on point for analyzing the degree to which a state in control of its own immigration may limit such immigration to specific job categories, as the federal government does in some cases with those persons it deems fit to admit.

As with the *Tran*, *Yang*, and *Sagana* cases, whether intermediate scrutiny or the rational basis test applies is not dispositive, but the rational basis test should be used for the reasons set forth in *Tran* and *Yang*.

## III. THE CLAIMS SHOULD BE DISMISSED

The government's goals in enacting the law are as recognized by the Ninth Circuit. *Sagana*, 384 F.3d at 741. In their Opposition, Plaintiffs point out that "an equal protection claim can be premised on selective enforcement of valid laws, if a plaintiff can show that the defendants' basis for selectively enforcing the law is a pretext for personal animosity, or to drive a company out of business or for some other arbitrary or improper basis." Pls.' Opp. at 8, lines 11-15 (citation omitted). Yet nowhere in their complaint do they make any such allegation, and it certainly cannot be "reasonably inferred." *See Pillsbury, Madison & Sutro v. Lerner*, 31 F.3d 924, 928 (9th Cir. 1994). There has been absolutely no discovery to that effect. So there are no material factual issues left for trial.

Likewise, the Paramountcy Doctrine does not save Plaintiffs' final two claims. *See* Pls.' Opp. at 8. *Native Village of Eyak v. Trawler Diane Marie, Inc.*, 154 F.3d 1090 (9th Cir. 1998) involved an Indian tribe that contended it possessed ***exclusive rights*** over federal submerged lands. Here the CNMI contends no such thing. As clearly explained in the Defendants' Motion to Dismiss and cases cited, Defs.' MTD at 6, line 20 to page 7, line 4, the state and CNMI police powers are delegated by federal law, and subject to it. Nowhere does "the Commonwealth claim[ ] its right or authority to regulate navigation and boating on the waters above the submerged land is not subordinate to the United States law." Pls.' Opp. at 9, lines 16-18. Needless to say, this putative Commonwealth argument is without citation. Regulation of navigation and boating is not at issue here whatsoever; that is done by the CNMI Department of Public Safety, Boating Safety Unit. *See* 3 CMC §§ 5401-62. Again, as with fishing, that is concurrent with federal jurisdiction, the Coast Guard happily encouraging states to cooperate with the federal government in this regard.

What is at issue here is an immigration statute. It does not become a navigation and boating statute simply because aliens are not permitted to enter the CNMI to take employment as boat captains.

There is no federal preemption precisely because there is no conflict with federal law. Plaintiffs have failed to cite a single Coast Guard statute that is in conflict with Title 3, Commonwealth Code, Subsection 4434(e)(1). Nor have they provided any authority that a Coast Guard license would, without more, entitle them to admission to the United States to work as a boat captain there. Hence, there is indeed no conflict.

## IV. CONCLUSION

Neither the Equal Protection nor the federal preemption Claims for Relief state a valid cause of action. These first two should be dismissed.

Respectfully submitted,

OFFICE OF THE ATTORNEY GENERAL

MATTHEW T. GREGORY  # F0205
Attorney General

Dated: Thursday, 12 July 2007.

*Gregory Baka*
GREGORY BAKA  # F0199
Deputy Attorney General

Attorneys for Defendants

n:\ . . . \gbaka\civil\immigration\Auto Marine v. Lizama\reply.in.support.of.MTD.1st.&.2nd.claims.for.relief.of.AC.pld.wpd

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Civil Procedure 5(d), the undersigned declarant states as follows:

1. I am eighteen years of age or older, and I certify that I caused to be served the following documents to the last known address(es) listed below on the date(s) indicated.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS FIRST AND SECOND CLAIMS FOR RELIEF OF AMENDED COMPLAINT; CERTIFICATE OF SERVICE**

2. As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with Clerk of Court (in attorney box), cf. Fed. R. Civ. P. 5(b)(2)(D); or electronic service, see Local Rule 5.1.

| | |
|---|---|
| G. Anthony Long, Esq.  # F0162<br>Beach Road, Oleai<br>P. O. Box 504970<br>Saipan, MP  96950-4970 | Attorney for Plaintiffs<br>Tel:  (670) 235-4802<br>Fax:  (670) 235-4801<br>E-mail: logalaw@gmail.com, gal@nmilaw.com<br>**Via Electronic Service** |

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on Thursday, 12 July 2007.

*Gregory Baka*
Deputy Attorney General
Attorney for Defendants