IN THE SUPERIOR COURT
FOR THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| COMMONWEALTH OF THE NORTHERN, MARIANA ISLANDS,<br><br>        Plaintiff,<br><br>vs.<br><br>RICHARD DOCTOR FRANCISCO and FITZ GERALD B. ORPHIANO<br><br>        Defendants. | Criminal Case No. 99-0055<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO AMEND THE INFORMATION AND DENYING DEFENDANTS' MOTION TO DISMISS COUNTS II AND III OF THE INFORMATION** |

## I. PROCEDURAL BACKGROUND

This matter came before the Court on July 21, 1999, at 9:00 a.m. in Courtroom 223 on the Commonwealth's motion for leave to amend the Information and Defendants' motion to dismiss counts II and III of the Information. Assistant Attorney General Aaron Williams, Esq. appeared on behalf of the Commonwealth. Anthony G. Long, Esq. appeared on behalf of the Defendants, Richard Doctor Francisco and Fitz Gerald B. Orphiano. The Court, having heard and considered the arguments of counsel, and being fully informed of the premises, now renders its decision. **[p. 2]**

## II. FACTS

On February 5, 1999, Defendants Richard Doctor Francisco (Francisco) and Fitz Gerald B. Orphiano (Orphiano) were allegedly working as tour boat captains when each Defendant is only permitted to be employed as a deckhand due to their status as nonresident workers.

On February 19, 1999, the Office of the Attorney General filed an Information charging Defendants Francisco and Orphiano with Unlawful Employment by an Alien, in violation of 3 CMC § 4361(f) and Defendant Francisco with Illegal Contractual Employment, in violation of 3 CMC 4437(d).

On June 30, 1999, Defendants filed a motion to dismiss Counts II and III of the Information.

On July 14, 1999, the Commonwealth filed a motion to amend the Information. Count I of the proposed amended information charges Defendants Francisco and Orphiano with Unlawful

Employment by an Alien, in violation of 3 CMC § 4361(f). Count II of the proposed amended information charges Defendant Francisco with Illegal Contractual Employment, in violation of 3 CMC § 4437(d). Count III of the proposed amended information charges Defendant Orphiano with Illegal Contractual Employment, in violation of 3 CMC § 4437(d). In addition, each Count of the proposed amended information describes Defendants as "non-resident workers."

### III.  ISSUES

1. Whether Plaintiff's motion to amend the Information should be granted pursuant to Com. R. Crim. P. 7(e).

2. Whether Defendant's motion to dismiss counts II and III of the Information shall be granted on the ground that 3 CMC § 4437(d) violates the Due Process Clause of the United States and Commonwealth Constitutions.   **[p. 3]**

3. Whether Defendants' motion to dismiss counts II and III of the Information shall be granted on the ground that 3 CMC § 3447(d) violates the Equal Protection Clause of the United States and Commonwealth Constitutions.

4. Whether Defendants' motion to dismiss counts II and III of the Information shall be granted on the ground that they fail to set a plain, concise, and definite statement of the essential facts constituting the offense charged as required by Com. R. Crim. P. 7(c)(1).

### IV.  ANALYSIS

The Commonwealth moves the court to amend Counts II and III of the Information pursuant to Com. R. Crim. P. 7(e).

Defendants move the court to dismiss counts II and III of the Information. Defendants make the following arguments: (1) 3 CMC § 4437(d) violates the Due Process Clause of the United States and Commonwealth Constitutions; (2) 3 CMC § 4437(d) violates the Equal Protection Clause of the United States and Commonwealth Constitutions; and (3) counts II and III of the Information fail to

set forth a plain, concise, and definite statement of the essential facts constituting the offense charged as required by Com. R. Crim. P. 7(c)(1).

A.  <u>The Commonwealth's Motion to Amend the Information</u>.

The Commonwealth seeks to amend counts II and III of the Information pursuant to Com. R. Crim. P. 7(e).  The Commonwealth seeks to substitute the name of Defendant Orphiano for that of Defendant Francisco in Count III.  The Commonwealth also seeks to address the fact that Counts II and III of the original Information fail to state that Defendants Francisco and Orphiano are "non-resident workers" by including such language in the amended information.

