Law Office of G. Anthony Long
P. O. Box 504970
Second Floor Lim's Bldg.
San Jose, Saipan, MP 96950
Telephone No. (670) 235-4802
Facsimile No. (670) 235-4801

Attorney for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE
## THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS AUGSTO SANTOS and NORMANDY SANTOS | ) CIVIL ACTION No. 05-0042 )<br>)<br>) |
| Plaintiffs | )<br>) |
| v. | )<br>)PLAINTIFFS EXHIBITS |
| ANTONIO SABLAN, personally, RICHARD T. LIZAMA, personally and in his official capacity, and MEL GREY in his official capacity | )<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

Plaintiff Auto Marine hereby submits its exhibits.


Law Office of G. Anthony Long


By: _____
       G. Anthony Long

DEPT. OF TRANSP., U.S. COAST GUARD, CG-2849 (REV. 6-01)



SERIAL NUMBER

1 001 826

UNITED STATES COAST GUARD

AGENCY

ISSUE NUMBER 3

# U.S. MERCHANT MARINE OFFICER

*This is to certify that*

\*\*\* **ROLAND ELVIS ALVARAN SEÑORAN** \*\*\*

*having been duly examined and found competent by the undersigned is licensed to serve for the term of five years from the below issue date as:*

OPERATOR OF UNINSPECTED UNDOCUMENTED PASSENGER VESSELS AS DEFINED IN 46 U.S.C. 2101 (42) UPON NEAR COASTAL WATERS. **(SEE REVERSE)**

*Given under my hand this 17TH day of July 2002*

G. E. JOY JR., ASIP, BY DIRECTION
OFFICER IN CHARGE, MARINE INSPECTION

ISSUE PORT: HONOLULU, HI
EXPIRATION DATE: JULY 17, 2007



tabbies®
PLAINTIFF'S
EXHIBIT

DEPT. OF TRANSP., U.S. COAST GUARD, CG-2849 (REV. 6-01)

SERIAL NUMBER
1 070785

# UNITED STATES COAST GUARD

# U.S. MERCHANT MARINE OFFICER

LICENSE

ISSUE NUMBER 3



*This is to certify that*

\*\*\* NORMANDY IBANEZ SANTOS \*\*\*

*having been duly examined and found competent by the undersigned is licensed to serve for the term of five years from the below issue date as:*

OPERATOR OF UNINSPECTED PASSENGER VESSELS AS DEFINED IN 46 U.S.C. 2101 (42) OF NOT MORE THAN 100 GROSS REGISTERED TONS (DOMESTIC TONNAGE) UPON NEAR COASTAL WATERS NOT MORE THAN 100 MILES OFFSHORE; ALSO, LIMITED TO UNINSPECTED VESSELS NOT DOCUMENTED UNDER THE LAWS OF THE UNITED STATES;- "SEE REVERSE"

*Given under my hand this 7TH day of August 2003*

This license, issued 07-MAR-2005, replaces license number 1052205 issued at Honolulu, HI on the above date.

G. E. JOY JR., ASIP BY DIRECTION
OFFICER IN CHARGE, MARINE INSPECTION

ISSUE PORT: HONOLULU, HI
EXPIRATION DATE: AUGUST 7, 2008

tabbies

PLAINTIFF'S EXHIBIT
2



DEPT. OF TRANSP., U.S. COAST GUARD, CG-2849 (REV. 6-01)

UNITED STATES COAST GUARD

SERIAL NUMBER
1 069 609

ISSUE NUMBER 2

# U.S. MERCHANT MARINE OFFICER

## LICENSE

*This is to certify that*

*** BENJAMIN IBAÑEZ SANTOS ***

*having been duly examined and found competent by the undersigned is licensed to serve for the term of five years from the below issue date as:*

OPERATOR OF UNINSPECTED PASSENGER VESSELS AS DEFINED IN 46 U.S.C. 2101 (42) OF NOT MORE THAN 100 GROSS REGISTERED TONS (DOMESTIC TONNAGE) UPON NEAR COASTAL WATERS NOT MORE THAN 100 MILES OFFSHORE LIMITED TO UNINSPECTED VESSELS NOT DOCUMENTED UNDER THE LAWS OF THE UNITED STATES; "SEE REVERSE"

*Given under my hand this 3RD day of February 2004*

ISSUE PORT: HONOLULU, HI
EXPIRATION DATE: FEBRUARY 3, 2009

R.A. BUSS, By direction
OFFICER IN CHARGE, MARINE INSPECTION



tabbies®

PLAINTIFF'S
EXHIBIT
3

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between __AUTO MARINE, INC.__ of __P.O. BOX 10003 PMB-483__, __SAIPAN, MP 96950__, hereinafter referred to as the Employer, and __ROLANDO E.A. SENORAN__ of __18 GREENHILLS ST., WHITE PLAINS, Q.C., PHILS.__, hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A. **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of __MANAGER, DIVING__ and shall perform the following duties and responsibilities including training of resident TO MANAGE AND MAINTAIN THE OPERATION OF THE DIVING, TAKE RESERVATIONS AND MAKE NECESSARY SCHEDULES OF THE DIVING SITES AND TIMES OF DIVING, OTHER RELATED DUTIES SUCH AS DRIVING VEHICLES AND BOATS WHEN NECESSARY

> **PLAINTIFF'S EXHIBIT 4**

B. **TERM:** The term of this Contract shall be for a period of __TWELVE (12 MONTHS__ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on __MAY 23, 2006__

C. **WORK DAYS AND HOURS:** The Employee's work days and hours shall be __FLEXIBLE__ to __FLEXIBLE__, from __8:00__ to __5:00__, for a total of __48__ hours per week.

D. **COMPENSATION:** In consideration of the services to be performed by the Employee, the Employer agrees to pay the Employee compensation in the amount of:
1. $ __1,500.00__ per __MONTH__ and
2. $ __X1.5__ per __HOUR__ for overtime compensation payable by check in bi-weekly intervals.
3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E. **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the Employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

   CASH ADVANCES

F. **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on __SAIPAN__, CNMI. However, the Employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G. **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H. **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his/her point of origin.

I. **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

BOARD, LODGING AND OTHERS:

The Employer shall ensure that the following facilities are provided:

1.  [ ] Employer-provided housing at a charge of $_____ per month.

    [ ] Employer-provided housing free of charge.

    [X] Employee self-arranged housing.
        (Attach statement or rental agreement)

2.  [ ] _____ (number) meals per day at a charge of $_____ per month.

3.  [X] Employee to provide own food.

4.  [ ] Free transportation to and from job site at employer designated pick-up points.

5.  [X] Employee to provide transportation to and from job site.

6.  [ ] Allowance:

7.  [X] Others:    FREE MEDICAL AND WORKER'S COMPENSATION INSURANCE

K.   OTHER PROVISIONS: The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

L.   TERMINATION: This Contract may only be terminated for cause by either party by giving the other party _____30_____ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

1. In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an Employer refuses to allow the Employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/ her point of hire.

2. Termination for cause may include any of the following:

   a. __6___ unauthorized absences and/or __6___ unauthorized tardiness to work by the Employee;

   b. Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

   c. Conviction in the CNMI of any felony or two or more misdemeanors;

   d. Abandoning of job or assigned duty by the employee;

   e. Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

   f. Extreme cruelty or abuse, physical or otherwise;

   g. Unreasonable delays in the payment of the Employee's wages or salary;

   h. A breach of any provision of this Contract and not corrected within ten (10) days;

   i. Cessation of business activities or bankruptcy;

   j. Others (specify):

M.   SETTLEMENT OF DISPUTE:

Grievance and Good Faith Settlement:

All grievances or dispute under this employment contract shall be subject to the following grievance procedure:

1. The Employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the Employer, any and all grievances or disputes she/he may have regarding his/her employment;

Form: L921014.1

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violations.

3. If the grievance or dispute is not resolved in step 1 or 2 above, the Employee may file a complaint with the Director of Labor or his designee.

The Employee and Employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N  REMITTANCE/OTHER OBLIGATIONS: The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.  ENTIRE AGREEMENT: The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

IN WITNESS WHEREOF, the parties hereto affix their names on the date and space so specified.

DATE: _____    SOLOMON B. MACABUGAO, SECRETARY
                                  EMPLOYER
                                  (Print name, Title and Sign)

DATE: _____    ROLANDO E.A. SENORAN
                                  EMPLOYEE
                                  (Print name and sign

S  A  I  P  A  N , COMMONWEALTH  . )
OF THE NORTHERN MARIANA ISLANDS        ) ss: ACKNOWLEDGEMENT
                                       )
_____

On this 30th day of MAY 2005, personally appeared before me, ROLANDO E.A. SENORAN and SOLOMON B. MACABUGAO , known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

Ma. Lourdes D. Mendoza
Notary Public
Commonwealth of the Northern Mariana Islands
My Commission expires: Dec 5, 2005

_____
NOTARY PUBLIC

_____, COMMONWEALTH  )
OF THE NORTHERN MARIANA ISLANDS        ) ss: ACKNOWLEDGEMENT
                                       )
_____

On this _____ day of _____, _____, personally appeared before me _____ and _____ , known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

_____
NOTARY PUBLIC

DATE: _____    APPROVED BY: _____
                         DIRECTOR OF LABOR

Page 3 of 3

Form: L921014.1

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between **AUTO MARINE INC.**

of PMB 483, P.O. Box 10003, Saipan, MP 96950-8903

hereinafter referred to as the Employer, and **ROLANDO ELVIS A. SENORAN** of
#18 Greenhills St., White Plains, Quezon City, hereinafter referred to as the Employee.
Philippines

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

**A.** **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of **MANAGER, DIVING** and shall perform the following duties and responsibilities including training of resident workers:

In charge of the management, operation and maintenance of the diving shop, make necessary schedules of the diving customers, the places and times of diving and other related duties.

