PUBLIC LAW NO. 5-32

H.B. NO. <u>5-88, COMMITTEE SUBSTITUTE,</u>
<u>H.D.1, S.D.2, C.D.1</u>

HOUSE OF REPRESENTATIVES

FIFTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE

SECOND REGULAR SESSION, 1987

AN ACT

TO AMEND VARIOUS SECTIONS OF THE NONRESIDENT WORKERS ACT (3 CMC SECTION 4411 et seq.), TO AMEND THE ENTRY AND DEPORTATION ACT OF 1983, AND FOR OTHER PURPOSES.

Offered by Representatives <u>Frank DLG. Camacho, Benigno R. Fitial,</u>

<u>Jose R. Lifoifoi, Juan S. Torres, Gregorio B. Sablan, William C. Ada,</u>

<u>Howard I. Macaranas and Victor B. Hocog</u>

Date: <u>February 27, 1986</u>

HOUSE ACTION

Referred to Committee on Resources and Development

Standing Committee Report No. 5-25

First Reading:      June 17, 1986

Second Reading:      July 23, 1986

Joint Conference Committee Report No. 5-1

Final Reading:  March 25, 1987

SENATE ACTION

Referred to Committee on Resources and Development

Standing Committee Report No. 5-61

Second and Final Reading:      September 18, 1986

Joint Conference Committee Report No. 5-1

Second and Final Reading:  March 25, 1987

FRANCES P. SABLAN
Chief Clerk
House of Representatives

PUBLIC LAW NO. 5-32

FIFTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE             HOUSE BILL NO. 5-88,
COMMITTEE SUBSTITUTE, H.D.1
S.D.2, C.D.1

SECOND REGULAR SESSION, 1986

-----------------------------------------------------------------------------
-----------------------------------------------------------------------------

AN ACT

To amend various sections of the Nonresident Workers Act (3 CMC
Section 4411 et seq.), to amend the Entry and Deportation Act of
1983, and for other purposes.

BE IT ENACTED BY THE FIFTH NORTHERN MARIANAS COMMONWEALTH LEGISLATURE:

1        Section 1.  Short Title.  This act may be cited as the Alien Labor

2    Act of 1986.

3        Section 2.  Purpose and Findings.

4            (a)  It is the intent of this act to provide stricter

5        enforcement, control and regulation of nonresident workers.  It

6        is further the intent of this act to require resident workers to

7        be at least 10% of every employer's management, supervisory and

8        non-supervisory work force, which is to be increased at least 2%

9        annually so that at the end of five years resident workers

10       comprise of at least 20% of every employers management,

11       supervisory and non-supervisory work force, to prohibit the

12       transfer of nonresident workers from one employer to another

13       except as provided by law, to control the issuance of temporary

14       work permits, to increase the job referral services provided to

15       resident workers and to establish a four year maximum time

16       period for non-resident worker to remain in the Commonwealth.

17       Nonresident workers and their nonresident dependents shall not

18       be eligible for permanent resident status.

19           (b)  The legislature finds that an important responsibility

20       of the Northern Marianas College is to offer programs appropriate

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

-----------------------------------------------------------------------
-----------------------------------------------------------------------

1       to the needs of the CNMI such as apprenticeship, vocational and

2       trade training.

3           (c)  The Commonwealth Government as an employer of

4       nonresident workers is exempted from paying the annual

5       application fee pursuant to Section 4424(a) of this Act.

6       Section 3.  Amendment.  3 CMC Section 4412 is amended to read as

7    follows:

8           (a)  The last sentence in subsection (i) is amended to

9       read:

10          "Nonresident worker shall not include any immediate

11      relative, spouse or children including legally adopted

12      children of a U.S. citizen or any foreign investor; and",

13          (b)  The following new definitions are added to read:

14          "(j)  'Job Classification'  means the job

15      classification described and listed as an occupational

16      group under the Dictionary of Occupational Titles.

17      Each time the words "job title" appear in 3 CMC,

18      Division 4, the words "job classification" shall be

19      substituted in its place.

