FILED
Clerk
District Court

OCT - 2 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., et. al., | Case No. CV-05-0042 |
| Plaintiffs, | |
| vs. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| ANTONIO SABLAN, et. al, | |
| Defendants. | |

## I. INTRODUCTION

This case challenges the constitutionality of and application of 3 CMC § 4434(e)(1) on its face and as applied to the plaintiffs. Section 4434(e)(1) provides that "[t]he Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator."

## II. FINDINGS OF FACT

**BY STIPULATION** of the parties, **THE COURT** incorporates the parties' Stipulated Facts, No. 44 (Sept. 17, 2007), except that paragraph 40 shall state: "At all times relevant herein, Auto Marine operated it vessels in waters over the submerged lands in or around the Commonwealth of the Northern Mariana Islands."

## III. CONCLUSIONS OF LAW

1. The court has original jurisdiction pursuant to 28 U.S.C. § 1331.

2. When challenging the statute upon its face, "the challenger must establish that no set of

circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). When challenging the statute as applied to this case, the challenger must establish that "the [statute], by its own terms, infringed constitutional freedoms in the circumstances of the particular case." *United States v. Christian Echoes Ministry*, 404 U.S. 561, 565 (1972).

3. The Fourteenth Amendment applies to the Commonwealth of the Northern Mariana Islands ("Commonwealth") "as if the Northern Mariana Islands were one of the several states." Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant") § 501, 48 U.S.C. § 1801 (1993); *Sagana v. Tenorio*, 384 F.3d 731, 739 (9th Cir. 2004).

4. While "the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways[,]" *Reed v. Reed*, 404 U.S. 71, 75 (1971), "[t]he Equal Protection Clause of that Amendment does [] deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute," *id.*

5. "Equal protection claims are considered under a two-step analysis. First, [the plaintiff] must show that the statute in question 'results in members of a certain group being treated differently from other persons based on membership in that group.'" *Sagana*, 384 F.3d at 740.

6. In general, the Nonresident Workers Act ("NRWA") creates a preference scheme whereby a prospective employer must attempt to employ a resident worker before obtaining permission to employ a nonresident worker. See *id.* at 734-35 for a general description of the NRWA.

7. The exception to the preference scheme is Title 3, Commonwealth Code § 4434(e)(1), which provides that "[t]he Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator." Thus, under 3 CMC § 4434(e)(1), nonresident workers are completely excluded from working in certain job classifications.

8. It is uncontested that the NRWA is a discriminatory statute treating nonresidents differently from residents and citizens.

9. "In the second step, [the] court assesses the legitimacy of a discriminatory statute under the appropriate level of scrutiny." *Sagana*, 384 F.3d at 740-41. While the parties disagree on the level of judicial scrutiny that must be applied to this case, the court finds that under both the rational basis and intermediate level of scrutiny, the statute does not survive the plaintiff's equal protection challenge. *See Id.* at 741 (declining to decide whether intermediate scrutiny or rational basis applied).

10. Under the rational basis test, "[a] classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920).

11. The government did not provide any rationale as to how § 4434(e)(1) has a fair and substantial relation to the purpose of the NRWA. As stated in *Sagana*, 384 F.3d at 741, the purpose of the NRWA as a whole is to provide "a balanced and stable economy in the Commonwealth" by providing residents a preference in employment, to uplift the stagnant Commonwealth economy by providing temporary alien labor, to prevent the impairment of wages and working conditions of resident workers due to the availability of temporary alien labor, and to provide "enforcement, control and regulation of nonresident workers[,]" § 4411(b). These are reasonable and important purposes. *See Sagana*, 384 F.3d at 741.

12. Section 4434(e)(1) does not provide a preference to resident workers; rather, it completely forecloses nonresident workers from employment in specific job classifications.

13. Section 4434(e)(1) does not does not create temporary alien labor because it completely eliminates the availability of temporary alien labor in the specific job classifications.

14. Section 4434(e)(1) does not prevent the impairment of wages and working conditions of resident workers due to the availability of temporary alien labor because it does not create temporary

alien labor in the specific job classifications.

15. Furthermore, the government provides no basis why the government has any interest in preventing all nonresident workers from working in the specific job classifications.

16. The government provides no basis why the government has any interest in preventing employers from hiring a qualified nonresident worker in the specific job classifications if there are no available qualified resident workers to fill those positions.

17. The government provides no basis why the government has an interest in requiring employers to keep positions unfilled in the event that no qualified resident worker is willing and able to take those positions.

18. The government provides no basis for why the government has an interest in singling out these specific job classifications from all other jobs in the Northern Mariana Islands.

**THEREFORE,** the court concludes that the government failed to provide any rational basis why nonresident workers should be completely foreclosed from being employed in these specific job classifications. Accordingly, the court finds that it need not consider whether any heightened level of scrutiny applies and finds in favor of the plaintiffs on claim 1.

**FURTHERMORE,** due to the court's ruling on claim 1, the court need not consider claim 2.

**IT IS SO ORDERED.**

**DATED** this 2nd day of October, 2007.

_____
ALEX R. MUNSON
U.S. District Court Chief Judge