FILED
Clerk
District Court

NOV -2 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

MATTHEW T. GREGORY # F0205
Attorney General
GREGORY BAKA # F0199
Deputy Attorney General
OFFICE OF THE ATTORNEY GENERAL
Hon. Juan A. Sablan Memorial Bldg., 2nd Fl.
Caller Box 10007, Capital Hill
Saipan, MP 96950-8907
Telephone:  (670) 664-2341
Fax:        (670) 664-2349
E-mail:     gbaka79@yahoo.com

Attorneys for Defendant-Appellants
Antonio Sablan, Mel Grey, and Richard T. Lizama

UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., ROLANDO SENORAN, BENJAMIN T. SANTOS, AUGUSTO SANTOS and NORMANDY SANTOS,<br><br>     Plaintiff-Appellees,<br><br>vs.<br><br>ANTONIO SABLAN, MEL GREY in his official capacity as Acting Director of Immigration, and RICHARD T. LIZAMA, personally and in his official capacity,<br><br>     Defendant-Appellants. | CIVIL ACTION NO. 05-0042<br><br><br><br><br><br><br><br>**NOTICE OF APPEAL;**<br>**CERTIFICATE OF SERVICE** |

**NOTICE IS HEREBY GIVEN** that Antonio Sablan, Mel Grey, and Richard T. Lizama, who are all the defendants in the above named case, hereby appeal to the United States Court of Appeals for the Ninth Circuit from the amended judgment entered in this

1  action on Friday, 5 October 2007; from the findings of fact and conclusions of law
2  entered in this action on Tuesday, 2 October 2007; and from an order denying
3  Defendants' motion to dismiss entered in this action on Thursday, 12 July 2007.
4
5      Respectfully submitted,
6                                  OFFICE OF THE ATTORNEY GENERAL
7                                  MATTHEW T. GREGORY # F0205
8                                  Attorney General
9  Dated: Friday, 2 November 2007.    *Gregory Baka*
10                                 GREGORY BAKA # F0199
                                         Deputy Attorney General
11                                 Attorneys for Defendant-Appellants
                                         Antonio Sablan, Mel Grey, and
12                                          Richard T. Lizama
13
14
15
16
17
18
19
20
21
22
23
24
25 n:\ . . . \gbaka\civil\immigration\Auto Marine v. Lizama\notice.of.appeal.svc.pld.wpd

# CERTIFICATE OF SERVICE

Pursuant to Federal Rule of Appellate Procedure 25(d) and Federal Rules of Civil Procedure 4(c)(2) and 5(b) & (d) the undersigned declarant states as follows:

1. I am eighteen years of age or older, and I certify that I caused to be served the following documents to the last known address(es) listed below on the date(s) indicated.

   **NOTICE OF APPEAL; AMENDED ENTRY OF JUDGMENT (D.N.M.I. Oct. 5, 2007) FINDINGS OF FACT AND CONCLUSIONS OF LAW (D.N.M.I. Oct. 2, 2007); ORDER DENYING MOTION TO DISMISS (D.N.M.I. July 12, 2007); REPRESENTATION STATEMENT; CIVIL APPEALS DOCKETING STATEMENT; CERTIFICATE OF SERVICE**

2. As set forth below, this service was accomplished by personal delivery; U.S. Mail; deposit with Clerk of Court (in attorney box), <u>cf.</u> Fed. R. Civ. P. 5(b)(2)(D); or electronic service, <u>see</u> Local Rule 5.1.

| | |
|---|---|
| G. Anthony Long, Esq.  # F0162<br>Beach Road, Oleai<br>P. O. Box 504970<br>Saipan, MP  96950-4970 | Attorney for Plaintiffs<br>Tel:  (670) 235-4802<br>Fax:  (670) 235-4801<br>E-mail:  logalaw@gmail.com, gal@nmilaw.com<br>**Via Personal Delivery & Electronic Service** |

3. I declare under penalty of perjury that the foregoing is true and correct. Executed on Friday, 2 November 2007.

*Gregory Baka* (signature)

Deputy Attorney General
Attorney for Defendant-Appellants
Antonio Sablan, Mel Grey, and
Richard T. Lizama