Com. R. Crim. P. 7(e) provides that "[t]he court may permit an information to be amended at any time before verdict or finding if no additional or different offense is charged and if substantial **[p. 4]** rights of the defendant are not prejudiced."  Com. R. Crim. P. 7(e).

The Commonwealth Rules of Criminal Procedure are patterned after the Federal Rules of Criminal Procedure.  As such, interpretations of the counterpart federal rules are persuasive. *Commonwealth v. Ramangmau*, 4 N.M.I. 227, 233 (1995).

First, the Commonwealth seeks to substitute the name of Defendant Orphiano for that of Defendant Francisco in Count III of the Information.  "It is now generally agreed . . . that amendments to an indictment as well as to an information are permitted when the change concerns matters of form rather than substance." *Russell v. United States*, 369 U.S. 749, 82 S.Ct. 1038, 8 L.Ed.2d 240 (1962). "It has been held that a name in an indictment is a matter of form and not substance." *United States v. Owens*, 334 F.Supp 1030, 1031 (D. Minn. 1971).  As such, the Court finds that substituting the name of Defendant Orphiano for that of Defendant Francisco in Count III of the Information is permissible under Com. R. Crim. P. 7(e).

Second, the Commonwealth seeks to address the fact that Counts II and III of the original Information fail to state that Defendants Francisco and Orphiano are "non-resident workers" by including such language in the amended information.  This proposed amendment does not charge an additional offense.  However, the proposed amendment is a matter of substance rather than a matter of form.  Therefore, the court must look to whether the amendment causes prejudice to

Defendants as "[a] final safeguard to protect the defendant's rights is to determine whether an amendment to the indictment is prejudicial." *Id.* The court finds that such an amendment does not prejudice the substantial rights of Defendants as the addition of the term "non-resident workers" merely corrected a flaw in the complaint without altering the facts or affecting Defendants' substantive defenses.

For the foregoing reasons, the court finds that the proposed amendments to the Information do not charge an additional offense and do not prejudice the substantial rights of Defendants. As such, Plaintiff's motion to amend the Information is **GRANTED**. **[p. 5]**


B. <u>Defendant's Motion to Dismiss Counts II and III of the Information</u>.

    1. <u>Due Process Clause</u>.

Counts II and III of the Information charge Defendants with Illegal Contractual Employment, in violation of 3 CMC § 4437(d) which states:

> No employer or nonresident worker shall execute any contract, make any other agreement, or change any existing contract, in writing or otherwise, regarding the employment of such worker, without the approval of the Chief, and no nonresident worker shall perform labor or services within the Commonwealth except pursuant to an approved contract or an approved change to this contract. Any nonresident employment contract or change thereto which has not been approved by the Chief or which violates any provision of this chapter shall, in the discretion of the Chief: (1) Be voidable; (2) Be grounds for certificate revocation; (3) Be grounds to disqualify an employer from further use of any nonresident labor.

3 CMC § 4437(d). A violation of 3 CMC § 4437(d) is made punishable by 3 CMC § 4447(e) which states, in pertinent part, that "[a]ny person who violates any provision of this chapter . . . shall, upon conviction, be punished by a fine of not more than $5,000 or by imprisonment for not more than one year or both." 3 CMC § 4447(e). Defendants were allegedly working as tour boat operators when each may only be lawfully employed as a deckhand pursuant to their employment contracts and pursuant to 3 CMC § 4434(e)(1) which states that "[t]he Director of Labor shall not approve nonresident worker certificates for . . . [a] surface tour boat operator . . . ." 3 CMC § 4434(e)(1).

Defendants argue that 3 CMC § 4437(d) violates the Due Process Clause of the United States and Commonwealth Constitutions. Defendants contend that a violation of 3 CMC § 4437(d) is not, in and of itself, a violation of the law and does not become a criminal violation pursuant to 3 CMC

§ 4447(e) except at the discretion of the Director of Labor.  As such, Defendant's argue that 3 CMC § 4437(d) is unconstitutionally vague and that Counts II and II of the Information should be dismissed.