PLAINTIFF'S EXHIBIT 5

**B.** **TERM:** The term of this Contract shall be for a period of _one year_ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on _____.

**C.** **WORK DAYS AND HOURS:** The Employee's work days and hours shall be Mondays to Saturdays Flexible from _8:00am_ to _5:00pm_, for a total of _40_ hours per week.

**D.** **COMPENSATION:** In consideration of the services to be performed by the employee, the Employer agrees to pay the Employee compensation in the amount of:

1. $ _1,500.00_ per _month_ and

2. $ _____ per _____ for overtime compensation payable by check in bi-weekly intervals.

3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

**E.** **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Chief of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

**F.** **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on _Saipan_, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

**G.** **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

**H.** **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

**I.** **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

Miriam Senoran - sister

same address

Form: L921014.1

**J.   BOARD, LODGING AND OTHERS:**

The Employer shall ensure that the following facilities are provided:

1.   /___/   Employer-provided housing at a charge of $_____ per month.

     /___/   Employer-provided housing free of charge.

     /XX/   Employee self-arranged housing.
            (Attach statement or rental agreement.)

2.   /___/   _____ (number) meals per day at a charge of $_____ per month.

3.   /XX/   Employee to provide own food.

4.   /XX/   Free transportation to and from job site at employer designated
            pick-up points.

5.   /___/   Employee to provide transportation to and from job site.

6.   /___/   Allowance:

7.   /___/   Others:


**K.   OTHER PROVISIONS:**  The following additional provisions apply to this Contract:
(Set forth or attach any work rules, living accommodation rules and standards for
Employee conduct.  Every page of every attachment must be signed by Employee and
Employer.)


**L.   TERMINATION:**  This Contract may only be terminated for cause by either party by
giving the other party  30  days advance written notice and only after an
unsuccessful good faith attempt to settle any dispute has been made with the
Chief of Labor or his designee.

1.   In the event of termination for cause, the Employer shall pay the
     Employee's wages or salary for work or services performed or for work not
     performed when an employer refuses to allow the employee to continue
     working through the effective date of the termination and shall purchase
     a one-way ticket for the return of the Employee to his/her point of hire.

2.   Termination for cause may include any of the following:

     a.   __3x__ unauthorized absences and/or __3x__ unauthorized tardiness to
          work by the Employee;

     b.   Neglect, careless performance, non-performance or non-completion of
          assigned work by the Employee;

     c.   Conviction in the CNMI of any felony or two or more misdemeanors;

     d.   Abandoning of job or assigned duty by the employee;

     e.   Incompetence or misrepresentation of the qualifications, skills,
          physical or mental fitness to satisfactorily perform the duties for
          which the Employee was hired;

     f.   Extreme cruelty or abuse, physical or otherwise;

     g.   Unreasonable delays in the payment of the employee's wages or
          salary;

     h.   A breach of any provision of this Contract and not corrected within
          ten (10) days;

     i.   Cessation of business activities or bankruptcy;

     j.   Others (specify):


**M.   SETTLEMENT OF DISPUTE:**

**Grievance and Good Faith Settlement**

All grievances or disputes under this employment contract shall be subject to the
following grievance procedure:

1.   The employee shall communicate to his/her supervisor, or if there is no
     supervisor, then directly to the employer, any and all grievances or
     disputes he/she may have regarding his/her employment;


Form: L921014.1

2.  If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated.  Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3.  If the grievance or dispute is not resolved in step 1 or 2 above, the employee may file a complaint with the Chief of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Chief of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.  **REMITTANCE/OTHER OBLIGATIONS:**  The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.  **ENTIRE AGREEMENT:**  The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

**IN WITNESS WHEREOF**, the parties hereto affix their names on the date and space so specified.

DATE: _____5|23|03_____

ADONIS I. SANTOS
EMPLOYER
(Print Name, Title and Sign)

DATE: _____5|23|03_____

ROLANDO ELVIS A. SENORAN
EMPLOYEE
(Print Name and Sign)

SAIPAN
_____, COMMONWEALTH     )
                              )  ss:  ACKNOWLEDGEMENT
OF THE NORTHERN MARIANA ISLANDS  )
                              )

On this 23RD day of MAY, 2003, personally appeared before me ADONIS I. SANTOS and ROLANDO ELVIS A. SENORAN , known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

JOEE B. VELARDE JR.
P.O. BOX 1520 GM
SAIPAN MP 96950
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION NOTARY PUBLIC
EXPIRES: 12.05.04

                              )
                              )  ss:  ACKNOWLEDGEMENT
_____   )
                              )

On this _____ day of _____, _____ , personally appeared before me _____ and _____ , known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

_____
NOTARY PUBLIC

DATE: _B|29|4_

APPROVED BY: _____
DIRECTOR OF LABOR

Form: L921014.1

Page 3 of 3

PLAINTIFF'S EXHIBIT
6

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between __AUTO MARINE, INC.__ _____ of __P.O. BOX 10003 PMB-483__ , SAIPAN, MP 96950 _____, hereinafter referred to as the Employer, and __NORMANDY I. SANTOS_____ of __41 SAN JOSE, TARLACI CITY, PHILIPPINES____ , hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A. **DUTIES AND RESPONSIBILITIES**: The parties hereto agree that the Employee shall be employed only in the job category of __ENGINEER, WATER TRANS_____ and shall perform the following duties and responsibilities including training of resident workers: TO SUPERVISE AND COORDINATE THE ACTIVITIES OF THE BOAT CREWS ENGAGED IN THE OPERATION AND MAINTENANCE OF PROPULSION AND OTHER BOAT ENGINES, INSPECT ENGINES AND OTHER EQUIPMENTS AND ORDER CREWS TO REPAIR OR REPLACE DEFECTIVE PARTS, STARTS ENGINES TO PROPEL BOAT AND REGULATES ENGINES AND CONTROL the speed of THE BOAT. OTHER RELATED DUTIES AS DRIVING THE BOAT.

B. **TERM**: The term of this Contract shall be for a period of __(TWELVE (12) MONTHS__ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on __JULY 30, 2006_____

C. **WORK DAYS AND HOURS**: The Employee's work days and hours shall be __MONDAYS__ to __FRIDAYS__ , from __8:00__ to __5:00__ , for a total of __40__ hours per week.

D. **COMPENSATION**: In consideration of the services to be performed by the Employee, the Employer agrees to pay the Employee compensation in the amount of:

1. $__7.30__ per __HOUR__ and

2. $__X 1.5__ per __HOUR__ for overtime compensation payable by check in bi-weekly intervals.

3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E. **DEDUCTIONS**: CNMI taxes and Social Security, if applicable, shall be withheld from the Employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

CASH ADVANCES

F. **PRINCIPAL PLACE OF WORK**: The Employee's principal place of employment shall be on __SAIPAN_____ , CNMI. However, the Employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G. **TRANSPORTATION**: The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H. **INSURANCE/MEDICAL EXPENSES**: The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his/her point of origin.

I. **NOTIFICATION OF NEXT-OF-KIN**: In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

__MRS. FELISA SANTOS_____ _____
__SAME AS ABOVE_____ _____
_____ _____

J.   BOARD, LODGING AND OTHERS:

The Employer shall ensure that the following facilities are provided:

1.   [ ]   Employer-provided housing at a charge of $_____ per month.

     [ ]   Employer-provided housing free of charge.

     [XX]  Employee self-arranged housing.
           (Attach statement or rental agreement)

2.   [ ]   _____ (number) meals per day at a charge of $_____ per month.

3.   [XX]  Employee to provide own food.

4.   [ ]   Free transportation to and from job site at employer designated pick-up points.

5.   [XX]  Employee to provide transportation to and from job site.

6.   [ ]   Allowance:

7.   [XX]  Others:    FREE MEDICAL AND WORKER'S COMPENSATION


K.   OTHER PROVISIONS: The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)


L.   TERMINATION: This Contract may only be terminated for cause by either party by giving the other party ___30___ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

1.   In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an Employer refuses to allow the Employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/ her point of hire.

2.   Termination for cause may include any of the following:

     a.   ___6___ unauthorized absences and/or ___6___ unauthorized tardiness to work by the Employee;

     b.   Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

     c.   Conviction in the CNMI of any felony or two or more misdemeanors;

     d.   Abandoning of job or assigned duty by the employee;

     e.   Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

     f.   Extreme cruelty or abuse, physical or otherwise;

     g.   Unreasonable delays in the payment of the Employee's wages or salary;

     h.   A breach of any provision of this Contract and not corrected within ten (10) days;

     i.   Cessation of business activities or bankruptcy;

     j.   Others (specify):


M.   SETTLEMENT OF DISPUTE:

Grievance and Good Faith Settlement:

All grievances or dispute under this employment contract shall be subject to the following grievance procedure:

1.   The Employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the Employer, any and all grievances or disputes he/she may have regarding his/her employment;

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violations.

3. If the grievance or dispute is not resolved in step 1 or 2 above, the Employee may file a complaint with the Director of Labor or his designee.

The Employee and Employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.   REMITTANCE/OTHER OBLIGATIONS: The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.   ENTIRE AGREEMENT: The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

IN WITNESS WHEREOF, the parties hereto affix their names on the date and space so specified.