20          (k)  'Occupational Category' means the nine

21      occupational categories listed under the Dictionary

22      of Occupational Titles issued by the US Department

23      of Labor, which includes the following:

24              (1)  Professional, Technical, or

25          Management Occupation;

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

------------------------------------------------------------------------
------------------------------------------------------------------------

1           (2)  Clerical and Sales Occupation;

2           (3)  Service Occupation;

3           (4)  Agricultural, Fisheries, Forestry

4      and Relative Occupation;

5           (5)  Processing Occupation;

6           (6)  Machine Trade Occupation;

7           (7)  Benchwork Occupation;

8           (8)  Structural Work Occupation; and

9           (9)  Miscellaneous Occupation.

10      (l)  'Management' job classification shall mean the

11      function of planning, organizing, coordinating, directing,

12      controlling, and supervising any industrial or business

13      project or activity with responsibility for results.

14      (m)  'Supervisory' job classification shall mean the

15      function to coordinate, direct, and inspect continuously

16      and at first hand the accomplishment of industrial or

17      business activity for ones employer."

18      (c)  Subsection (j) "Resident Workers" is relettered to read

19      (n).

20  Section 4.  A new Section 3 CMC 4414 is added to read as follows:

21      Section 4414.  Conflict of Interest.  No employee or official

22  of the Department of Commerce and Labor or Division of Immigration

23  and Naturalization, or his or her immediate relative as defined

24  in 3 CMC 4303(m), shall own or have an equity interest in an

25  employment agency or business engaged in recruiting or bringing

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

---

1    into the Commonwealth a nonresident worker.  As a transition

2    period, this Section shall become effective 90 days after the

3    effective date of this Act.

4    Section 5.  Repealer and Reenactment.  3 CMC Section 4421(b) is

5    repealed and reenacted to read as follows:

6        "(b)  Establish or recommend methods for alleviating

7        shortages of resident workers and reducing the need for

8        nonresident workers through such means as advising

9        residents, and residents graduating from the Northern

10        Marianas College or other training institution and making

11        job referrals and job placements into the private sector.

12        The term "graduate" includes those residents who have

13        successfully completed a certified apprenticeship,

14        vocational, or trade training program established or

15        sponsored by the Northern Marianas College or other

16        organization recognized by the College or the Western

17        Association of Schools and Colleges or other accredited

18        organization."

19    Section 6.  Repealer and Reenactment.  3 CMC Section 4422 is

20    repealed and reenacted to read as follows:

21        "Section 4422.  Statistical Data.  The Chief shall prepare

22        on an annual basis statistical data of all nonresident workers.

23        The data shall provide a breakdown by occupational categories,

24        job classifications, citizenship, and point of origin.  Copies

PUBLIC LAW NO. 5-32

H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

---
---

1    of the data shall be transmitted to the Northern Marianas College

2    and the Legislature."

3    Section 7.  Repealer and Reenactment.  3 CMC Section 4424 is

4  repealed and reenacted to read as follows:

5         "Section 4424.  Rules and Regulations.

6              (a)  The Director shall promulgate rules and

7         regulations to implement the intent of this Chapter

8         pursuant to the Administrative Procedure Act (commencing

9         at Section 9101 of Title 1 of this Code) including the

10        written delegation of the Director's duties as imposed

11        herein to employee(s) of the Division.  The Director shall

12        by regulation establish an annual fee of $75 for the

13        processing of the initial application and renewal of

14        nonresident workers certificates and a fee of $25 for

15        Immigration Services for processing of the initial

16        application and annual renewal of Immigration Entry Permit

17        for every immediate relative of the nonresident worker

18        issued by the Department, except that no fee may be charged

19        for registration or referral of resident workers.  All fees

20        for the initial application and annual renewals shall be

21        the responsibility of and shall be paid, without offset or

22        charge back to the nonresident worker, paid by the employer.

23        Calculation of periods for annual renewal of nonresident

24        worker or dependent certificates shall begin on the date

25        the nonresident worker or dependent arrives in the

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------
--------------------------------------------------------------------------

1           Commonwealth.  The Director may, by regulation, establish

2           renewal of certificates and immigration entry permits for

3           immediate relatives including letter renewal if no changes

4           in the information contained on the initial application of

5           the certificate or immigration entry permit has occured as

6           sworn to by the applicant under penalty of perjury.