3

```
                                              F I L E D
                                                 Clerk
                                             District Court

                                              OCT - 5 2007

                                       For The Northern Mariana Islands
                                       By_____
                                                (Deputy Clerk)
```

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., et. al., | Case No. CV-05-0042 |
| Plaintiffs, | |
| vs. | **AMENDED ENTRY OF JUDGMENT** |
| ANTONIO SABLAN, et. al, | |
| Defendants. | |

The court, having rendered a verdict in favor of the plaintiff on their first claim; it is now, therefore, **DECLARED** that 3 CMC § 4434(e)(1) is unconstitutional. Accordingly, defendant Grey, in his official capacity, and anyone else including his successors, are permanently enjoined from enforcing 3 CMC § 4434(e)(1).

**IT IS SO ORDERED.**

**DATED** this 5th day of October, 2007.

                                            _____
                                              ALEX R. MUNSON
                                           U.S. District Court Chief Judge

F I L E D
Clerk
District Court

OCT - 2 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| AUTO MARINE, INC., et. al., | Case No. CV-05-0042 |
| Plaintiffs, | |
| vs. | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| ANTONIO SABLAN, et. al, | |
| Defendants. | |

## I. INTRODUCTION

This case challenges the constitutionality of and application of 3 CMC § 4434(e)(1) on its face and as applied to the plaintiffs. Section 4434(e)(1) provides that "[t]he Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator."

## II. FINDINGS OF FACT

**BY STIPULATION** of the parties, **THE COURT** incorporates the parties' Stipulated Facts, No. 44 (Sept. 17, 2007), except that paragraph 40 shall state: "At all times relevant herein, Auto Marine operated it vessels in waters over the submerged lands in or around the Commonwealth of the Northern Mariana Islands."

## III. CONCLUSIONS OF LAW

1. The court has original jurisdiction pursuant to 28 U.S.C. § 1331.

2. When challenging the statute upon its face, "the challenger must establish that no set of

circumstances exists under which the [statute] would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987). When challenging the statute as applied to this case, the challenger must establish that "the [statute], by its own terms, infringed constitutional freedoms in the circumstances of the particular case." *United States v. Christian Echoes Ministry*, 404 U.S. 561, 565 (1972).

3. The Fourteenth Amendment applies to the Commonwealth of the Northern Mariana Islands ("Commonwealth") "as if the Northern Mariana Islands were one of the several states." Covenant to Establish a Commonwealth of the Northern Mariana Islands in Political Union with the United States of America ("Covenant") § 501, 48 U.S.C. § 1801 (1993); *Sagana v. Tenorio*, 384 F.3d 731, 739 (9th Cir. 2004).

4. While "the Fourteenth Amendment does not deny to States the power to treat different classes of persons in different ways[,]" *Reed v. Reed*, 404 U.S. 71, 75 (1971), "[t]he Equal Protection Clause of that Amendment does [] deny to States the power to legislate that different treatment be accorded to persons placed by a statute into different classes on the basis of criteria wholly unrelated to the objective of that statute," *id.*

5. "Equal protection claims are considered under a two-step analysis. First, [the plaintiff] must show that the statute in question 'results in members of a certain group being treated differently from other persons based on membership in that group.'" *Sagana*, 384 F.3d at 740.

6. In general, the Nonresident Workers Act ("NRWA") creates a preference scheme whereby a prospective employer must attempt to employ a resident worker before obtaining permission to employ a nonresident worker. See *id.* at 734-35 for a general description of the NRWA.

7. The exception to the preference scheme is Title 3, Commonwealth Code § 4434(e)(1), which provides that "[t]he Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator." Thus, under 3 CMC § 4434(e)(1), nonresident workers are completely excluded from working in certain job classifications.

8. It is uncontested that the NRWA is a discriminatory statute treating nonresidents differently from residents and citizens.

9. "In the second step, [the] court assesses the legitimacy of a discriminatory statute under the appropriate level of scrutiny." *Sagana*, 384 F.3d at 740-41. While the parties disagree on the level of judicial scrutiny that must be applied to this case, the court finds that under both the rational basis and intermediate level of scrutiny, the statute does not survive the plaintiff's equal protection challenge. *See Id.* at 741 (declining to decide whether intermediate scrutiny or rational basis applied).