The Due Process Clause of the Fourteenth Amendment to the United States Constitution prohibits a state from depriving a person of life, liberty or property without due process of law. *Commonwealth v. Bergonia*, 3 N.M.I. 22, 36 (1992).  The Fourteenth Amendment to the United States Constitution has been made applicable to the Commonwealth pursuant to Section 501(a) of the **[p. 6]** Covenant.  *In re "C.T.M."*, 1 N.M.I. 410, 413 (1990), *citing* COVENANT TO ESTABLISH A COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS IN POLITICAL UNION WITH THE UNITED STATES OF AMERICA, *reprinted in* CMC at B-101.  Due process provisions of the Commonwealth Constitution afford the same protections as the Due Process Clause of the United States Constitution. *Office of the Attorney General v. Rivera*, 3 N.M.I. 436, 445 (1993).

It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined.  *Grayned v. City of Rockford*, 408 U.S. 104, 108-109, 92 S.Ct. 2294, 2298-2299, 33 L.Ed.2d 222 (1972), *see also*, *United States v. Wunsch*, 84 F.3d 1110, 1119 (9th Cir. 1996) (A statute is void for vagueness when it does not sufficiently identify the conduct that is prohibited). This doctrine protects two due process interests.  First, it requires "that the laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly."  *Grayned*, *supra*.  Second, it prevents arbitrary and discriminatory enforcement by requiring that "laws . . . provide explicit standards for those who apply them." *Id.*, *see also Wunsch*, *supra*, at 119. "A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application." *Id*. at 2299.  As such, the court must determine whether 3 CMC § 4437(d) violates either of the two due process interests embodied in the void for vagueness doctrine.

    a.  <u>Void for Vagueness for Lack of Fair Warning of the Proscribed Conduct</u>.

"A statute is not unconstitutionally vague if it gives fair warning of the proscribed conduct."

*Go Leasing, Inc. v. National Transportation Safety Board*, 800 F.2d 1514, 1525 (9th Cir. 1986).

3 CMC § 4437(d) states that "[n]o employer or nonresident worker shall execute any contract, make any other agreement, or change any existing contract . . . without the approval of the Chief, and no nonresident worker shall perform labor or services except pursuant to an approved contract or an approved change to this contract . . . ." 3 CMC § 4437(d). "Agreement" is defined at 3 CMC § 4412(a) as "a non-resident employment agreement between the Chief of labor and an **[p. 7]** employer pursuant to 3 CMC § 4434." "Contract" is defined at 3 CMC § 4412(a) as "a contract between a non-resident worker and an employer pursuant to 3 CMC § 4434." Approval of a nonresident employment contract or change to such a contract is also required by 3 CMC § 4434(a), which states, in pertinent part:

> After entering into a nonresident employment agreement pursuant to 3 CMC § 4433, an employer may use a nonresident worker to fill the job vacancy covered by this agreement, subject to the following procedures and conditions . . . (1) **approval by the Chief**, (2) the payment of the required fee, and (3) the disclosure of any other information or document required pursuant to the employment agreement or departmental regulations. **Approval by the Chief, as required by this section, is a review of the contract for compliance with the provisions of this chapter** . . .

3 CMC § 4434(a) (emphases added). The enforcement provision, 3 CMC § 4447(e), states that "[a]ny person who violates any provision of this chapter . . . shall, upon conviction, be punished by a fine of not more than $5,000 or by imprisonment for not more than one year or both." 3 CMC § 4447(e).

The court finds person of ordinary intelligence is able to read 3 CMC § 4437(d) and 3 CMC § 4447(e) and then refer to the definitions in 3 CMC § 4412 and thereby have a reasonable opportunity to know that an unapproved change in a non-resident worker's employment contract is prohibited by 3 CMC § 4437(d) and punishable by 3 CMC § 4447(e). As such, the court finds that 3 CMC § 4437(d) is not void for vagueness for lack of fair warning of the proscribed conduct in violation of the Due Process Clause of the United States and Commonwealth Constitutions.

      b. <u>Void for Vagueness Due to Arbitrary and Discriminatory Enforcement</u>.