DATE: ___7/28/05___                          SOLOMON B. MACABUGAO, SECRETARY
                                                              EMPLOYER
                                                     (Print name, Title and Sign)

DATE: ___JULY, 27, 2005___                   NORMANDY I. SANTOS
                                                              EMPLOYEE
                                                      (Print name and Sign)


S A I P A N, COMMONWEALTH      )
OF THE NORTHERN MARIANA ISLANDS )   ss:   ACKNOWLEDGEMENT
                                )

On this ___28th___ day of ___JULY___, ___2005___, personally appeared before me ___SOLOMON B. MACABUGAO___ and ___NORMANDY I. SANTOS___, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

                                          _____
                                                 NOTARY PUBLIC


_____, COMMONWEALTH   )
OF THE NORTHERN MARIANA ISLANDS  )   ss:   ACKNOWLEDGEMENT
                                 )

On this ___ day of _____, _____, personally appeared before me _____ and _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

                                          _____
                                                 NOTARY PUBLIC


DATE: ___10/6/5___          APPROVED BY: _____
                                                DIRECTOR OF LABOR

Form: L921014.1                                               Page 3 of 3

Ian Catlett, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Immigration Division- Susupe Complex
Telephone: (670) 664-2366
Fax:        (670) 234-7016

CLERK OF COURT
SUPERIOR
FI

7005 FEB 10 A II: 50

Counsel for Petitioners,

SUPERIOR COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| OFFICE OF THE ATTORNEY GENERAL and DIVISION OF IMMIGRATION SERVICES, | Civil Action No. 05 0058 (E) |
|---|---|
| Petitioners, | DECLARATION IN SUPPORT OF an ARREST WARRANT |
| Vs. | |
| **Rolando Elvis A. Senoran** | |
| Respondent. | |



PLAINTIFF'S EXHIBIT
_tabbies_
1

The undersigned complainant hereby states as follows:

I, **Richard T. Lizama**, an **Immigration Investigator** employed by the Division of Immigration under the Office of the Attorney General, Commonwealth of the Northern Mariana Islands. I have been employed in such capacity for over <u>08</u> years and have been involved in numerous immigration and law enforcement investigations.

Based on my personal knowledge and belief, and through investigation and review of information obtained from the Commonwealth Labor and Immigration Identification and Documentation System (**LIIDS**), I hereby declare that:

1.    Respondent in the above captioned matter is an alien, as that term is defined in 3 CMC §4303 (a);

2.    Respondent Labor and Immigration Identification Documentation System (LIIDS) indicates that Benjamin I. Santos is a citizen of the Republic of Philippines, with date of birth 05/24/61, was issued a *Non-resident Worker's Entry Permit*, (706-K) number *118587* which entitles him to be a Manager, Diver. A copy of the Labor and Immigration Identification System data printout is attached hereto and marked as " EXHIBIT A ".

3.    Respondent has been under surveillance since beginning of November 2004, after

receiving information from an anonymous caller that the respondent is in violation, of his conditions of entry, pursuant to *3 CMC §4340(e)*.

4.  Respondent was observed over the course of several surveillance operations between December 2004 and February 2005, to be operating a boat as a boat operator, a job category not authorized by CNMI law or the Department of Labor, in violation of *3 CMC §4434(e) (1)*.

5.  Respondent is the primary boat operator of the 54-foot boat; the biggest on the Auto Marine Inc. stocks, using for transporting tourist to conduct the ocean or sea walk activities.

6.  Respondent was also observed operating a seven to fifteen-passenger van transporting tourist to and from the Smiling Cove.

7.  Further, the Respondent has become excludable pursuant to *3 CMC §4340(f)* to wit: Respondent was performing work for his employer, Auto Marine Inc., on an unapproved job classification by Department of Labor, which is in violation of *3 CMC §4437(e)*.

8.  I believe that it is necessary to arrest this Respondent and others similarly situated in the interest of public safety.

Based on the foregoing information, I submit that **Rolando Elvis A Sonoran,** have failed to comply with the terms and conditions of his entry and am therefore a deportable alien pursuant to Commonwealth law and regulation.

Executed this 9th day of *February*, 2005, at the **Division of Immigration Service, Enforcement Unit Office**, Commonwealth of the Northern Mariana Islands.


By: _____
    **Richard T. Lizama**
    **Immigration Investigator**


Reviewed By: _____
    **Ian M. Catlett**
    **Assistant Attorney General**


2



PLAINTIFF'S
EXHIBIT
8

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between     AUTO MARINE, INC.
_____ of P.O. BOX 10003 PMB-483 , SAIPAN, MP 96950 ,
hereinafter referred to as the Employer, and     NORMANDY I. SANTOS     of
41 SAN JOSE, TARLAC CITY, PHILIPPINES hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be
employed by the Employer to serve and perform the duties required of him/her in the job
category provided below:

A.  **DUTIES AND RESPONSIBILITIES:**  The parties hereto agree that the Employee shall
be employed only in the job category of ENGINEER (WATER TRANS) and shall
perform the following duties and responsibilities including training of resident
workers:  SUPERVISES AND COORDINATES ACTIVITIES OF CREWS ENGAGED
THE OPERATION AND MAINTENANCE OF PROPULSION AND OTHER ENGINES,
INSPECTS ENGINES AND OTHER EQUIPMENTS AND ORDERS CREWS TO REPAIR OR
REPLACE DEFECTIVE PARTS.  STARTS ENGINES TO PROPEL SHIP AND
REGULATES ENGINES AND POWER TRANSMISSIONS OR CONTROL SPEED OF SHIP.
OTHER RELATED DUTIES.

B.  **TERM:**  The term of this Contract shall be for a period of ONE (10 year
commencing upon the Employee's arrival in the Commonwealth of the Northern
Mariana Islands ("CNMI") and ending on _____ 7/30/13 .

C.  **WORK DAYS AND HOURS:**    The Employee's work days and hours shall be
MONDAYS   to   SATURDAYS   , from   8:00   to   5:00   , for
a total of   48   hours per week.

D.  **COMPENSATION:**  In consideration of the services to be performed by the employee,
the Employer agrees to pay the Employee compensation in the amount of:
1.  $ 1,500.00   per   MONTH   and
2.  $   N.A.   per _____ for overtime compensation payable by
check in bi-weekly intervals.
3.  Other compensation (bonuses, commissions, etc.); specify amount and method
of calculation:

E.  **DEDUCTIONS:**  CNMI taxes and Social Security, if applicable, shall be withheld
from the employee's salary each pay period.  No other deductions from the
Employee's compensation shall be made by the Employer unless specified herein and
approved by the Chief of Labor or his authorized designee.  Other deductions (set
forth amount and purpose of deduction):

F.  **PRINCIPAL PLACE OF WORK:**  The Employee's principal place of employment shall be
on _____, CNMI.  However, the employee may be required to perform
his/her duties at the other senatorial districts within the CNMI depending on the
nature of the Employer's business and upon the Employer's compliance with
applicable labor policies and/or regulations.

G.  **TRANSPORTATION:**  The Employer shall be responsible for the payment of the
Employee's return airplane ticket to his/her point of hire at the expiration or
termination of the Employment Contract, regardless of the nature of the
termination.

H.  **INSURANCE/MEDICAL EXPENSES:**  The Employer shall be responsible and liable for the
medical insurance or payment of all medical expenses of the Employee, including
the cost of referral and evacuation of medical treatment outside of the CNMI and,
in the event of Employee's death, the cost of embalming and transportation of the
Employee's corpse back to his point of origin.

I.  **NOTIFICATION OF NEXT-OF-KIN:**  In the case of an emergency involving serious
illness, accident or death of the Employee, the Employer shall immediately notify
the Employee's next-of-kin whose name and address are as follows:

MRS. FELISA SANTOS
41 SAN JOSE, TARLAC CITY
PHILIPPINES

July 28, 2004

Division of Labor
Department of Labor and Employment Services
P.O. Box 10007, San Antonio
Saipan, MP 96950

## STATEMENT OF EMPLOYEE SELF-ARRANGED HOUSING

Dear sir:

I, <u>NORMANDY I. SANTOS</u>, Engineer (Water Trans.) of Auto Marine, Inc.., certify that I had decided to live-out and opted to rent a room for me to stay.  That, I will take full responsibility for my housing and related accomodation expenses this arrangement may entail, and I therefore hold Auto Marine, Inc. not liable thereto.

This certification was made in lieu of my barracks clearance as required by the labor permitting office.

Done this __28th__ day of __July__, 2004.

NORMANDY I. SANTOS

SUBSCRIBED AND SWORN to before me, this ___28th___ day of ___July___, 2004, in Saipan, CNMI.

JOSE B. VELARDE JR.
P.O. BOX 1520 CK
SAIPAN, MP 96950
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION EXPIRES: 12.03.04

J.  **BOARD, LODGING AND OTHERS:**

The Employer shall ensure that the following facilities are provided:

1.  /___/   Employer-provided housing at a charge of $_____ per month.

    /___/   Employer-provided housing free of charge.

    /XX/   Employee self-arranged housing.
           (Attach statement or rental agreement.)

2.  /___/   _____ (number) meals per day at a charge of $_____ per month.

3.  /XX/   Employee to provide own food.

4.  /___/   Free transportation to and from job site at employer designated pick-up points.

5.  /XX/   Employee to provide transportation to and from job site.

6.  /___/   Allowance:

7.  /___/   Others:


K.  **OTHER PROVISIONS:**  The following additional provisions apply to this Contract:
(Set forth or attach any work rules, living accommodation rules and standards for Employee conduct.  Every page of every attachment must be signed by Employee and Employer.)