7               (b)  All fees collected pursuant to Section 4424(a)

8           shall be deposited into a special fund to be known as the

9           "Commonwealth Nonresident Worker Fee Fund."  The Director

10          of Finance shall collect and direct all funds received for

11          the Fund into four separate accounts as set forth in (1)

12          below:

13              (1)  Except as provided in this subsection,

14              all of the fees collected shall be reserved and

15              placed into an account known as the Northern

16              Marianas College Apprenticeship, Vocational and

17              Trade Training Supplemental Account (the

18              "Apprenticeship Account").  An appropriation

19              from this account shall be used only to fund

20              apprenticeship, vocational, and trade training

21              programs conducted or sponsored by the Northern

22              Marianas College.  Of the fees collected,

23              $25,000 shall be reserved for Tinian and $25,000

24              shall be reserved for Rota which shall be used

25              for youth employment training programs on those

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

------------------------------------------------------------------------
------------------------------------------------------------------------

1        islands.  The Mayors of Tinian and Rota shall

2        have expenditure authority of these funds, and

3        who will, within 90 days after the end of each

4        fiscal year, report to the Governor and the

5        Legislature on the expenditure of such funds.

6        Additionally, of the fees collected, $60,000

7        shall be reserved for the Department of

8        Commerce and Labor for use in enforcing the

9        provisions of this Act and to help meet the

10       financial requirements and added work load

11       created hereby.  Funds reserved for Commerce and

12       Labor shall require Legislative appropriation

13       annually.   Funds provided for in this Subsection

14       shall not be subject to reprogramming.

15           (2)  The Northern Marianas College, prior

16       to expenditure of funds appropriated from the

17       Apprenticeship Account by the Legislature, shall

18       annually report to the Joint Senate and House

19       Fiscal Affairs and Appropriations Committees and

20       the Committee on Health, Education and Welfare

21       ("Joint Committees") on the details of the

22       apprenticeship, vocational, and trade training

23       programs funded by the funds from the

24       Apprenticeship Account.  Further, prior to

25       expenditure of any funds from the Apprenticeship

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

---------------------------------------------------------------------------
---------------------------------------------------------------------------

1           Account, the Joint Committees by majority vote,

2           shall approve on the details of the

3           apprenticeship, vocational, and training

4           programs as reported by the Northern Marianas

5           College.

6       Further, a detailed management and fiscal report shall be

7   submitted to the Legislature no later than 30 days following the

8   end of each fiscal year."

9   Section 8.  Amendment.  3 CMC Section 4434 is amended to read as

10  follows:

11          (a)  3 CMC Section 4434(a) is amended to read:

12              "(a)  Prior to entry of the nonresident worker into

13          the Commonwealth for employment under this Chapter or, if

14          the worker is already within the Commonwealth, before

15          commencing employment, the employer shall present to the

16          Chief the affidavit described in subdivision (b), a fully

17          executed employment contract between the employer and the

18          nonresident worker which shall conform to the requirements

19          of subdivision (c) and shall be contingent on:  (1)

20          approval by the Chief, (2)  the payment of the required

21          fee, and (3)  the disclosure of any other information or

22          document required pursuant to the employment agreement or

23          departmental regulations.  Approval by the Chief, as

24          required by this Section, is a review of the contract for

25          compliance with the provisions of this act.  Such review

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------
--------------------------------------------------------------------------

1          shall not subject the Chief or the Commonwealth government
2          to liability on the employment contract, even if the Chief
3          approves a contract which does not comply with all the
4          provisions of this act."
5      (b)  3 CMC Section 4434(b) is amended to add a new clause
6   to read as follows:
7              "(5)  If the affidavit of the nonresident
8          worker is not executed in the Commonwealth, it
9          shall be attested to under penalty of perjury
10         as true by the employee's employment recruitment
11         agency that shall be licensed to do business in
12         the Commonwealth."
13     (c)  3 CMC Section 4434(c) is relettered to read as (d).
14     (d)  A new subsection (c) is added to 3 CMC Section 4434,
15  to read as follows:
16             "(c)  The contract between the employer and the
17         nonresident worker shall include specific itemization
18         of any deductions from the employee's salary.  No
19         deductions may be levied against a nonresident worker
20         unless (1)  the expenses are specifically included in
21         the employment contract entered between the employer
22         and the nonresident worker and executed at the time
23         of and place of recruitment of the nonresident worker;
24         (2)  expenses incurred by the employer for room and
25         board are no more than the expenses actually incurred