10. Under the rational basis test, "[a] classification 'must be reasonable, not arbitrary, and must rest upon some ground of difference having a fair and substantial relation to the object of the legislation, so that all persons similarly circumstanced shall be treated alike.'" *Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920).

11. The government did not provide any rationale as to how § 4434(e)(1) has a fair and substantial relation to the purpose of the NRWA. As stated in *Sagana*, 384 F.3d at 741, the purpose of the NRWA as a whole is to provide "a balanced and stable economy in the Commonwealth" by providing residents a preference in employment, to uplift the stagnant Commonwealth economy by providing temporary alien labor, to prevent the impairment of wages and working conditions of resident workers due to the availability of temporary alien labor, and to provide "enforcement, control and regulation of nonresident workers[,]" § 4411(b). These are reasonable and important purposes. *See Sagana*, 384 F.3d at 741.

12. Section 4434(e)(1) does not provide a preference to resident workers; rather, it completely forecloses nonresident workers from employment in specific job classifications.

13. Section 4434(e)(1) does not does not create temporary alien labor because it completely eliminates the availability of temporary alien labor in the specific job classifications.

14. Section 4434(e)(1) does not prevent the impairment of wages and working conditions of resident workers due to the availability of temporary alien labor because it does not create temporary

3

alien labor in the specific job classifications.

15. Furthermore, the government provides no basis why the government has any interest in preventing all nonresident workers from working in the specific job classifications.

16. The government provides no basis why the government has any interest in preventing employers from hiring a qualified nonresident worker in the specific job classifications if there are no available qualified resident workers to fill those positions.

17. The government provides no basis why the government has an interest in requiring employers to keep positions unfilled in the event that no qualified resident worker is willing and able to take those positions.

18. The government provides no basis for why the government has an interest in singling out these specific job classifications from all other jobs in the Northern Mariana Islands.

**THEREFORE,** the court concludes that the government failed to provide any rational basis why nonresident workers should be completely foreclosed from being employed in these specific job classifications. Accordingly, the court finds that it need not consider whether any heightened level of scrutiny applies and finds in favor of the plaintiffs on claim 1.

**FURTHERMORE,** due to the court's ruling on claim 1, the court need not consider claim 2.

**IT IS SO ORDERED.**

**DATED** this 2nd day of October, 2007.

_____
ALEX R. MUNSON
U.S. District Court Chief Judge

FILED
Clerk
District Court

JUL 12 2007

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN MARIANA ISLANDS

| AUTO MARINE, INC., et. al., | Case No. CV-05-0042 |
|---|---|
| Plaintiffs, | **ORDER DENYING MOTION TO DISMISS** |
| vs. | |
| ANTONIO SABLAN, et. al., | |
| Defendants. | |

This matter came before the court on July 12, 2007, on the defendant's motion to dismiss. Attorney G. Anthony Long appeared on behalf of the plaintiffs; attorney Gregory Baka appeared on behalf of the defendants.

**THE COURT**, having considered the arguments of the parties,[1] **DENIES** the defendants' motion to dismiss the plaintiffs' first and second claims.

Under Federal Rule of Civil Procedure 12(b)(6), "[a] complaint should not be dismissed . . . 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."

//

//

---

[1] The court stated during the hearing that it would not receive the defendant's reply memorandum that was filed that day as it was untimely.

The plaintiff's first and second claims requests declaratory and injunctive relief to preclude enforcement of 3 CMC § 4434(e)(1). Section 4434(e)(1) states that:

> The Director of Labor shall not approve nonresident worker certificates for the following job classifications: taxi cab driver, secretary, bookkeeper, accounting clerk, messenger, receptionist, surface tour boat operator, bus driver, including tour bus driver, and telephone switchboard operator.

Accordingly, this section mandates that the Director of Labor shall not approve certain nonresident worker certificates and does not create any liability or responsibility on the part of the plaintiffs. The fact that the Director of Labor may have approved certain nonresident worker certificates in defiance of this section should not make the plaintiffs liable or responsible for the actions of the Director of Labor. Thus, the facts as stated in the complaint support the plaintiffs' entitlement to relief. The defendants' motion to dismiss is **DENIED**.

**IT IS SO ORDERED.**

DATED this ____12th____ day of July, 2007.

*/s/ Alex R. Munson*

ALEX R. MUNSON
U.S. District Court Chief Judge