Defendant contends that the express language of 3 CMC § 4437(d) grants the Director of

Labor unconstitutional discretion to determine whether to ratify a change in a nonresident worker contract. Defendants note that the court in *Loren v. E'Saipan Motors, Inc.*, examined the enforceability of 3 CMC § 4437(d) and stated that "ratification of any contract not previously approved by the Chief of Labor is clearly discretionary." *Loren v. E'Saipan Motors, Inc.*, 3 CR 564, 571 (D.N.M.I. 1988). The *Loren* case, however, is distinguishable in that it dealt with a nonresident **[p. 8]** worker who impermissibly changed his contract status from a that of an "outboard motor mechanic" to that of a "general helper and cleaner." *Id.*, at 569. In the present matter, Defendants allegedly changed their contract status from that of a "deckhand" to that of a "tour boat operator." In the present matter, unlike the *Loren* case, the Director of Labor had no discretion to approve the change in contract status.

"A basic principle of statutory construction is that language must be given its plain meaning." *Estate of Faisao v. Tenorio*, 4 N.M.I. 260, 265 (1995). 3 CMC § 4437(d) states that "[n]o employer or nonresident worker shall execute any contract, make any other agreement, or change any existing contract . . . without the approval of the Chief . . . except pursuant to an approved contract or an approved change to this contract." 3 CMC § 4437(d). The approval process is set forth at 3 CMC § 4434. However, 3 CMC § 4434(e)(1) states that "[t]he Director of Labor shall not approve nonresident worker certificates for . . . [a] surface tour boat operator . . . ." 3 CMC § 4434(e)(1). Therefore, the Director of Labor had no discretion whatsoever to approve the change in Defendants' employment status from that of deckhands to that of tour boat captains. As such, the court finds that 3 CMC § 4437(d) is not void for vagueness due to arbitrary and discriminatory enforcement and is not in violation of the Due Process Clause of the United States and Commonwealth Constitutions as applied to Defendants in the present matter.

The court notes, however, that "[t]he degree of vagueness that the Constitution tolerates, and the level of judicial scrutiny applied to a vagueness challenge, depend upon the nature of the enactment." *Grayned, supra* citing *Hoffman Estates v. Flipside*, 455 U.S. 489, 498, 102 S.Ct. 1186, 1193, 71 L.Ed.2d 362 (1982). Also, "[t]he [United States Supreme Court] has expressed less tolerance with statutes imposing criminal penalties because of the potentially severe consequences." *United States v. White*, 766 F.Supp. 873, 879 (E.D.Wash. 1991), *citing*, *Hoffman*, *supra*, at 498-499,

102 S.Ct. at 1193.  Therefore, if 3 CMC § 4434(e)(1) did not apply to the present matter and the Director of Labor had the discretion to approve a nonresident worker certificate for a "tour boat operator," the court would be inclined to find 3 CMC § 4437(d) void for vagueness due to the danger of arbitrary and discriminatory enforcement.  **[p. 9]**

    2. Equal Protection Clause.

Defendants argue that Counts II and III of the Information should be dismissed on the ground that 3 CMC § 4437(d) violates the Equal Protection Clauses of the United States and Commonwealth Constitutions.  Article I, Section 6 of the Commonwealth Constitution states:

> No person shall be denied the equal protection of the laws.  No person shall be denied the enjoyment of civil rights or be discriminated against in the exercise thereof on account of race, color, religion, ancestry or sex.

N.M.I. Const. art. I, § 6.  The Equal Protection Clause of the Commonwealth Constitution is to be given the same meaning and interpretation as the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.  *See Sablan v. NMI Board of Elections*, 1 CR 741 (D.N.M.I. 1983).

Analysis of an equal protection claim alleging an improper statutory classification involves two steps.  First, there must be a showing that the statute, either on its face or in the manner of its enforcement, results in members of a certain group being treated differently from other persons based on membership in that group.  *See United States v. Lopez-Flores*, 63 F.3d 1468, 1472 (9th Cir. 1995), *cert. denied*, 516 U.S. 1082, 116 S.Ct. 794, 133 L.Ed.2d 743 (1996).  Here, Defendants have shown that they are classified as "nonresident workers" and are therefore subject to 3 CMC § 4437(d) whereas resident workers are not subject to that provision and may change their employment status without first receiving approval.  Therefore, Defendants have shown that they are members of a certain group being treated differently from other persons based on membership in that group.