L.  **TERMINATION:**  This Contract may only be terminated for cause by either party by giving the other party __30__ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Chief of Labor or his designee.

1.  In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an employer refuses to allow the employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/her point of hire.

2.  Termination for cause may include any of the following:

    a.  ___6___ unauthorized absences and/or ___6___ unauthorized tardiness to work by the Employee;

    b.  Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

    c.  Conviction in the CNMI of any felony or two or more misdemeanors;

    d.  Abandoning of job or assigned duty by the employee;

    e.  Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

    f.  Extreme cruelty or abuse, physical or otherwise;

    g.  Unreasonable delays in the payment of the employee's wages or salary;

    h.  A breach of any provision of this Contract and not corrected within ten (10) days;

    i.  Cessation of business activities or bankruptcy;

    j.  Others (specify):


M.  **SETTLEMENT OF DISPUTE:**

**Grievance and Good Faith Settlement**

All grievances or disputes under this employment contract shall be subject to the following grievance procedure:

1.  The employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the employer, any and all grievances or disputes he/she may have regarding his/her employment;

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3. If the grievance or dispute is not resolved in step 1 or 2 above, the employee may file a complaint with the Chief of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Chief of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N. **REMITTANCE/OTHER OBLIGATIONS:** The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O. **ENTIRE AGREEMENT:** The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

        **IN WITNESS WHEREOF,** the parties hereto affix their names on the date and space so specified.

DATE: _7/28/04_          _____
                          ADONIS SANTOS PRESIDENT
                                EMPLOYER
                          (Print Name, Title and Sign)

DATE: _JULY 28, 2004_     _____
                          NORMANDY I. SANTOS
                                EMPLOYEE
                          (Print Name and Sign)


S  A  I  P  A  N COMMONWEALTH          )
                                       )  ss:  **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS        )
                                       )

     On this _28th_ day of _JULY_ , 2004, personally appeared before me
_____ADONIS I. SANTOS_____ and _____NORMANDY I. SANTOS_____ , known
to me to be the person(s) whose signature(s) is/are subscribed to the foregoing
instrument and who acknowledged to me that he/she/they executed the same as a voluntary
act for the purposes set forth therein.

     IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and
year first written above.

                    JOSE R. VELARDE JR.
                    P.O. BOX 1590 CK
                    NOTARY PUBLIC
                    IN AND FOR THE COMMONWEALTH OF THE
                    NORTHERN MARIANA ISLANDS
                    MY COMMISSION... NOTARY PUBLIC


                                       )
                                       )  ss:  **ACKNOWLEDGEMENT**
_____      )
                                       )

     On this _____ day of _____, _____ , personally appeared before me
_____ and _____ , known
to me to be the person(s) whose signature(s) is/are subscribed to the foregoing
instrument and who acknowledged to me that he/she/they executed the same as a voluntary
act for the purposes set forth therein.

     IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and
year first written above.


                              _____
                                       NOTARY PUBLIC


_____

DATE: _8/5/4_           APPROVED BY: _____
                                       DIRECTOR OF LABOR


Form: L921014.1                                        Page 3 of 3

Ian Catlett, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Immigration Division- Susupe Complex
Telephone:  (670) 664-2366
Fax:          (670) 234-7016

CLERK OF
SUPERIOR COURT

'05 FEB 10 ꞓ 11: 49

Counsel for Petitioners,

SUPERIOR COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

OFFICE OF THE ATTORNEY
GENERAL and DIVISION OF
IMMIGRATION SERVICES,

                    Petitioners,

        Vs.

**Normandy I. Santos**

                    Respondent.

Civil Action No. 05-0057(E)

**DECLARATION IN SUPPORT OF
an  ARREST WARRANT**


PLAINTIFF'S
EXHIBIT
9

The undersigned complainant hereby states as follows:

I, **Richard T. Lizama**, an **Immigration Investigator** employed by the Division of
Immigration under the Office of the Attorney General, Commonwealth of the Northern
Mariana Islands.  I have been employed in such capacity for over 08 years and have been
involved in numerous immigration and law enforcement investigations.

Based on my personal knowledge and belief, and through investigation and review of
information obtained from the Commonwealth Labor and Immigration Identification and
Documentation System (**LIIDS**), I hereby declare that:

1.      Respondent in the above captioned matter is an alien, as that term is defined in 3
        CMC §4303 (a);

2.      Respondent Labor and Immigration Identification Documentation System (LIIDS)
        indicates that Benjamin I. Santos is a citizen of the Republic of the Philippines, with
        date of birth 09/13/65, was issued a ***Non-resident Worker's Entry Permit***, (706-K)
        number *121175* which entitles him to be employed as a Engineer (Water-Trans).  A
        copy of the Labor and Immigration Identification System data printout is attached
        hereto and marked as " EXHIBIT A ".

3.    Respondent has been under surveillance since beginning of November 2004, after receiving information from an anonymous caller that the respondent is in violation, of his conditions of entry, pursuant to *3 CMC §4340(e).*

4.    Respondent was observed over the course of several surveillance operations between December 2004 and February 2005, to be operating a boat as a boat operator with tourist on board, not authorized by CNMI law or the Department of Labor, in violation of *3 CMC §4434(e) (1).*

5.    Respondent had been observed during the surveillance operations between the period of 09:00 – 11:30 a.m. and at 13:00 – 16:30 p.m. operating a boat as a boat operator.

6.    Further, the Respondent has become excludable pursuant to *3 CMC §4340(f)* to wit: Respondent was performing work for his employer, Auto Marine Inc., on an unapproved job classification by Department of Labor, which is in violation of *3 CMC §4437(e).*

7.    I believe that it is necessary to arrest this Respondent and others similarly situated in the interest of the public safety.

Based on the foregoing information, I submit that **Normandy I Santos,** have failed to comply with the terms and conditions of **his** entry and am therefore a deportable alien pursuant to Commonwealth law and regulation.

Executed this 9ᵗʰ day of *February* , 2005, at the **Division of Immigration Service, Enforcement Unit Office,** Commonwealth of the Northern Mariana Islands.


By: _____
      Richard T. Lizama
      **Immigration Investigator**


Reviewed By: _____
                    Ian M. Catlett
                    **Assistant Attorney General**


2

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between ___AUTO MARINE, INC.___
_____ of ___P.O. BOX 10003 PMB-483, SAIPAN, MP 96950_____,
hereinafter referred to as the Employer, and _____AUGUSTO I. SANTOS_____ of
ESTRELLA ST,, SAN RAFAEL, TARLAC CITY, PHILIPPINES hereinafter referred to as the Employee.

    The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A.   DUTIES AND RESPONSIBILITIES: The parties hereto agree that the Employee shall be employed only in the job category of ___HELPER MECHANIC___ and shall perform the following duties and responsibilities including training of resident workers:
    TO HELP THE MECHANIC IN REPAIRING AND MAINTAINING, VEHICLES, BOATS, JETSKIS AND OTHER ENGINES, AND OTHER RELATED DUTIES SUCH AS DRIVING BOATS AND VEHICLES WHEN NECESSARY

PLAINTIFF'S
EXHIBIT
tabbies
_10_

B.   TERM: The term of this Contract shall be for a period of ___ONE YEAR (1)___ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on ___OCTOBER 1, 2006___

C.   WORK DAYS AND HOURS: The Employee's work days and hours shall be ___FLEXIBLE___ to ___FLEXIBLE___, from ___8:00___ to ___FLEXIBLE___, for a total of ___40___ hours per week.

D.   COMPENSATION: In consideration of the services to be performed by the Employee, the Employer agrees to pay the Employee compensation in the amount of:

  1. $ ___3.50___ per ___HOUR___ and

  2. $ ___X 1.5___ per ___HOUR___ for overtime compensation payable by check in bi-weekly intervals.

  3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

E.   DEDUCTIONS: CNMI taxes and Social Security, if applicable, shall be withheld from the Employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

    CASH ADVANCES

F.   PRINCIPAL PLACE OF WORK: The Employee's principal place of employment shall be on ___SAIPAN___, CNMI. However, the Employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G.   TRANSPORTATION: The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H.   INSURANCE/MEDICAL EXPENSES: The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his/her point of origin.

I.   NOTIFICATION OF NEXT-OF-KIN: In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

    ___VIVIAN SANTOS - WIFE___
    ___c/o P.O. BOX 10003 PMB-483___
    ___SAIPAN, MP 96950___

Form: L921014.1

J.   **BOARD, LODGING AND OTHERS:**

The Employer shall ensure that the following facilities are provided:

1.   [ ] Employer-provided housing at a charge of $_____ per month.

[ ] Employer-provided housing free of charge.

[XX] Employee self-arranged housing.
(Attach statement or rental agreement)

2.   [ ] _____ (number) meals per day at a charge of $_____ per month.

3.   [XX] Employee to provide own food.

4.   [ ] Free transportation to and from job site at employer designated pick-up points.

5.   [XX] Employee to provide transportation to and from job site.

6.   [ ] Allowance:

7.   [XX] Others:

## MEDICAL AND WORKERS' COMPENSATION INSURANCE

K.   **OTHER PROVISIONS:** The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

L.   **TERMINATION:** This Contract may only be terminated for cause by either party by giving the other party _____30_____ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

1. In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an Employer refuses to allow the Employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/ her point of hire.