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

_____
_____

1           by the employer in providing such benefits; and,

2           (3)  deductions of such expenses from employees

3           compensation is not in violation of any applicable

4           Federal or Commonwealth law or regulation promulgated

5           by the Director."

6           (e)  New subsections (e), (f), (g) and (h) are added to

7       read as follows:

8           "(e)  The Chief shall not approve Nonresident

9           Worker Certificates for the following job

10          classifications:  retail trade clerk or sales clerk,

11          clerk typist, data entry clerk, taxi cab driver,

12          secretary, retail trade cashier, bookkeeper,

13          accounting clerk, messenger, hotel front desk clerk,

14          janitor, security guard, receptionist, custodian,

15          surface tour boat operator, tour guide, bus driver,

16          including tour bus driver, telephone switchboard

17          operator, and any position for employment with the

18          Commonwealth Government except for the Department of

19          Education or the Department of Public Health and

20          Environmental Services and, as may be required, by

21          the Marianas Visitors Bureau for a language

22          interpretor. PROVIDED, that the certificate of any

23          nonresident worker already in the Commonwealth on

24          the effective date of this subsection may be renewed

25          or reissued for a period of not more than one year.

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

1          In addition to the foregoing job classifications

2          the Legislature may by law add additional job

3          classifications as it deems necessary.  Further,

4          provided, that the Director, or his designated

5          representative, shall insure that job classifications

6          established by the employer, together with occupational

7          qualifications and experience are reasonable for the

8          position being applied for and in the event the Director

9          or his designated representative determines that such

10         job classification or occupational qualification or

11         experience is not reasonable for such position, the

12         Nonresident Worker Certificate shall not be approved.

13              (f)  Notwithstanding 1 CMC Section 9112 no civil

14         action may be brought by a non-resident worker after

15         the effective date of this Act against an employer for

16         violation of the Minimum Wage and Hour Act (4 CMC 9211

17         et seq.) and/or the Non-resident Workers Act (3 CMC

18         4411 et seq.)  unless the non-resident worker has

19         first filed a written complaint concerning those

20         violations with the Chief of Labor no later than

21         30 days after the violation is alleged to have

22         occurred.  Said civil action, if any, shall be

23         commenced in any court only after the Director or

24         his designee, after a hearing, has issued a decision

25         on the complaint favorable to the non-resident worker

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

------------------------------------------------------------------------------
------------------------------------------------------------------------------

1       and the employer fails or refuses to pay any

2       assessment made by the Director within ten days

3       after receiving notification of the Director's

4       decision, the entire sum of money that the decision

5       says is owed by the employer to the employee.  Such

6       payment shall be made through the Director.

7           A non-resident worker who has left his or her

8       employment whose contract of employment has expired,

9       or who is no longer employed by the employer approved

10      by the Chief, shall not be permitted to remain in the

11      Commonwealth.  Except that, a nonresident worker

12      shall be allowed to remain in the Commonwealth for a

13      period not to exceed 20 days in order to pursue a

14      civil action against his or her employer for a

15      breach of their employment contract, other civil or

16      criminal claims, or to pursue violations of any

17      Commonwealth or Federal labor law.  Provided, however,

18      for a claim made against an employer for failure to

19      pay the contract wages, a nonresident worker shall

20      only be allowed to remain in the Commonwealth for a

21      period of 30 days in order to pursue such action

22      where a timely claim is made for failure to pay the

23      contract wages and where the employer fails or

24      refuses to pay the full sum of money as ordered

25      by the Director within the ten day period provided

PUBLIC LAW NO. 5-32

H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------

--------------------------------------------------------------------------

1    by this subsection.  A non-resident worker who has

2    left the Commonwealth shall be allowed to return no

3    sooner than five days before their scheduled trial

4    date in the Commonwealth Trial Court or Federal

5    Court.  Such person will be required to exit the

6    Commonwealth within three days after the termination

7    of the trial, or any continuances thereof.