Second, the court must analyze under the appropriate level of scrutiny whether the distinction made between the groups is justified.  *See Id.*   Traditional equal protection analysis under the United States Constitution involves scrutiny of a law affecting a suspect class or violating a fundamental right.  *See In re Blankenship*, 3 N.M.I. 209 (1992).  Defendants argue that "aliens" are a suspect classification and that the "strict scrutiny" standard should apply to the court's

interpretation of 3 CMC § 4437(d) and 3 CMC § 4447(e). The Commonwealth urges the court to apply a less strict standard.  **[p. 10]**

The protections of the Fourteenth Amendment are not limited to citizens, but act as guardians of all persons within a state's jurisdiction, including aliens. *See Sirilan v. Castro*, 1 CR 1082 (D.N.M.I. 1984). However, the right of an alien to live and work in the Commonwealth without restriction is not the type of fundamental right that would subject classification touching on it to strict judicial scrutiny. *See Id.* Therefore, Commonwealth legislation dealing with immigration matters is subject to an intermediate scrutiny analysis when challenged on constitutional grounds. *See Kin v. Commonwealth*, 3 CR 608 (D.N.M.I. 1989).

"To pass constitutional muster under intermediate scrutiny, the challenged law must have been enacted to achieve an important governmental interest and the means employed must have a substantial relation to the stated purpose of the law." *Id*., at 612-613*, citing Sirilan, supra*. Intermediate scrutiny analysis involves five factors: (1) the importance of the governmental objective; (2) whether the classification is substantially related to the achievement of the governmental interest; (3) the justification for the classification must be clearly articulated; (4) the asserted justification must actually have provided the basis on which legislation was supported and must not have been supplied afterwards or as a mere pretext for an unlawful purpose; and (5) whether the legislation allows rebuttal in individual cases to show that application of the classification will not achieve the stated objectives. *See Sirilan*, *supra* at 1125-1126. The fifth factor need only be addressed as an alternative to wholesale invalidation of a statute. *Id*. at 1126.

First, the Court looks to the importance of the governmental objective in promulgating 3 CMC § 4437(d). The objective behind 3 CMC § 4437(d) and the Nonresident Workers Act as a whole is found at 3 CMC § 4111(a) which states, in pertinent part:

> The legislature finds and declares that is essential to a balanced and stable economy in the Commonwealth that residents be given preference in employment and that any necessary employment of nonresident workers in the Commonwealth not impair the wages and working conditions of resident workers.
>
> The legislature recognizes the need for alien labor at the present state of economic development but finds that the employment of nonresident workers should be temporary and generally limited to the duration of the specific job or employment for which the alien was recruited . . .   **[p. 11]**

3 CMC § 4111(a). The court finds the economic interest articulated at 3 CMC §4111(a) to be an important governmental interest. *See Kin*, *supra* at 613 (Controlling and regulating nonresident workers is an important governmental interest); *see also Tran v. Commonwealth*, 780 F. Supp 709, 711 (D.N.M.I. 1991) (Important governmental interests exist in controlling immigration to preserve the local culture and maintain economic opportunity for indigenous residents).

Second, the court examines whether the classification is substantially related to the achievement of the government's interest. 3 CMC § 4437(d) requires that a nonresident worker obtain approval from the Director of Labor for any change in the worker's contract. The approval procedure set forth at 3 CMC § 4434(a) requires that the Director of Labor review the proposed change to ascertain if it is in compliance with the Nonresident Workers Act. *See* 3 CMC § 4434(a). Thus, application of 3 CMC § 4437(d) is to ensure that the objectives of the Nonresident Workers Act are followed. As such, the court finds that the classification of Defendants as nonresident workers is substantially related to the achievement of the Commonwealth's interest in a balanced and stable economy and in not impairing the wages and working conditions of resident workers.

Third, the court examines whether the justification for the classification has been clearly articulated. The court finds that the justification for the classification of Defendants as nonresident workers is clearly articulated at 3 CMC § 4111(a). *See* 3 CMC § 4111(a), *supra*.