2. Termination for cause may include any of the following:

a.   ____6____ unauthorized absences and/or ____6____ unauthorized tardiness to work by the Employee;

b. Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

c. Conviction in the CNMI of any felony or two or more misdemeanors;

d. Abandoning of job or assigned duty by the employee;

e. Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

f. Extreme cruelty or abuse, physical or otherwise;

g. Unreasonable delays in the payment of the Employee's wages or salary;

h. A breach of any provision of this Contract and not corrected within ten (10) days;

i. Cessation of business activities or bankruptcy;

j. Others (specify):

M.   **SETTLEMENT OF DISPUTE:**

Grievance and Good Faith Settlement:

All grievances or dispute under this employment contract shall be subject to the following grievance procedure:

1. The Employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the Employer, any and all grievances or disputes he/she may have regarding his/her employment;

2. If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violations.

3. If the grievance or dispute is not resolved in step 1 or 2 above, the Employee may file a complaint with the Director of Labor or his designee.

The Employee and Employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.  REMITTANCE/OTHER OBLIGATIONS: The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.  ENTIRE AGREEMENT: The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

IN WITNESS WHEREOF, the parties hereto affix their names on the date and space so specified.

DATE: ___9/30/05___

_____
SOLOMON B. MACABIGAD, CORP. SECRETARY
EMPLOYER
(Print name, Title and Sign)

DATE: ___9/30/05___

_____
AUGUSTO I. SANTOS
EMPLOYEE
(Print name and sign)

S A I P A N , COMMONWEALTH      )
OF THE NORTHERN MARIANA ISLANDS )  ss: ACKNOWLEDGEMENT
                                )

On this 30th day of ~~OCTOBER~~ SEPT , 2005, personally appeared before me AUGUSTO I. SANTOS and SOLOMON B. MACABUGAO , known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

_____
NOTARY PUBLIC
12/03/06

_____ , COMMONWEALTH      )
OF THE NORTHERN MARIANA ISLANDS )  ss: ACKNOWLEDGEMENT
                                )

On this _____ day of _____ , _____ , personally appeared before me _____ and _____ , known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purpose set forth therein.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal on the day and year first written above.

_____
NOTARY PUBLIC

DATE: ___10/13/5___          APPROVED BY: _____
                                           DIRECTOR OF LABOR

Form: L921014.1                                              Page 3 of 3

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between ___AUTO MARINE, INC.___ _____ of _P.O. BOX 10003 PMB-483, SAIPAN, MP 96950_, hereinafter referred to as the Employer, and ___AUGUSTO I. SANTOS_____ of ESTRELLA ST., SAN RAFAEL, TARLAC CITY, PHIL., hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

A. **DUTIES AND RESPONSIBILITIES:** The parties hereto agree that the Employee shall be employed only in the job category of __HELPER MECHANIC_____ and shall perform the following duties and responsibilities including training of resident workers: ASSIST THE MECHANIC IN THE REPAIR OF AUTOS AND BOATS. DO MINOR TROUBLE SHOOTING, CHANGING OILS, AND KEEPING THE SHOP TOOLS IN THEIR PLACES. OTHER RELATED DUTIES SUCH AS KEEPING THE SHOP CLEAN.

PLAINTIFF'S EXHIBIT
11

B. **TERM:** The term of this Contract shall be for a period of __ONE (1) YEAR___ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on ___ONE YEAR AFTER___ _____.

C. **WORK DAYS AND HOURS:** The Employee's work days and hours shall be __MONDAYS__ to __FRIDAYS___, from __8:00___ to __5:00___, for a total of _40_ hours per week.

D. **COMPENSATION:** In consideration of the services to be performed by the employee, the Employer agrees to pay the Employee compensation in the amount of:

1. $__3.05___ per __HOUR_____ and
2. $__X 1.5___ per __HOUR__ for overtime compensation payable by check in bi-weekly intervals.
3. Other compensation (bonuses, commissions, etc.); specify amount and method of calculation:
   NONE

E. **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Chief of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

   CASH ADVANCES

F. **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on ___SAIPAN___, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

G. **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

H. **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

I. **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:

_____

_____

_____

Form: L921014.1

J.  **BOARD, LODGING AND OTHERS**:

The Employer shall ensure that the following facilities are provided:

1.  /___/ Employer-provided housing at a charge of $_____ per month.

    /___/ Employer-provided housing free of charge.

    /_XX_/ Employee self-arranged housing.
    (Attach statement or rental agreement.)

2.  /___/ _____ (number) meals per day at a charge of $_____ per month.

3.  /_XX_/ Employee to provide own food.

4.  /___/ Free transportation to and from job site at employer designated pick-up points.

5.  /_XX_/ Employee to provide transportation to and from job site.

6.  /___/ Allowance:

7.  /_XX_/ Others: FREE MEDICAL AND WORKER'S COMPENSATION INSURANCE

K.  **OTHER PROVISIONS**: The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)

NONE

L.  **TERMINATION**: This Contract may only be terminated for cause by either party by giving the other party  30  days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Chief of Labor or his designee.

1.  In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an employer refuses to allow the employee to continue working through the effective date of the termination and shall purchase a one-way ticket for the return of the Employee to his/her point of hire.

2.  Termination for cause may include any of the following:

    a.   6   unauthorized absences and/or  6   unauthorized tardiness to work by the Employee;

    b.  Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

    c.  Conviction in the CNMI of any felony or two or more misdemeanors;

    d.  Abandoning of job or assigned duty by the employee;

    e.  Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

    f.  Extreme cruelty or abuse, physical or otherwise;

    g.  Unreasonable delays in the payment of the employee's wages or' salary;

    h.  A breach of any provision of this Contract and not corrected within ten (10) days;

    i.  Cessation of business activities or bankruptcy;

    j.  Others (specify):

M.  **SETTLEMENT OF DISPUTE**:

**Grievance and Good Faith Settlement**

All grievances or disputes under this employment contract shall be subject to the following grievance procedure:

1.  The employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the employer, any and all grievances or disputes he/she may have regarding his/her employment;

2.   If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated.  Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3.   If the grievance or dispute is not resolved in step 1 or 2 above, the employee may file a complaint with the Chief of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Chief of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.   **REMITTANCE/OTHER OBLIGATIONS:**  The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.   **ENTIRE AGREEMENT:**  The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

   **IN WITNESS WHEREOF,** the parties hereto affix their names on the date and space so specified.

DATE: ___9/10/04___

ADONIS SANTOS, PRESIDENT
EMPLOYER
(Print Name, Title and Sign)

DATE: ___9/10/04___

AUGUSTO I. SANTOS
EMPLOYEE
(Print Name and Sign)

S  A  I  P  A  N , COMMONWEALTH          )
                                        ) ss:  **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS          )
                                        )

On this _10th_ day of _____AUGUST SEPT.____, 2004, personally appeared before me ____AUGUSTO I. SANTOS____  and  ____ADONIS SANTOS____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

   **IN WITNESS WHEREOF,** I hereunto set my hand and official seal on the day and year first written above.

JOSE E. VELARDE JR.
P.O. BOX 1520 CK
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION NOTARY PUBLIC
EXPIRES: 12/5/04

                                        )
                                        ) ss:  **ACKNOWLEDGEMENT**
_____            )
                                        )

On this _____ day of _____, _____, personally appeared before me _____  and  _____, known to me to be the person(s) whose signature(s) is/are subscribed to the foregoing instrument and who acknowledged to me that he/she/they executed the same as a voluntary act for the purposes set forth therein.

   **IN WITNESS WHEREOF,** I have hereunto set my hand and official seal on the day and year first written above.

_____
NOTARY PUBLIC

DATE: _12/17/4_                      APPROVED BY: _____
                                                      DIRECTOR OF LABOR

Form: L921014.1                                                    **Page 3 of 3**

PLAINTIFF'S
EXHIBIT
tabbies
12

# EMPLOYMENT CONTRACT

This employment contract is entered into by and between __AUTO·MARINE, INC.__ _____ of __PMB 483, P.O. BOx 10003, SAIPAN, MP 96950-890__ hereinafter referred to as the Employer, and __BENJAMIN I. SANTOS__ of __IBA SAN JOSE, TARLAC, TARLAC, PHILS.__, hereinafter referred to as the Employee.

The Employer hereby employs the Employee and the Employee hereby accepts to be employed by the Employer to serve and perform the duties required of him/her in the job category provided below:

**A.**  **DUTIES AND RESPONSIBILITIES:**  The parties hereto agree that the Employee shall be employed only in the job category of __MAINTENANCE MECHANIC__ and shall perform the following duties and responsibilities including training of resident workers:

> To do repairs and general maintenance and overhauls of company vehicles and boats and other related duties to be assign such as driving boats/vehicles when necessary.

**B.**  **TERM:** The term of this Contract shall be for a period of __one year__ commencing upon the Employee's arrival in the Commonwealth of the Northern Mariana Islands ("CNMI") and ending on __2/13/12__.

**C.**  **WORK DAYS AND HOURS:**  The Employee's work days and hours shall be __Monday__ to __Friday__, from __8:00am__ to __5:00pm__, for a total of __40__ hours per week.

**D.**  **COMPENSATION:** In consideration of the services to be performed by the employee, the Employer agrees to pay the Employee compensation in the amount of:
1. $__2,000.00__ per __month__ and
2. $__x 1.5__ per __hour__ for overtime compensation payable by check in bi-weekly intervals.

3. other compensation (bonuses, commissions, etc.); specify amount and method of calculation:

**E.**  **DEDUCTIONS:** CNMI taxes and Social Security, if applicable, shall be withheld from the employee's salary each pay period. No other deductions from the Employee's compensation shall be made by the Employer unless specified herein and approved by the Director of Labor or his authorized designee. Other deductions (set forth amount and purpose of deduction):

**F.**  **PRINCIPAL PLACE OF WORK:** The Employee's principal place of employment shall be on __Saipan__, CNMI. However, the employee may be required to perform his/her duties at the other senatorial districts within the CNMI depending on the nature of the Employer's business and upon the Employer's compliance with applicable labor policies and/or regulations.