8        (g)  Issuance of Nonresident Workers Certificates

9    for waitresses, excluding restaurants or coffee shops,

10    shall be limited to 15 waitresses or hostess per

11    employer for the Islands of Rota and Tinian and 10

12    waitresses or hostess per employer for the Island of

13    Saipan.  The number waitresses or hostess shall be

14    certified under penalty of perjury by the employer."

15    Section 9.  Repealer.  3 CMC Sections 4436 and 4437(b)(1) and (2)

16    are hereby repealed.

17    Section 10.  A new 3 CMC Section 4436 shall be enacted on January 1,

18    1987 to read as follows:

19        "Section 4436.  Preconditions for Employment of Nonresident

20    Workers.

21        (a)  No Nonresident Worker Certificates shall be

22    issued or renewed for an employer (other than a

23    construction company or agricultural employers), unless

24    the employer or one of the employer's officers swears

25    under penalty of perjury that at least 10 percent

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

---

1      ("minimum percentage") of the employer's fulltime work

2      force in the Commonwealth is comprised of resident

3      workers and that this minimum percentage has increased

4      at least at the rate of 2% per year until such time

5      that resident workers comprise of 20% of the employers

6      work force together with a sworn affidavit made under

7      penalty of perjury listing the names, addresses,

8      telephone numbers, (if any) and the position applied

9      for by citizens or permanent residents of the United

10     States.  Employers employing less than five but more

11     than one employee shall employ at least one fulltime

12     resident worker.

13         (b)  No employer shall employ a nonresident worker

14     in the Commonwealth, unless at all times the employer

15     pays its workers their full wages at least bi-weekly in

16     United States dollars in cash together with a receipt

17     with which to verify wages, hours and deductions or in

18     checks that can be cashed by the workers in the

19     Commonwealth."

20    Section 11.  Amendment.  3 CMC Section 4437 is amended to add the

21 following new subsection (f) to read as follows:

22         (a)  3 CMC Section 4437(f) is amended to read:

23         "(f)  A nonresident worker shall not be permitted

24     to remain in the Commonwealth for more than four years

25     without exiting and remaining outside the Commonwealth

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

------------------------------------------------------------------------
------------------------------------------------------------------------

1          for a period of at least 36 months, nor to perform

2          services or labor within the Commonwealth for any

3          employer other than the employer for whom the Chief

4          has approved an employment contract with such worker,

5          nor may he perform any services or labor except as

6          classified at the time of the original employment

7          contract."

8          (b)  3 CMC Section 4437 is amended to add a new subsection

9     (i) to read:

10          "(i)  No nonresident worker whose first entry

11          into the Commonwealth for purposes of employment occurs

12          after the effective date of this Act shall have a

13          financial interest in or operate or engage in any

14          business or become an employer."

15          (c)  3 CMC Section 4437 is amended to add a new subsection

16     (j) to read:

17          "(j)  Immediate relatives of nonresident workers

18          shall not be issued immediate relative entry permits

19          unless the nonresident worker is paid an annual wage

20          or salary of more than $20,000 and posts with the Chief

21          of Immigration a bond or other surety guaranteeing the

22          repatriation of the family members for whom the

23          nonresident worker seeks entry.  PROVIDED, however, the

24          income requirement of this subsection shall not apply

25          for a period of not more than one year to nonresident

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

---

1        workers whose immediate relatives were already in

2        the Commonwealth on the effective date hereof."

3            (d)  3 CMC Section 4437 is amended to add a new subsection

4    (k) to read:

5                "(k)  The Director shall require that no

6        application for renewal of a nonresident worker

7        certificate be issued, unless, the employer

8        submits evidence of payment of the monthly

9        Employees Withholding Taxes and Quarterly Gross

10       Revenue Taxes and attach a copy of the employee's

11       1040 tax form."