Fourth, the asserted justification must actually have provided the basis on which legislation was supported and must not have been supplied afterwards or as a mere pretext for an unlawful purpose. The justifications presented at 3 CMC § 4111(a) are found verbatim in the public law which gave the Nonresident Workers Act effect in 1982. *See* PL 3-66, §§ 1-2. As such, the court finds that the justification articulated at 3 CMC § 4111(a) was not supplied after enactment of the legislation or as a pretext for an unlawful purpose.

Fifth, the court may examine whether the legislation allows rebuttal in individual cases to show that application of the classification will not achieve the stated objectives. This factor is an alternative factor which need only be addressed as an alternative to wholesale invalidation of a statute *Sirilan*, *supra* at 1126.  **[p. 12]**

The court finds, after application of the five factors enumerated in *Sirilan*, that 3 CMC

§ 4437(d) was enacted to achieve an important governmental interest and that the means employed have a substantial relation to the stated purpose of the law. As such, 3 CMC § 4437(d) does not violate the Equal Protection Clause United States or Commonwealth Constitutions.

      3. <u>Failure to Allege the Essential Elements in Counts II and III of the Information</u>.

Defendant argues that Counts II and III of the Information must be dismissed on the ground that they are not in compliance with Com. R. Crim. P. 7(c)(1) which states that "[t]he information shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Com. R. Crim. P. 7(c)(1).

The Commonwealth Rules of Criminal Procedure are patterned after the Federal Rules of Criminal Procedure. As such, interpretations of the counterpart federal rules are persuasive. *See*, *Commonwealth v. Ramangmau*, 4 N.M.I. 227 (1995). "An indictment is sufficient if it contains the elements of the charged crime in adequate detail to inform the defendant of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy." *United States v. Alber*, 56 F.3d 1106, 1111 (9th Cir. 1995).

Counts II and III of the Information, as amended, charge Defendants with Illegal Contractual Employment in violation of 3 CMC § 4437(d). Defendants argue that the Commonwealth failed to acknowledge Public Law 11-51, which allows employees classified as being in working in one capacity to work in another as long as it is "reasonably related." As such, Defendants claim that Counts II and III of the Information must specifically allege that employment as a tour boat captain is not "reasonably related" to employment as a deckhand. The Commonwealth argues that the exception is an "affirmative defense" to the offense rather than an "essential element" and therefore need not be included in the Information.

"If the defendant comes within the [statutory] exception or exemption . . . these are matters for it to set up and establish as a defense." *United States v. Safeway Stores, Inc*., 252 F.2d 99, 101 (9th Cir. 1958); *see also McKelvey v. United States*, 260 U.S. 353, 43 S.Ct. 132, 134, 67 L.Ed. 301 **[p. 13]** (1922). Therefore, it is Defendants who must set up and establish a defense based on application of Public Law 11-51 and the Commonwealth is not required by Com. R. Crim. P. 7(c)(1)

to negate the exception in Counts II and III of the amended Information.

For the foregoing reasons, the court finds that Counts II and III of the amended Information present a plain, concise, and definite written statement of the essential facts constituting the offense charged.

### V.  CONCLUSION

For the foregoing reasons, the court finds that the proposed amendments to the Information do not charge an additional offense and do not prejudice the substantial rights of Defendants.  As such, Plaintiff's motion to amend the Information is **GRANTED**.

For the foregoing reasons, the court finds that 3 CMC § 4437(d) does not violate the Due Process Clause of the United States and Commonwealth Constitutions.  The court also finds that 3 CMC § 4437(d) does not violate the Equal Protection Clause of the United States and Commonwealth Constitutions.  The court further finds that counts II and present a plain, concise, and definite written statement of the essential facts constituting the offense charged as required by Com. R. Crim. P. 7(c)(1).  As such, Defendants' motion to dismiss counts II and III of the Information is **DENIED**.

The court reiterates, however, that if 3 CMC § 4434(e)(1) did not apply to the present matter and the Director of Labor had the discretion to approve a nonresident worker's employment contract for a "tour boat operator", the court would be inclined to find 3 CMC § 4437(d) void for vagueness and therefore in violation of the Due Process Clause of the United States and Commonwealth Constitutions.

So ORDERED this  14  day of December, 1999.

/s/   Juan T., Lizama
JUAN T. LIZAMA, Associate Judge