**G.**  **TRANSPORTATION:** The Employer shall be responsible for the payment of the Employee's return airplane ticket to his/her point of hire at the expiration or termination of the Employment Contract, regardless of the nature of the termination.

**H.**  **INSURANCE/MEDICAL EXPENSES:** The Employer shall be responsible and liable for the medical insurance or payment of all medical expenses of the Employee, including the cost of referral and evacuation of medical treatment outside of the CNMI and, in the event of Employee's death, the cost of embalming and transportation of the Employee's corpse back to his point of origin.

**I.**  **NOTIFICATION OF NEXT-OF-KIN:** In the case of an emergency involving serious illness, accident or death of the Employee, the Employer shall immediately notify the Employee's next-of-kin whose name and address are as follows:
__Creselda  Santos - wife__
__same address__
_____
_____

**J.    BOARD, LODGING AND OTHERS:**
The Employer shall ensure that the following facilities are provided:

1.  ☐  Employer-provided housing at a charge of $_____ per month.

    ☐  Employer-provided housing free of charge.

    ☒  Employee self-arranged housing.
        (Attach statement or rental agreement.)

2.  ☐  _____ (number meals per day at a charge of $_____ per month)

3.  ☒  Employee to provide own food.

4.  ☐  Free transportation to and from job site at employer designated pick-up points.

5.  ☒  Employee to provide transportation to and from job site.

6.  ☐  Allowance:

7.  ☐  Others:


**K.    OTHER PROVISIONS:** The following additional provisions apply to this Contract: (Set forth or attach any work rules, living accommodation rules and standards for Employee conduct. Every page of every attachment must be signed by Employee and Employer.)


**L.    TERMINATION:** This Contract may only be terminated for cause by either party by giving the other party __30__ days advance written notice and only after an unsuccessful good faith attempt to settle any dispute has been made with the Director of Labor or his designee.

1.    In the event of termination for cause, the Employer shall pay the Employee's wages or salary for work or services performed or for work not performed when an employer refuses to allow the employee to continue working through the effective date of termination and shall purchase a one-way ticket for the return of the Employee to his/her point of hire.

2.    Termination for cause may include any of the following:

a.    __3x__ unauthorized absences and/or __3x__ unauthorized tardiness to work by the Employee;

b.    Neglect, careless performance, non-performance or non-completion of assigned work by the Employee;

c.    Conviction in the CNMI of any felony or two or more misdemeanors;

d.    Abandoning of job or assigned duty by the employee;

e.    Incompetence or misrepresentation of the qualifications, skills, physical or mental fitness to satisfactorily perform the duties for which the Employee was hired;

f.    Extreme cruelty or abuse, physical or otherwise;

g.    Unreasonable delays in the payment of the employee's wages or salary;

h.    A breach of any provision of this Contract and not corrected within ten (10) days;

i.    Cessation of business activities or bankruptcy;

j.    Others (specify);


**M.    SETTLEMENT OF DISPUTE:**

Grievance and Good Faith Settlement

All grievances or disputes under this employment contract shall be subject to the following grievance procedure:

1.    The employee shall communicate to his/her supervisor, or if there is no supervisor, then directly to the employer, any and all grievances or disputes he/she may have regarding his/her employment;

2.   If the supervisor is unable to resolve the matter immediately, the grievance or dispute shall be reduced to writing by the supervisor which shall state the section of the contract, law, or rules and regulations to have been violated. Management shall have five working days to resolve the grievance, dispute or state in writing his/her reasons why there is no violation.

3.   If the grievance or dispute is not  resolve in step 1 or 2 above, the employee may file a compliant with the Director of Labor or his designee.

The employee and employer shall maintain the employment relationship during the pendency of any grievance or dispute unless the Director of Labor, his authorized designee, or a hearing officer grant a temporary work authorization.

N.   **REMITTANCE/OTHER OBLIGATIONS:** The Employee shall be responsible for remitting any money to his/her family and payment of any taxes as required by his/her government in his/her country of origin.

O.   **ENTIRE AGREEMENT:** The foregoing terms and conditions constitute the sole, entire agreement of the parties herein and shall supersede any other agreement, either written, verbal, or otherwise.

        **IN WITNESS WHEREOF,** the parties hereto affix their names on the date and space so specified.

DATE: ___9/05/01___                              ADONIS I. SANTOS
                                                 _____
                                                 EMPLOYER
                                                 (Print Name, Title and Sign)

DATE: ___9/05/01___                              BENJAMIN I. SANTOS
                                                 _____
                                                 EMPLOYEE
                                                 (Print Name and Sign)

___SAIPAN___, COMMONWEALTH              )
                                        )  ss:   **ACKNOWLEDGEMENT**
OF THE NORTHERN MARIANA ISLANDS         )
                                        )

_____
        On this _9th_ day of ___SEPTEMBER___, _2001_, personally appeared before me
___BENJAMIN I. SANTOS___ and ___ADONIS I. SANTOS___, known
to me to be the person(s) whose signature(s) is/are subscribed to the foregoing
instrument and who acknowledged to me that he/she/they executed the same as a voluntary
act for the purposes set forth therein.

        **IN WITNESS WHEREOF,** I have hereunto set my hand and official seal on the day and
year first written above.

                                        JOSE B. VELARDE Jr.
                                        P.O. BOX 1520 CK
                                        SAIPAN, MP 96950
                                        NOTARY PUBLIC
                                        IN AND FOR THE COMMONWEALTH OF THE
                                        NORTHERN MARIANA ISLANDS
                                        MY COMMISSION
                                        EXPIRES: 12.09.02

                                        )
                                        )  ss:   ACKNOWLEDGEMENT
                                        )
                                        )

        On this _____ day of _____, _____, personally appeared before me
_____ and _____, known
to me to be the person(s) whose signature(s) is/are subscribed to the foregoing
instrument and who acknowledged to me that he/she/they executed the same as a voluntary
act for the purposes set forth therein.

        **IN WITNESS WHEREOF,** I have hereunto set my hand and official seal on the day and
year first written above.

                                        _____
                                        NOTARY PUBLIC

_____

DATE: ___10/11/01___            APPROVED BY:_____
                                                DIRECTOR OF LABOR

Form: L921014.1                                                    Page 3 of 3

PHOTOGRAPH OF APPLICANT



COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF COMMERCE AND LABOR
OFFICE OF IMMIGRATION
DIVISION OF LABOR
Saipan
_____ , NORTHERN MARIANA ISLANDS

APPLICATION FOR RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. _____
ENTRY PERMIT NO. ¹ 151764 _____

BOND NO. PICI - 16339

FOR OFFICIAL USE ONLY

151764
Permit Number

1/01/03                    9/13/03
_____          _____
Issued Date            Expiration Date

_____
Chief of Labor

☑ Approved        ☐ Disapproved

_____
Permit Number/Category

_____          _____
Issued Date            Expiration Date

_____
Chief of Immigration

☐ Approved        ☐ Disapproved

Employer: Auto Marine, Inc. _____ dba _____
PMB 483, P.O. Box 10003
Mailing Address: Saipan, MP 96950-8903 _____ Business License No. 1416
Telephone No. 323-2916 _____ hereby makes application to renew Nonresident Worker's

Crtificate and Entry Permit for employment for an additional term (not more than one year) of 12 _____ months,

cmmencing on Sept. 13, 2002 _____ and ending on Sept. 13, 2003 _____

☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's
Agreement for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach
amended employment contract and Employer's Agreement).

Date: 9/10/02 _____

**PLAINTIFF'S EXHIBIT 13**

ADONIS I. SANTOS
_____
Signature
PRESIDENT
_____
Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by ADONIS I. SANTOS this 10th _____ day

of SEPTEMBER _____ , 2002

JOSE B. VELARDE JR.
P.O. BOX 1520 CK
SAIPAN, MP 96950
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION EXPIRES: 12.03.02

The employee named below declares under penalty of perjury that:

• He/She arrived in the Commonwealth on 1991 _____

• He/She had been examined by a physician on 8-12-02 , _____ pursuant to 3 CMC 4438 and that he/
she ☒ does not have ☐ does have an infectious or communicable disease.

• He/She ☒ has never ☐ has been convicted of a felony or other crimes involving moral turpitude.

• He/She concurs with the application to renew his/her nonresident worker's certificate ☒ under the same terms and
conditions as provided in the initial application ☐ under terms and conditions of employment as amended.

• His/Her Passport No. EE811832 issued by Phil. Consulate expires on 12-02-2004
Saipan, CNMI

Date: 9/10/02 _____

_____
Signature
BENJAMIN L. SANTOS

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by _____ this
10th _____ day of SEPTEMBER _____ , 2002

JOSE B. VELARDE JR.
P.O. BOX 1520 CK
SAIPAN, MP 96950
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS NOTARY PUBLIC
MY COMMISSION EXPIRES: 12.03.02

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR, IMMIGRATION AND EMPLOYMENT SERVICES
DIVISION OF LABOR
_Saipan_____, NORTHERN MARIANA ISLANDS

PHOTOGRAPH OF APPLICANT

APPLICATION FOR RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. _151764_____

BOND NO. _19537_____

BOND CO. _PICI_____                                    D.O.F. No. _____

**FOR OFFICIAL USE ONLY**

_____
Permit Number

_____
Issued Date          Expiration Date

Attached Permit Here
(ORIGINAL)

_____
Chief of Labor

☐ Approved          ☐ Disapproved       Date Entered: ____/____/____ By: _____

Employer: _Auto Marine, Inc._____ dba _____

Mailing Address: PMB 483, P.O. Box 10003
Saipan, MP 96950-8903 _____ Business License No. _1416____

Telephone No.: _323-2916_____ hereby makes application to renew Nonresident Worker's

Certificate and Entry Permit for employment for an additional term (not more than one year) of _12_____ months,

commencing on _Sept. 13, 2003_____ and ending on _Sept. 13, 2004_____

☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement

for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended

employment contract and Employer's Agreement).