12           (e)  3 CMC Section 4437 is amended to add a new subsection

13   (l) to read:

14               "(l)  The Director shall cancel the certificate

15       of a nonresident worker if the Director determines

16       that a job position was advertised at a lower

17       specified rate of pay but a nonresident worker is

18       actually being paid a higher rate of pay subsequent

19       to the nonresident worker certificate being issued."

20           (f)  3 CMC Section 4437 is amended to add a new subsection

21   (m) to read:

22               "(m)  It shall be unlawful for an employer to

23       hire or employ a person who is not lawfully in the

24       Commonwealth or if such person is a nonresident worker

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------
--------------------------------------------------------------------------

1            if such nonresident worker's contract has not been

2            approved by the Chief."

3       Section 12.  Amendment.  3 CMC Section 4438 subsection (b) is

4   amended to add a provision at the end thereof to read as follows:

5            "Any non-resident worker or immediate family member who

6       fails to comply with this section shall be subject to immediate

7       deportation to the point of origin.  All costs of repatriation

8       of the nonresident worker shall be the responsibility of the

9       employer."

10      Section 13.  Amendment.  3 CMC Section 4444(e)(4) is amended to add

11  a new provision at the end thereof to read as follows:

12           "Provided, that if any employer has been found to be in

13      violation of this act by the Director after conducting an

14      administrative hearing on two or more occasions such employer

15      shall be subject to, in addition to any penalty pursuant to

16      3 CMC 4447(e), a fine not to exceed $2,000 for every additional

17      violation."

18      Section 14.  Repealer and Reenactment.  3 CMC Section 4447(b) is

19  repealed and reenacted to read as follows:

20           (a)  3 CMC Section 4447(b) is repealed and amended as

21      follows:

22               "(b)  Any nonresident worker who is aggrieved by

23           the failure or refusal of his employer to comply with

24           the employment contract may make a complaint to the

25           Chief.  The Chief or his designee shall conduct an

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

---------------------------------------------------------------------------
---------------------------------------------------------------------------

1           investigation under Section 4441, take any action

2           under Section 4444, and shall make a written

3           determination in writing within 30 days of the filing

4           of the complaint.  Any appeal from the determination

5           shall be made under Section 4445; Provided, that the

6           Director or his designee shall not take longer than

7           15 working days to render a decision on any appeal

8           that is made to him.  If the Director determines

9           that the employee is at fault and denies the relief

10          requested by the employee in his complaint, the

11          then present employer shall be liable for the health,

12          safety, and welfare of the employee in the

13          Commonwealth, pending the employee's repatriation as

14          the Director may order.  Repatriation cost shall be

15          the responsibility of the last employer employing a

16          nonresident worker in the Commonwealth."

17      (b)  A new subsection (f) is added to 3 CMC Section 4447

18  to read:

19          "(f)  A nonresident worker shall not file suit

20          to terminate his or her employment contract unless

21          an unsuccessful good faith attempt has been made with

22          the Chief to settle the dispute the worker has with

23          the employer.  Similarly, an employer shall not file

24          suit to terminate its employment contract with a

25          nonresident worker unless an unsuccessful good faith

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

------------------------------------------------------------------------
------------------------------------------------------------------------

1           attempt has been made to settle any dispute the

2           employer has with the nonresident worker."

3           (c)  A new subsection (g) is added to 3 CMC Section 4447

4       to read:

5               "(g)  It shall be unlawful and grounds for

6           immediate deportation for any non-resident worker

7           who after having filed a grievance as provided for

8           in 3 CMC Section 4447(b) to perform services or labor

9           for any employer other than that employer with whom

10          he or she has an approved contract of employment."

11      Section 15.  Amendment.  The second sentence of 3 CMC 4321(c) is

12  amended to read as follows:

13          "As provided in the Nonresident Workers Act, as amended,

14          immediate relatives of nonresident workers may enter and remain

15          in the Commonwealth for such duration as the nonresident worker

16          is legally employed in the Commonwealth, provided that such

17          immediate relative status existed prior to the entry of the

18          nonresident worker."