Date: _9/11/03_____

PLAINTIFF'S
EXHIBIT
_14_

_ADONIS Y. SANTOS_____
Signature
PRESIDENT
Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by _ADONIS I. SANTOS_____ this _11th_ day

of _SEPTEMBER_____, 20 _03_.

JOSE D. VELARDE JR.
Notary Public
SAIPAN, MP 96950
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION EXPIRES

The employee named below declares under penalty of perjury that:
- He/She arrived in the Commonwealth on _1991_____
- He/She had been examined by a physician on _8-25-03_____ pursuant to 3 CMC 4438 and that he/
  she ☒ does not have ☐ does have an infectious or communicable disease.
- He/She ☒ has never ☐ has been convicted of a felony or other crimes involving moral turpitude.
- He/She concurs with the application to renew his/her nonresident worker's certificate ☒ under the same terms and
  conditions as provided in the initial application ☐ under terms and conditions of employment as amended.
- His/Her Passport No. _EE811832_____ issued by _Phil. Consulate_ expires on _12-02-04_____
  Saipan, CNMI

Date: _9/11/03_____

Signature

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by _BENJAMIN G.L. SANTOS_____ this

_11th_ day of _SEPTEMBER_____, 20 _03_.

JOSE D. VELARDE JR.
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION EXPIRES                    Notary Public

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR
DIVISION OF LABO
S A I P A N   , NORTHERN MARIANA ISLANDS


PHOTOGRAPH OF APPLICANT

FILE COPY

APPLICATION FOR RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. ___151764___

BOND NO. _____

BOND CO. _____                    D.O.F. No. _____

<u>FOR OFFICIAL USE ONLY</u>

Permit Number

17/28/4        9/13/5

Issued Date        Expiration Date

_____
Chief of Labor

Attached Permit Here
(ORIGINAL)

☒ Approved     ☐ Disapproved     Date Entered: ___/___/___   By: _____

Employer: ___AUTO MARINE, INC.___ dba _____

Mailing Address: _P.O. BOX 10003 PMB-483, SAIPAN, MP 96950_ Business License No. ___1416___

Telephone No.: _____323-2916_____ hereby makes application to renew Nonresident Worker's

Certificate and Entry Permit for employment for an additional term (not more than one year) of ___TWELVE (12)___ months,

commencing on ___SEPTEMBER 13, 2004___ and ending on ___ONE YEAR AFTER  9/13/5___

☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement

for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended

employment contract and Employer's Agreement).

Date: ___9/13/04___

PLAINTIFF'S
EXHIBIT
15

___ADONIS I. SANTOS___
Signature

PRESIDENT
Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by ___ADONIS I. SANTOS___ this 13th day

of ___SEPTEMBER___, 20 04.

JOSE B. VELARDE JR.
P.O. BOX 1520 CK
SAIPAN, MP 96950
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION EXPIRES: 12.03.04

Notary Public

The employee named below declares under penalty of perjury that:
- He/She arrived in the Commonwealth on ___1991___
- He/She had been examined by a physician on _____ pursuant to 3 CMC 4438 and that he/she ☒ does not have ☐ does have an infectious or communicable disease.
- He/She ☒ has never ☐ has been convicted of a felony or other crimes involving moral turpitude.
- He/She concurs with the application to renew his/her nonresident worker's certificate ☒ under the same terms and conditions as provided in the initial application ☐ under terms and conditions of employment as amended.
- His/Her Passport No. ___EE811832___ issued by ___SAIPAN___ expires on ___12/02/04___.

Date: ___9/13/04___

___BENJAMIN I. SANTOS___
Signature

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by ___BENJAMIN I. SANTOS___ this

13th day of ___SEPTEMBER___ 20 04

JOSE B. VELARDE JR.
NOTARY PUBLIC
IN AND FOR THE COMMONWEALTH OF THE
NORTHERN MARIANA ISLANDS
MY COMMISSION EXPIRES: 12.03.04

Notary Public

COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR
DIVISION OF LABOR
S A I P A N , NORTHERN MARIANA ISLANDS

PHOTOGRAPH OF APPLICANT

APPLICATION FOR RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. 151764

FILE COPY

BOND NO. _____

BOND CO. _____

D.O.F. No. _____

| FOR OFFICIAL USE ONLY | |
|---|---|
| 151764 | |
| Permit Number | Attached Permit Here (ORIGINAL) |
| 11/a/r  9/13/6 | |
| Issued Date    Expiration Date | |
| Chief of Labor | |

☑ Approved    ☐ Disapproved    Date Entered: _____/_____/_____ By: _____

Employer: _____ AUTO MARINE, INC. _____ dba _____

Mailing Address: P.O. BOX 10003 PMB-483, SAIPAN, MP 96950 Business License No. ____ 1416 ____

Telephone No.: ____ 323-0102 ____ hereby makes application to renew Nonresident Worker's

Certificate and Entry Permit for employment for an additional term (not more than one year) of ___ 12 ___ months,

commencing on _____ SEPTEMBER 13, 2005 _____ and ending on _____ SEPTEMBER 13, 2006 _____

XX under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement

for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended

employment contract and Employer's Agreement).

Date: 9/12/05

**PLAINTIFF'S EXHIBIT 16**

SOLOMON B. MACABUGAO
Signature

SECRETARY
Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by SOLOMON B. MACABUGAO this 14th day

of _____ SEPTEMBER _____, 20 05

Jose _____
Commiss _____
Notary Public

My _____

The employee named below declares under penalty of perjury that:
- He/She arrived in the Commonwealth on _____ 1991 _____.
- He/She had been examined by a physician on _____ 8/30/2005 _____ pursuant to 3 CMC 4438 and that he/she XX does not have ☐ does have an infectious or communicable disease.
- He/She XX has never ☐ has been convicted of a felony or other crimes involving moral turpitude.
- He/She concurs with the application to renew his/her nonresident worker's certificate XX under the same terms and conditions as provided in the initial application ☐ under terms and conditions of employment as amended.
- His/Her Passport No. _____ issued by _____ expires on _____.

Date: 9/12/05

Jose _____
Commiss _____

BENJAMIN I. SANTOS
Signature

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by BENJAMIN I. SANTOS this

14th day of SEPTEMBER My Comm 20 05. 12/07/06

Notary Public



COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
DEPARTMENT OF LABOR
DIVISION OF LABOR
S A I P A N  NORTHERN MARIANA ISLANDS

APPLICATION FOR RENEWAL OF
LABOR IDENTIFICATION CERTIFICATE NO. ___151764___

BOND NO. __42906__

BOND CO. __EIC/__

DEC 12 2006

D.O.F. No. _____

FOR OFFICIAL USE ONLY

151764
Permit Number

12/4/06        09/13/07
Issued Date       Expiration Date

_____
Chief of Labor

☑ Approved   ☐ Disapproved   Date Entered: ___/___/___ By: _____

CNMI Office of the Attorney General
Division of Immigration
ENTRY PERMIT

BENJAMIN I SANTOS
Citizenship Gender Birthdate   Island
PHL    M   05/21/1969   SAIPAN
Emplyr: AUTO MARINE INC
Occ:   MANAGER
Class:  706K       RENEWAL
Issue Date 09/13/2005  Exp. Date 09/13/2006

151764

Employer: ___AUTO MARINE, INC.___ dba _____
Mailing Address: __PMB-483 BOX 10003, SAIPAN, MP 96950__ Business License No. _____
Telephone No.: ___(670) 323-2916___ hereby makes application to renew Nonresident Worker's
Certificate and Entry Permit for employment for an additional term (not more than one year) of ___TWELVE (12)___ months,
commencing on ___SEPTEMBER 13, 2006___ and ending on ___SEPTEMBER 13, 2007___
☒ under the same terms and conditions of employment as those contained in the Employment Contract and Employer's Agreement
for the aforesaid nonresident worker's certificate ☐ under terms and conditions of employment as amended (attach amended
employment contract and Employer's Agreement).

Date: __09-11-06__

PLAINTIFF'S
EXHIBIT
17

_____
Signature
SOLOMON B. MACABUGAO
CORPORATE SECRETARY
Title

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by ___SOLOMON B. MACABUGAO___ this __11th__ day
of __September__

EMILIANO V. CABRERA, JR.
Notary Public - Reg. No. 5084
Commonwealth of the Northern Mariana Islands
My Commission Expires: Mar. 06, 2008
P.O. Box 7745 SVRB Saipan, MP 96950

The employee named below declares under penalty of perjury that:
• He/She arrived in the Commonwealth on ___1991___
• He/She had been examined by a physician on _____ pursuant to 3 CMC 4438 and that he/
  she ☐ does not have ☐ does have an infectious or communicable disease.
• He/She ☐ has never ☐ has been convicted of a felony or other crimes involving moral turpitude.
• He/She concurs with the application to renew his/her nonresident worker's certificate ☐ under the same terms and
  conditions as provided in the initial application ☐ under terms and conditions of employment as amended.
• His/Her Passport No. _____ issued by _____ expires on _____

Date: __08/19/06__

_____
BENJAMIN I. SANTOS
Signature

SUBSCRIBED AND SWORN to before me, a NOTARY PUBLIC, by ___BENJAMIN I. SANTOS___ this
__19th__ day of ___AUGUST___, 20_06_

MARILOU C. LAMBAT
Notary Public - Reg. No. 433A
Commonwealth of the Northern Mariana Islands
My Commission expires: _____
P.O. Box _____ Saipan, MP 96950

Ian Catlett, Assistant Attorney General
OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Immigration Division- Susupe Complex
Telephone:  (670) 664-2366
Fax:          (670) 234-7016

CLERK OF COURT
SUPERIOR COURT
F...