19      Section 16.  Amendment.  3 CMC 4332 (b)(2), (3) and (4) is amended

20  to read as follows:

21          "(2)  The Chief upon application of an alien may, pursuant

22          to regulation, extend or renew the length of stay of an alien

23          provided such extension is applied for at least 30 days prior

24          to the expiration of the current permit.

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

1        (3)  An entry permit required to be based on the

2    certification of the Department of Commerce and Labor, or

3    other Commonwealth Agency, shall be issued only for the period

4    indicated in the required certification.  Any extension or

5    renewal of such entry permit shall likewise be granted only

6    for such period as the Department of Commerce and Labor or

7    other Commonwealth Agency shall have certified.

8        (4)  No entry permit shall be modified, nor shall a

9    nonresident worker certificate shall be issued, which would

10   permit a person who has entered the Commonwealth as a visitor

11   or tourist to be employed in the Commonwealth."

12   Section 17.  Amendment.  The following paragraph is added to 3 CMC

13   4346.

14       "(c)  Notwithstanding the other provisions of this Act,

15   any alien who by the certification of the Director of Public

16   Health and Environmental Services is deemed to carry a

17   communicable disease or disease which may pose a health hazard

18   to any other person shall be subject to immediate deportation.

19   Upon receipt of such certification from the Director of Public

20   Health and Environmental Services, the Chief of Immmigration

21   shall cause such alien to be deported to the country of his or

22   her origin."

23   Section 18.  Valid Passport Required.  Section 17 of Public Law

24   3-105 is amended to add new subsections (i) and (j) to read as follows:

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

--------------------------------------------------------------------------------
--------------------------------------------------------------------------------

1      "(i)  The failure of any alien to maintain a current

2      passport during the times the alien is in the Commonwealth

3      shall be grounds for immediate deportation.

4      (j)  The Chief of Immigration shall implement procedures

5      to insure compliance with this section."

6      Section 19.  Repealer and Reenactment.  3 CMC 4447(d) is repealed

7  and reenacted as follows:

8      "(d)  In any action taken directly by, or on behalf of a

9      non-resident worker notwithstanding any other remedies that

10     may apply, the worker that prevails in such action shall

11     recover unpaid wages and overtime compensation, an additional

12     equal amount as liquidated damages and court costs.  In all

13     cases the Court shall as part of the judgment render a finding

14     as to the merits of the action. The filing of an action which

15     is determined by the Court to be unfounded or without merit

16     shall be considered a material breach of contract and shall

17     prevent reentry into the Commonwealth by the nonresident

18     worker in the event the nonresident attempts reentry into

19     the Commonwealth within five years from the date of the

20     Court's decision.  Any employer who violates the provisions

21     of this Act, or breaches an employment contract with a

22     nonresident worker, in addition to any other damages which

23     may be awarded the non-resident worker by the court, shall

24     be awarded reasonable attorney fees.  However, attorney

25     fees shall not be recoverable against the Commonwealth."

PUBLIC LAW NO. 5-32
H.B. No. 5-88, Committee Substitute, H.D.1, S.D.2, C.D.1

----------------------------------------------------------------------
----------------------------------------------------------------------

1       Section 21.  Severability.  If any provision of this act, or of any

2    regulation or order issued under this act, or the application of such

3    provision, regulation, or order to any person or circumstance, shall be

4    held invalid by a court of competent jurisdiction, the remainder of this

5    act, or of such regulation or order, or the application of such provision,

6    regulation, or order to persons or circumstances other than those to which

7    it is held invalid, shall not be affected thereby.

8       Section 22.  Effective Date.  The provisions of this Act shall take

9    effect 90 days after its approval by the Governor or after its becoming

10   law without such approval.


                                                    ATTEST:


--------------------------------              ----------------------------
      JOSE R. LIFOIFOI                              FRANCES P. SABLAN
    Speaker of the House                               House Clerk


                              ----------------------------------, 1987


                    --------------------------------------------
                      PEDRO P. TENORIO
                      Governor
                      Commonwealth of the Northern Mariana Islands