'05 FEB 10 AM 11: 48

'UTY CLE...

Counsel for Petitioners,

### SUPERIOR COURT OF THE
### COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

OFFICE OF THE ATTORNEY
GENERAL and DIVISION OF
IMMIGRATION SERVICES,

Petitioners,

Vs.

**Benjamin I. Santos**

Respondent.

Civil Action No. *05-0056 (5)*

**DECLARATION IN SUPPORT OF
an ARREST WARRANT**

The undersigned complainant hereby states as follows:

I, **Richard T. Lizama**, an **Immigration Investigator** employed by the Division of Immigration under the Office of the Attorney General, Commonwealth of the Northern Mariana Islands.  I have been employed in such capacity for over <u>08</u> years and have been involved in numerous immigration and law enforcement investigations.

Based on my personal knowledge and belief, and through investigation and review of information obtained from the Commonwealth Labor and Immigration Identification and Documentation System **(LIIDS)**, I hereby declare that:

1.      Respondent in the above captioned matter is an alien, as that term is defined in 3 CMC §4303 (a);

2.      Respondent Labor and Immigration Identification Documentation System (LIIDS) indicates that Benjamin I. Santos is a citizen of the Republic of Philippines. His date of birth is 05/21/69, was issued a ***Non-resident Worker's Entry Permit***, (706-K) number ***151764,*** which entitles him to be employed as manager at Auto Marine Inc., A copy of the Labor and Immigration Identification System data printout is attached hereto and marked as " EXHIBIT A ".



**PLAINTIFF'S
EXHIBIT**

16

3.     Respondent has been under surveillance since beginning of November 2004, after receiving information from an anonymous caller that the respondent is in violation, of his conditions of entry pursuant to *3 CMC §4340(e).*

4.     Respondent was observed over the course of several surveillance operations between December 2004 and February 2005, to be operating a boat as a boat operator for tourists dropped off at Smiling Cove, a job category not authorized by CNMI law or the Department of Labor, in violation of *3 CMC §4434(e)(1).*  A copy of photo is attached hereto and marked as "EXHIBIT B".

5.     Further, the Respondent has become excludable pursuant to *3 CMC §4340(e)* to wit: Respondent was performing work for his employer, Auto Marine Inc., on an unapproved job classification by Department of Labor, which is in violation of *3 CMC §4437(e).*

6.     I believe that it is necessary to arrest this Respondent and others similarly situated in the interest of public safety.

Based on the foregoing information, I submit that **Benjamin I Santos,** has failed to comply with the terms and conditions of **his** entry and is therefore a deportable alien pursuant to Commonwealth law and regulation.

Executed this **9**th day of **February**    2005, at the **Division of Immigration Service, Enforcement Unit Office**, Commonwealth of the Northern Mariana Islands.

By: _____
        **Richard T. Ilzama**
        **Immigration Investigator**

Reviewed By: _____
        **Ian M. Catlett**
        **Assistant Attorney General**

2

OFFICE OF THE ATTORNEY GENERAL
Commonwealth of the Northern Mariana Islands
Immigration Division- Susupe Complex
Telephone:  (670) 664-2366
Fax:        (670) 234-7016

Counsel for Petitioners,

FILED

FEB 10 '7

DEPUTY CLERK OF COURT

## SUPERIOR COURT OF THE
## COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

OFFICE OF THE ATTORNEY
GENERAL and DIVISION OF
IMMIGRATION SERVICES,

                    Petitioners,

Vs.

**Augusto I. Santos**

                    Respondent.

Civil Action No. 05 0055 E

**DECLARATION IN SUPPORT OF
an ARREST WARRANT**


PLAINTIFF'S
EXHIBIT
19

The undersigned complainant hereby states as follows:

I, **Richard T. Lizama**, an **Immigration Investigator** employed by the Division of Immigration under the Office of the Attorney General, Commonwealth of the Northern Mariana Islands.  I have been employed in such capacity for over 08 years and have been involved in numerous immigration and law enforcement investigations.

Based on my personal knowledge and belief, and through investigation and review of information obtained from the Commonwealth Labor and Immigration Identification and Documentation System (**LIIDS**), I hereby declare that:

1.      Respondent in the above captioned matter is an alien, as that term is defined in 3 CMC §4303 (a);

2.      Respondent Labor and Immigration Identification Documentation System (LIIDS) indicates that Benjamin I. Santos is a citizen of the Republic of Philippines, with date of birth 02/02/78, was issued a ***Non-resident Worker's Entry Permit***, (706-K) number 164771.  A copy of the Labor and Immigration Identification System data printout is attached hereto and marked as " EXHIBIT A ".

3.      Respondent has been under surveillance since beginning of November 2004, after receiving information from an anonymous caller that the respondent is in violation,

of his conditions of entry, pursuant to *3 CMC §4340(e)*.

4.    Respondent was observed over the course of several surveillance operations between December 2004 and February 2005, to be operating a boat as a boat operator with tourist on board, a job category not authorized by CNMI law or Department of Labor, in violation of *3 CMC §4434(e)* (1).

*no specific Dates*

5.    Respondent was observed during the surveillance operations at between the period of 09:00 – 10:30 a.m. and at 14:00 – 16:30 p.m. operating an engine boat with a banana boat being towed.

6.    Respondent old job classification was a <u>COOK</u> on his non-residence affidavit, until he had an expiration transfer to Auto Marine Inc that his job classification changes to a Mechanic Helper.

7.    Further, the Respondent has become excludable pursuant to *3 CMC §4340(f)* to wit: Respondent was performing work for his employer, Auto Marine Inc., on an unapproved job classification by Department of Labor, which is in violation of *3 CMC §4437(e.*

8.    Respondent was also observed operating the tour vans with tourist on board been transported to and from Smiling Cove.

9.    I believe that it is necessary to arrest this Respondent and others similarly situated in the interest of public safety.

Based on the foregoing information, I submit that **Augusto I Santos,** have failed to comply with the terms and conditions of **his** entry and am therefore a deportable alien pursuant to Commonwealth law and regulation.

Executed this 9th day of February, 2005, at the **Division of Immigration Service, Enforcement Unit Office,** Commonwealth of the Northern Mariana Islands.


By: _____
      **Richard T. Lizama**
      **Immigration Investigator**


Reviewed By: _____
                  **Ian M. Catlett**
                  **Assistant Attorney General**


2

1   IAN M. CATLETT, Assistant Attorney General
2   OFFICE OF THE ATTORNEY GENERAL, Criminal Division
3   Commonwealth Of The No. Mariana Islands
4   Susupe, Saipan, MP 96950
5   Telephone (670) 664-2367\2368\2365
6   Fax (670) 234-7016
7   Attorneys for the Plaintiff
8
9
10                          IN THE SUPERIOR COURT
11                                  FOR THE
12          COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS
13
14   COMMONWEALTH OF THE              )    CRIMINAL CASE NO. 05- 0283E
15   NORTHERN MARIANA ISLANDS,        )    AGIU Case No. 05-0084
16                       Plaintiff,   )
17                                    )
18          vs.                       )    INFORMATION
19                                    )
20   ADONIS SANTOS                    )
21   D.O.B. 10/29/63                  )
22                       Defendant.   )
23

24   COUNT I: EMPLOYMENT OF ILLEGAL ALIENS

25          On or about January 3, 2005 to February 14, 2005, on Saipan, Commonwealth of the

26   Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien

27   Rolando Senoran, within the Commonwealth, while knowing that the alien does not have lawful

28   documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made

29   punishable by 3 CMC § 4361.

30

31   COUNT II: EMPLOYMENT OF ILLEGAL ALIENS

32          On or about January 3, 2005 to February 14, 2005, on Saipan, Commonwealth of the

33   Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien,

34   Augusto Santos, within the Commonwealth, while knowing that the alien does not have lawful

35   documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made

36   punishable by 3 CMC § 4361.

PLAINTIFF'S
EXHIBIT
20
tabbies

## COUNT III: EMPLOYMENT OF ILLEGAL ALIENS

On or about January 3, 2005, to February 14, 2005, on Saipan, Commonwealth of the Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien, Normandy Santos, within the Commonwealth, while knowing that the alien does not have lawful documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made punishable by 3 CMC § 4361.

## COUNT IV: EMPLOYMENT OF ILLEGAL ALIENS

On or about January 3, 2005, to February 14, 2005, on Saipan, Commonwealth of the Northern Mariana Islands, the defendant, Adonis Santos, did knowingly employ an alien, Benjamin Santos, within the Commonwealth, while knowing that the alien does not have lawful documentation and authority to be so employed, in violation of 3 CMC § 4361 (e), and made punishable by 3 CMC § 4361.

Dated this ____ day of September, 2005.

RESPECTFULLY SUBMITTED,

OFFICE OF THE ATTORNEY GENERAL
PAMELA BROWN, ATTORNEY GENERAL

By: _____

IAN M. CATLETT
Assistant Attorney General
Attorney for the Plaintiff